UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>AMAZON WEB SERVICES, INC., and AMAZON.COM, INC.,<br><br>       Defendants. | No. 2:21-cv-270<br><br>DEFENDANTS' NOTICE OF REMOVAL<br><br>King County Superior Court<br>Case No. 21-2-02856-6 SEA |

TO:          Clerk, United States District Court for the Western District of Washington;

AND TO:   Parler LLC

Defendants Amazon Web Services, Inc. ("AWS") and Amazon.com, Inc. remove this case, originally filed in the Superior Court of the State of Washington for King County under case number 21-2-02856-6 SEA, to the United States District Court for the Western District of Washington at Seattle. Defendants remove this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds described below.

## I.     INTRODUCTION

Parler's state court complaint is an extreme attempt to forum shop. After suffering an unequivocal defeat on its motion for preliminary injunction before this Court and then agreeing to amend its federal court complaint, Parler instead dismissed the federal complaint and filed a new complaint in state court involving the same nucleus of facts. This gamesmanship is nothing more than a transparent effort to evade this Court's dim view of the merits of Parler's claims.

NOTICE OF REMOVAL - 1
(2:21-cv-270)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

But Parler's scheme is futile. The parties are diverse, the amount in controversy exceeds $75,000, and thus Defendants file this notice of removal of this case back to federal court.

## II.     STATEMENT OF FACTS

1.    Parler initially filed suit in this Court on January 11, 2021. Case No. 2:21-cv-31-BJR Dkt. 1. Attached as **Exhibit 1** is a true and correct copy of the complaint in that action ("Federal Complaint").

2.    On January 21, 2021, Judge Rothstein denied Parler's motion for preliminary injunction, finding Parler had failed to show a likelihood of prevailing on its claims, including its claim that AWS breached the parties' contract by allegedly terminating the contract without sufficient notice. In particular, the Court found Parler "has not denied that … [it] was in violation of [its] Agreement" with AWS, *id.* at 9, and had "failed to demonstrate the likelihood that AWS breached the CSA" because "the evidence at this point suggests that AWS's termination … was in response to Parler's material breach," *id.* at 10. Attached as **Exhibit 2** is a true and correct copy of Judge Rothstein's order (the "Federal Order") (Case No. 2:21-cv-31-BJR Dkt. 34).

3.    Parler has not served Defendants in the State Action.

4.    After receiving the order denying its request for preliminary injunction, Parler informed AWS that it intended to amend the Federal Complaint. Parler asked AWS to stipulate to allow Parler to file the amendment by February 16, 2021, and accordingly, AWS agreed not to respond to the Federal Complaint. The stipulation was entered January 28, 2021. *See* W.D. Wash. Case No. 2:21-cv-31-BJR, Dkt. 38 (Joint Stipulation for Amendment and Response Schedule) (attached as **Exhibit 3**). On February 15, 2021, Parler's counsel contacted AWS's counsel, asking for additional time to file its amended complaint. AWS agreed, and Parler and AWS stipulated that Parler would file the amended complaint by March 2, 2021. *See* W.D. Wash. Case No. 2:21-cv-31-BJR, Dkt. 40 (Stipulated Motion and Proposed Order for Amendment and Response Schedule) (attached as **Exhibit 4**).

NOTICE OF REMOVAL - 2
(2:21-cv-270)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

5. On March 2, 2021, Parler filed a lawsuit based on the same facts and alleging at least one of the same claims in King County Superior Court, 21-2-02856-6 SEA (the "State Complaint"). Attached as **Exhibit 5** is a true and correct copy of the State Complaint.

6. In the State Complaint, Parler asserts that "as a result of the unlawful actions of Amazon and AWS, Parler has permanently lost … hundreds of millions of dollars in annual advertising revenue," among other damages, and also demands treble damages and attorneys' fees on several of its claims. State Complaint ¶ 11; *see also id.* ¶¶86, 114, 130, 142, 149, 165, 222, 229, 237, 250; *id.* p. 65.

7. Defendants are entitled to remove this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(a) (requiring a "short and plain statement of the grounds for removal").

### III.   DIVERSITY JURISDICTION EXISTS

**A.   Complete Diversity Exists**

8. This case satisfies the complete diversity requirement. A person's state of domicile determines his or her state citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Under 28 U.S.C. § 1332, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities," which is generally "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

9. Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada. *See* Federal Complaint ¶ 10. Parler therefore is a citizen of Nevada.

10. Defendants are incorporated in Delaware with their principal places of business in Seattle, Washington. *See* State Complaint ¶¶ 13, 14; Federal Complaint ¶ 11.

11. Because Defendants are not citizens of the same state as Parler, the parties are completely diverse.

NOTICE OF REMOVAL - 3
(2:21-cv-270)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

12. Because Defendants have not been served in the State Action, 28 U.S.C. § 1441(b)(2) does not bar removal. *See, e.g.*, *Gibbons v. Bristol-Myers Squibb*, 919 F.3d 699, 705 (2d Cir. 2019); *Texas Brine Company v. American Arbitration Association*, 955 F.3d 482, 487 (5th Cir. 2020); *Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153 (3d Cir. 2018).

### B.  Plaintiffs Demand More than $75,000

13. The State Complaint avoids specifying a damage amount, but the allegations make clear that the amount in controversy exceeds $75,000.  In evaluating the amount in controversy, a court considers "the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Gierke v. Allstate Prop. & Cas. Ins. Co.*, No. C19-0071JLR, 2019 WL 1434883, at *2 (W.D. Wash. Apr. 1, 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015)).

14. Under Local Civil Rule 101(a), where the complaint does not "set forth the dollar amount prayed for," a removal petition shall "set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court." As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

15. It is facially apparent from the State Complaint that Parler is seeking damages in excess of $75,000 because Parler alleges that "millions" of dollars are at stake. For instance, the State Complaint alleges:

- "As a result of the unlawful actions of Amazon and AWS, Parler has permanently lost tens of millions of current and prospective future users—many of whom have migrated to other platforms—and hundreds of millions of dollars in annual advertising revenue. Parler therefore brings this suit for multiple violations of

NOTICE OF REMOVAL - 4
(2:21-cv-270)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Washington's contract, tort, unfair-competition, and consumer protection laws." State Complaint ¶ 11.

- "AWS's unfair and deceptive acts and practices have resulted in substantial damages to Parler, including but not limited to the loss of millions of dollars of revenue from advertisements." State Complaint ¶ 86.
- "AWS caused severe economic injury to Parler by depriving it of millions of dollars of advertising revenues and by making it extremely difficult for Parler to get back online with another service provider, which injury AWS knew would occur given the reputational injury Parler had suffered at AWS's hands." State Complaint ¶ 250.

*See also* State Complaint ¶¶ 114, 130, 142, 149, 165, 222, 229, 237.

16.  "The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute[.]" *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Treble damages are also considered. *See, e.g.*, *Nw. Ry. Museum v. Indian Harbor Ins. Co.*, No. C17-1060JLR, 2017 WL 4466619, at *3 (W.D. Wash. Oct. 5, 2017) (when plaintiffs requested treble damages, the court trebled the amounts alleged to determine the amount in controversy and denied remand); *Lim v. Nat'l Gen. Ins. Co.*, No. C15-383 RSL, 2015 WL 12025326, at *1 (W.D. Wash. Apr. 30, 2015) (plaintiff sought actual damages, treble damages under statute, and reasonable attorney's fees and costs, which court considered in determining the amount in controversy in denying remand); *Rain v. Ameriprise Auto & Home Ins. Agency, Inc.*, No. C14-5088 RJB, 2014 WL 1047244, at *3 (W.D. Wash. Mar. 18, 2014) (when plaintiffs requested treble damages and defendants showed that plaintiffs' damages would be at least $41,000.00 before trebling, court denied remand).

17.  The State Complaint seeks "damages, including trebled and exemplary damages, in an amount to be determined at trial," in addition to "attorney's fees and costs." State Complaint p. 65. The State Complaint includes fifteen separate causes of action, including six under the Washington Consumer Protection Act, which provides for treble damages and attorneys' fees and costs to a prevailing plaintiff. *See* RCW 19.86.090.

NOTICE OF REMOVAL - 5
(2:21-cv-270)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

18. Thus, the State Complaint alleges Amazon caused "millions" of dollars in damages, and requests that the Court treble those damages and award statutory attorneys' fees. The amount in controversy far exceeds $75,000.

## IV.   REMOVAL IS TIMELY

19. Parler filed the State Complaint on March 2, 2021. The notice of removal is timely pursuant to 28 U.S.C. § 1446.

## V.   INTRADISTRICT ASSIGNMENT

20. This action is properly removed to the Seattle Division of the Western District of Washington. Under LCR 3(e), cases where the claims arose in King County are properly removed to Seattle. Parler elected to file this action in King County. For these reasons, Defendants have properly removed this case to the Seattle Division. *See* LCR 3(e).

## VI.   DEFENDANT HAS SATISFIED THE REMAINING PROCEDURAL REQUIREMENTS

21. The United States District Court for the Western District of Washington is the federal judicial district embracing the superior courts of King County, where Parler filed the State Action. 28 U.S.C. § 128(b).

22. A copy of State Complaint is attached as **Exhibit 5**. Defendants separately will file a Verification of State Court Records under LCR 101(c).

23. Promptly after filing this Notice of Removal, Defendants will give written notice to Parler's counsel and will file a copy of this Notice with the Clerk of King County Superior Court pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing a Notice of Removal is attached as **Exhibit 6**.

## VII.   NO WAIVER

24. Defendants have additional defenses to this action and do not waive any defenses.[1]

---

[1] Defendant expressly preserves all Rule 12(h) objections. *See* Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1395 (3d ed. 2004) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is

NOTICE OF REMOVAL - 6
(2:21-cv-270)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants therefore give notice that the above-entitled action is removed from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington at Seattle.

DATED this 3rd day of March, 2021.

Davis Wright Tremaine LLP
Attorneys for Defendants Amazon Web Services, Inc. and Amazon.com, Inc.

By *s/ Ambika K. Doran*
   Ambika Kumar Doran, WSBA #38237
   920 Fifth Avenue, Suite 3300
   Seattle, WA 98104-1610
   Telephone: 206-622-3150
   E-mail: ambikadoran@dwt.com

   Alonzo Wickers IV, Cal. State Bar #169454
      *pro hac vice* application forthcoming
   865 S. Figueroa Street, Suite 2400
   Los Angeles, CA 90017
   Telephone: 213-633-6800
   E-mail: alonzowickers@dwt.com

---

exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'") (quoting *Greenberg* v. *Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)).

NOTICE OF REMOVAL - 7
(2:21-cv-270)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record has been served a true and correct copy of the foregoing *Notice of Removal* by electronic mail and by U.S. mail at the below address:

>Angelo J. Calfo, WSBA# 27079
>CALFO EAKES LLP
>1301 Second Avenue, Suite 2800
>Seattle, WA 98101
>Email: angeloc@calfoeakes.com
>
>David J. Groesbeck, WSBA No. 24749
>DAVID J. GROESBECK, P.S.
>1333 E. Johns Prairie Rd.
>Shelton, WA 98584
>Email: david@groesbecklaw.com

DATED this 3rd day of March, 2021.

>Davis Wright Tremaine LLP
>Attorney for Defendants
>
>By *s/ Ambika K. Doran*
>Ambika K. Doran, WSBA # 38237
>920 Fifth Avenue, Suite 3300
>Seattle, WA  98104-1610
>Telephone: 206-757-8030
>Fax: 206-757-7030
>E-mail: ambikadoran@dwt.com

NOTICE OF REMOVAL - 8
(2:21-cv-270)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax