THE HONORABLE _____

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

PARLER, LLC,

Case No.  21-cv-00270

11

Plaintiff,

PLAINTIFF'S MOTION FOR REMAND
OR IN THE ALTERNATIVE FOR
DISMISSAL WITHOUT PREJUDICE

12

vs.

13

AMAZON WEB SERVICES, INC., and
AMAZON.COM, INC.,

NOTE ON MOTION CALENDAR:
March 26, 2021
*Without Oral Argument*

14
15

Defendants.

16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S MOTION FOR REMAND
(Case No. 2:21-cv-00270)

## I.   INTRODUCTION[1]

The "forum-defendant rule" statutorily prohibits removal based on diversity jurisdiction if *any* defendant is from the forum state.  Yet Defendants Amazon Web Services, Inc. and Amazon.com (collectively "Amazon")—both from the forum state—have removed this case under a trick sometimes called "snap removal."  Under snap removal, a defendant tries to remove on diversity grounds before being served, based on a strained reading of the federal removal statute.  This Court has deemed snap removal to be "controversial" and has recognized that it has been rejected by "the majority view among federal circuits."  *See Breuer v. Weyerhaeuser NR Co.*, 2020 WL 4260948, at *1 n.3 (W.D. Wash. July 24, 2020) (Robart, J.).  Plaintiff requests that this Court reach the same conclusion here and order immediate remand of this case.

Moreover, aside from the lawfulness of "snap removal," Amazon's decision to remove was contrary to its own "Customer Agreement," under which Plaintiff's contract claim arises.  This contract vested exclusive jurisdiction in state or federal courts in King County, leaving it to the *plaintiff* to decide whether to file in state court or federal court.  Under well-established precedent, Amazon cannot trump Plaintiff's decision through removal.

Finally, in the alternative, if the Court does not order remand then it should dismiss the case, without prejudice, so that Plaintiff will be free to re-file in state court.  The U.S. Court of Appeals for the Eleventh Circuit has specifically endorsed such relief in a case that was on all fours, in which another defendant similarly tried to escape state court through the procedural technicality of "snap removal."  *See Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Parler LLC originally brought both federal and state-based claims against AWS in this Court. Case No. 2:21-cv-31-BJR Dkt. 1 (the "Federal Action").  Parler retained Angelo

---

[1] As of the filing of this motion, this case had not yet been assigned to a specific judge.  As a result, Plaintiff has left the judge's name blank in the caption and on the proposed order.

PLAINTIFF'S MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 1

1
2
3
4

Calfo as new Washington counsel on February 13, 2021.  Declaration of Angelo J. Calfo, ¶ 2 ("Calfo Decl.").  From then until March 2, 2021, Parler's legal team analyzed Parler's potential claims and eventually determined that it would be appropriate to focus on state-based remedies in Washington state court using state procedures.  *Id.* ¶ 3.

5
6
7
8
9
10
11
12

The AWS Customer Agreement ("AWS Agreement"), which is the subject of Parler's breach of contract claim, provides that contractual disputes shall be resolved in the "exclusive" jurisdiction of *either* "[t]he state or Federal courts in King County, Washington."  Calfo Ex. 1 (AWS Agreement) at ¶¶ 13.5 & 14.  Consistent with that provision, on March 2, at 4:27 p.m., Parler filed a complaint in the Superior Court of the State of Washington for King County (the "State Complaint") bringing solely Washington state-based claims against AWS and Amazon.com, Inc. (the "State Action").  Both defendants acknowledge in the removal notice filed in this action that they are residents of Washington.  [Dkt. #1].

13
14
15
16

It was not possible to serve the State Complaint on the Defendants contemporaneously with the filing, because the Defendants' registered agent closed its offices at 3:00 p.m.  Accordingly, Plaintiff's counsel made arrangements with a process server on March 2 to have the State Complaint and summons served on the defendants early on March 3.  Calfo Decl. ¶ 7.

17
18
19
20
21
22

A few hours after filing the State Complaint, at approximately 11:02 p.m., Parler also voluntarily dismissed its Federal Action without prejudice under FRCP 41(a)(1)(A)(i), filing a notice to that effect in this Court (the "Notice") (Dkt. #1-3).  As a courtesy, David Groesbeck, counsel of record for Parler, emailed Ambika Doran, counsel for Amazon, late that night to notify her that Parler had withdrawn its Federal Action and initiated its State Action.  Declaration of David Groesbeck, ¶ 3.

23
24

At the start of the business on March 3, Plaintiff's counsel coordinated with their process server, sending them the finalized summons and State Complaint that morning for immediate

25

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1  service.    Calfo Decl. ¶¶ 7-8.    At 2:10 p.m., on March 3, Parler's process server successfully

2  effected service on both defendants.    Calfo Decl. Ex. 2.

3      However, having been notified that Parler's service of the State Complaint was imminent—

4  and in a transparent attempt to remove before Plaintiff would have a reasonable amount of time to

5  serve the complaint—Defendants filed a notice of removal in this Court on March 3, at 1:46 p.m.

6  (the "Removal Notice"), approximately 24 minutes before the State Complaint was served.

7      In light of Defendants' procedurally improper "snap removal," Plaintiff now brings this

8  motion for remand or in the alternative for dismissal without prejudice.

### III.    LEGAL STANDARD

10      It is axiomatic that "the plaintiff is the master of his complaint."  *See, e.g.*, *Hunter v. Philip*

11  *Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and quotation omitted).  Accordingly,

12  federal courts must apply a "strong presumption against removal jurisdiction," which "means that

13  the defendant always has the burden of establishing that removal is proper, and that the court

14  resolves all ambiguity in favor of remand to state court."  *Id.*  The Court should hold that Amazon

15  has not met this strict burden.  Where doubt regarding the right to removal exists, a case should be

16  remanded to state court."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th

17  Cir. 2003).  And here there is no doubt that the case should be remanded.

### IV.    ARGUMENT

19      This case should be remanded to the Superior Court for King County, Washington, for

20  two reasons.  *First*, as recognized in numerous decisions, Amazon's snap removal strategy is an

21  improper form of "gamesmanship" that is contrary to the text, purpose and effect of 28 U.S.C. §

22  1441(b)(2).  *Second*, the forum selection clause in the AWS Customer Agreement, which sets out

23  the contractual relationship between Amazon and Parler, forecloses Amazon's removal strategy.

24      In the event the Court declines to order remand, however, Plaintiff requests that the Court

25  dismiss the case, without prejudice, so that Plaintiff will be free to re-file in state court.

PLAINTIFF'S MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 3

1    **A.    The Court Should Reject Amazon's Gamesmanship and Remand to State Court.**

2          Parler's new State Complaint *only* alleges claims arising under Washington state and local

3    law.   Further, both Defendants named in the complaint reside in Washington.   Nevertheless,

4    Amazon seeks to reverse Parler's choice of forum by removing this case to federal court based on

5    diversity jurisdiction, less than 24 hours after it was filed in state court, with full knowledge that

6    Defendants were about to be served with the summons and state court complaint.  Groesbeck Decl.,

7    ¶ 3.  This Court should reject Amazon's gamesmanship and remand this case to the Superior Court

8    for King County, Washington.

9          **1.    <u>This Court Should Reject Amazon's Exercise of "Snap Removal"</u>**

10          Under federal law, "[a] civil action otherwise removable solely on the basis of [diversity

11   jurisdiction] may not be removed if any of the parties in interest properly joined and served as

12   defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  Yet,

13   Amazon and AWS, which are both citizens of Washington, removed this case based on diversity.

14          The only basis on which Amazon could have tried such removal is the underhanded tactic

15   known as "snap removal."  In a "snap removal," a defendant who resides in the pertinent forum

16   (hereafter, a "forum defendant") removes the case *before* being served with the state court

17   complaint.  Next, the defendant argues that the bar on removal in Section 1441(b)(2) does not

18   apply because the defendant was not "joined and served" at the time of removal.  Some district

19   and appellate courts in other circuits have allowed parties to play this game, albeit in circumstances

20   distinguishable from those here.[2]  Most courts, however, have shut the game down.

21          Plaintiff has not found a case in which this Court or the Ninth Circuit directly ruled on

22   whether to allow snap removal, but as Judge Robart explained just several months ago:

23

24   ───────────────

25   [2] *See Texas Brine Co. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152-53 (3rd Cir. 2018).

PLAINTIFF'S MOTION FOR REMAND
 (Case No. 2:21-cv-00270) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

In removing the action to this court before Plaintiffs could properly join and serve [Defendant], . . . [Defendant] engaged in a practice known as 'snap removal,' a controversial procedural practice that seeks to avoid the forum defendant rule. . . .   The Ninth Circuit has not yet determined whether snap removal comports with 28 U.S.C. § 1441's requirements, *but the majority view among federal circuits is that it does not.*

*See Breuer v. Weyerhaeuser NR Co.*, 2020 WL 4260948, at *1 n.3 (W.D. Wash. July 24, 2020) (Robart, J.) (emphasis added; internal citations and quotations omitted); *see also id.* at *4 ("Snap removal is a controversial procedure and its compliance with the removal statute, 28 U.S.C. § 1441, is questionable. . . .  Moreover, [defendant's] position [in favor of snap removal] appears to be the minority view among the courts that have ruled on the matter.").

Indeed, numerous courts across the country have correctly condemned the practice of snap removal as "gamesmanship." *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Fidelity Nat'l Title Grp., Inc.*, 2020 WL 7360680, at *4 (D. Nev. 2020) ("Snap removal . . . allows gamesmanship by defendants who are sophisticated and have sufficient resources (or suspicion of impending litigation) to monitor court filings and immediately remove a case before a forum defendant can be served. . . ."); *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1378-79 (N.D. Ga. 2018) (finding the case law rejecting snap removal to be the most persuasive, "based largely on an anti-gamesmanship rationale").   And courts repeatedly have explained that "snap removal uniquely undermines the purpose of the forum-defendant rule and contravenes the removal legal standard[.]"; *First Southwestern Fin. Servs., LLC v. Dawkins Home, Inc.*, 2019 WL 7945684, at *4 (S.D. Fla. 2019).

Snap removal produces absurd results, by depriving plaintiffs of the ability to choose the forum for their complaint based solely on whether a defendant can draft a removal notice more quickly than a process server can serve papers.  "[S]nap removals *uniquely undermine* the purpose of the forum-defendant rule and contravene the removal legal standard. . . ."  *Delaughder*, 360 F. Supp. 3d at 1380 (emphasis added).  That is especially true where, such as here, the removing party is a *forum* defendant, rather than a non-forum defendant.  *See, e.g.*, *Breitweiser v. Chesapeake*

LAW OFFICES
CALFO EAKES LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

*Energy Corp.*, 2015 WL 6322625, at *6 (N.D. Tex. 2015) (even in a district where *non*-forum defendants were allowed to engage in snap removal, explaining that "allowing a *forum* defendant to engage in snap removal reaches an untenable result") (emphasis added).

This case starkly illustrates the perversity of snap removal: Amazon and its subsidiary, both forum defendants, were advised of the state court complaint through a *courtesy* email from defense counsel, and then took advantage of that courtesy to file a notice of removal less than 24 hours later, just *24 minutes* before the state court complaint was served.  Groesbeck Decl., ¶ 3; Calfo Decl. ¶ 8.  If these tactics were to provide a basis for removal in the Western District of Washington, it would not only undermine basic fairness to plaintiffs who bring claims in Washington, but also would penalize parties and their counsel for being professional and respectful toward adverse parties.  Even more importantly, it would eviscerate the purpose of Section 1441(b)(2) by allowing forum defendants like Amazon to remove in nearly every case filed by a non-forum plaintiff in which Amazon learns about the complaint—either through professional courtesies or simply by monitoring electronic court dockets—before it is formally joined and served in state court.  The Court should reject Amazon's snap removal tactic, protect the right of plaintiffs to file their state law claims against Amazon in state court, and remand this case to the Superior Court for King County, Washington.

## 2.   Commonly Adopted Exceptions to Snap Removal Also Require Remand.

Moreover, even in districts where the practice of snap removal has been partially tolerated, courts have carefully crafted exceptions in order to uphold the purpose of Section 1441(b)(2) and provide basic fairness for plaintiffs who sought to file their claims in state court.  The courts have adopted at least two such exceptions, each of which is an independently sufficient basis to reject snap removal and order remand in this case.  In fact, this particular case is so stark that both exceptions apply.

PLAINTIFF'S MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 6

LAW OFFICES
CALFO EAKES LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

a.    **Removal is Premature Prior to Service on At Least *One* Defendant.**

Even in districts where snap removal has been allowed, numerous courts have interpreted Section 1441(b)(2) as foreclosing such removal unless and until the plaintiff has already served at least one defendant (presumably a non-forum defendant) prior to removal.  In other words, if a defendant tries to exercise a snap removal before *any* defendants were served, the removal is premature and remand is required.  *See, e.g.*, *Wells Fargo Bank, N.A. v. Old Republic Title Ins. Group, Inc.*, 2020 WL 5898779, at *2 (D. Nev. 2020) ("Defendant's removal was procedurally defective because [Defendant] removed this action before any defendants were served."); *Bowman v. PHH Mortgage Corp.*, 423 F. Supp. 3d 1286, 1293-94 (N.D. Ala. 2019) (holding that snap removal is improper unless and until at least one non-forum defendant has been served).

Courts have adopted this approach for at least two reasons.  First, it comports with the best reading of Section 1441(b)(2).  *See, e.g.*, *Deutsche Bank Tr. Co. v. Fidelity Nat'l Title Grp., Inc.*, 2021 WL 493410, at *3 (D. Nev. 2021) ("[T]he word 'any' in 'any parties in interest properly joined and served' necessarily means 'that the [removal] statute assumes **at least one party has been served**.") (emphasis in original) (citation omitted); *id.*("Because no defendant had been served prior to [Defendant's] removal, this case must be remanded.").

Second, courts have recognized that this approach serves important public objectives.  For example, "[p]recluding removal until at least one defendant has been served protects against docket trolls with a quick finger on the trigger of removal."  *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322-323 (D. Mass. 2013).  Likewise:

> The removal statute's purpose is better served by precluding removal until at least one defendant has been served.  That way plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others. . . .  Applying this interpretation, I resolve that [Defendant's] removal was premature because it occurred before any defendant had been served.  I therefore remand this case back to state court.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

*HSBC Bank USA, Nat'l Assoc. v. Fidelity Nat'l Title Grp., Inc.*, 2020 WL 7625233, at \*5 (D. Nev. 2020).

In this case, Amazon's notice of removal acknowledges that *no* defendants were served prior to the filing of its notice of removal. Removal Notice (Dkt. #1), ¶ 12. Accordingly, even if snap removal could be allowed in some circumstances, it was premature and inappropriate here. The Court can and should order remand on this basis alone. If it does, it need not weigh in on whether snap removal might be allowable under other circumstances. *See Carrington Mortgage Servs., LLC v. Ticor Title of Nev., Inc.*, 2020 WL 3892786, at \*3 (D. Nev. 2020) (holding that at least one defendant must be served prior to snap removal; where **no** defendants have been served, removal is improper and "the court need not . . . decide whether snap removals are generally allowable").

b.     **Snap Removal is Premature Until Plaintiff Has a Reasonable Opportunity to Serve the State Court Complaint.**

Courts have also rejected snap removal in cases where the defendant removed so quickly that it prevented the plaintiff from having a reasonable opportunity to serve the forum defendant with the state court complaint. *See, e.g.*, *Teamsters Local 677 Health Servs. & Ins. Plan v. Friedman*, 2019 WL 5423727, at \*4 (D. Md. 2019) ("[T]he court concludes that where, as here, a defendant files a notice of removal before the plaintiff has a reasonable opportunity to effectuate service of process, and the forum defendants were not added to prevent removal, the forum defendant rule precludes removal to federal court."); *Flandro v. Chevron Pipe Line Co.*, 2019 WL 1574811, at \*6 (D. Utah 2019) (collecting cases) ("But where the facts show that the forum defendant is not a sham party, and that the removing defendant is attempting snap removal before the plaintiff has a reasonable opportunity to serve the forum defendant, courts do not countenance the absurd results flowing therefrom."); *Morris v. Alza Corp.*, 2010 WL 2652473, at \*1-2 (E.D.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Cal. 2010) (similar; "Authorizing remand under such circumstances is consistent with the purpose of § 1441(b) explained in *Lively v. Wild Oats Markets*, 456 F.3d 933 (9th Cir. 2006) . . .").

For example, in *Woods v. Dr. Pepper Snapple Group, Inc.*, 2020 WL 917284 (W.D. Okla. 2020), the court rejected snap removal and ordered remand because "plaintiffs diligently attempted to effect service on [the forum defendant] beginning only *four days* after this action was filed" in state court, but were still unable to serve the forum defendant before it filed the notice of removal. *Id.* at *5 (emphasis added); *see also id.* at *3 ("the exception applies if plaintiffs did not have a reasonable opportunity to serve [the forum defendant] before Defendant removed this action").

In this case, Plaintiff was not able to serve Amazon on the day it filed the complaint in state court, because Amazon's registered agent closed hours before the complaint was filed.  Calfo Decl., ¶ 7.  Nevertheless, Plaintiff set the process server in motion the very next morning, and in fact served the state court complaint on both Amazon Defendants less than 24 hours after filing the complaint. *Id.* ¶¶ 7-8.  The facts speak for themselves:  Amazon intentionally rushed to file its notice of removal with the transparent purpose of beating Plaintiff to the punch, after it received email notice of the state court complaint from Plaintiff's counsel.  The court in *Woods* found that a window of "four days" was not sufficient time to give the Plaintiff a "reasonable opportunity" to effectuate service.  *Woods*, 2020 WL 917284, at *5.  Surely, then, the same is true of the 22-hour window afforded to Plaintiff in this case.

* * * *

In sum, this Court should reject the gamesmanship strategy of "snap removal," and order remand on that basis.  However, the Court need not even go so far, as it should also order remand on the independently sufficient grounds that: (1) Amazon prematurely removed before *any* defendants were served; and (2) Plaintiff did not have a reasonable opportunity to serve the Defendants prior to removal.

PLAINTIFF'S MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 9

**B.      Removal Was Also Improper Due to Amazon's Forum Selection Clause.**

Amazon's removal was also improper for another reason, more specific to the facts of this case:  A party to a contract with a forum selection clause that permits litigation in state court cannot is bound to respect that choice when made by the filing party. *See Am. Contractors Indemnity Co. v. DeCal Construction, LLC*, 2018 WL 4350063, *2 (C.D. Cal. 2018) ("[B]ecause Plaintiff commenced this suit in state court, and Defendant consented to that court's exclusive jurisdiction, removal is improper"); *Canon Fin. Servs., Inc. v. Kalmus*, 2020 WL 4333744, *4 (D. N.J. 2020) ("The Court finds the forum selection clause at issue in this case precludes removal once an action was filed in an appropriate forum."); *see also Bastami v. Semiconductor Components Indus., LLC*, 2017 WL 1354148 (N.D. Cal. 2017) ("the instant suit was filed in the California Superior Court for the County of Santa Clara, *one of the courts* to whose 'exclusive jurisdiction and venue Defendant agreed to." (emphasis added)).  By consenting to the jurisdiction of the state court, the defendant has waived its right to remove.  *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216-17 (3d. Cir. 1991) (recognizing that when a party expressly agrees to submit to the jurisdiction of a state court in a forum selection clause, it waives the right to seek removal on the basis that the forum selection clause also allow the matter to be heard in federal court); *InterDigital, Inc. v. Wistron Corp.*, 2015 WL 4537133, *1 (D. Del. 2015) (finding that the defendant waived its right to removal by "irrevocably consent[ing] to exclusive jurisdiction and venue of the state and federal courts in the State of Delaware"); *Am. Contractors*, 2018 WL 4350063, at *2 ("This suit was filed in Los Angeles County Superior Court, one of the courts to whose 'exclusive jurisdiction and venue' Defendants agreed to 'irrevocably consent.'"); *see also Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009) (upholding a district court's decision to remand to state court on the basis of a forum selection clause that read, "[a]ny action brought by any part to this Agreement shall be filed and venue shall be in the courts of the State of Oregon.").

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Here, the Customer Agreement provides that "disputes will be adjudicated in the Governing Courts"—which is later defined as "the state or Federal courts in King County, Washington." Calfo Ex. 1 at ¶¶ 13.5, 14. The contract provides for "exclusive jurisdiction and venue" in such courts. *Id.* In light of that language, AWS cannot seek removal after Parler chose to file in state court. *See, e.g.*, *Nortek Security & Control LLC v. Security Data Supply, LLC*, 2018 WL 6411352, *1 (N.D. Cal. 2018) (defendant waived its right to remove from state court because it "consent[ed] irrevocably to the exclusive jurisdiction of California courts in all respects."). Removal would also be improper even without the "exclusive jurisdiction language," because the forum selection clause allows a plaintiff to sue in either jurisdiction. *See, e.g.*, *Canon Fin. Servs., Inc.*, 2020 WL 4333744, at *3 (defendant waived the right to removal where the forum selection clause stated that actions "shall be brought in any state or federal court located in the County of Camden or Burlington, New Jersey").

For this independent reason, the Court should order remand to King County.

**C.     In the Alternative, the Court Should Dismiss Without Prejudice So That Plaintiff Will be Free to Re-File in State Court.**

Alternatively, the Court should grant Plaintiff's motion to voluntarily dismiss the case, without prejudice, so that Parler will be free to re-file in state court. The Court is authorized to do so under Federal Rule of Civil Procedure 41. *See* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

More than just authorized, "[a] district court *should* grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some *plain* legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (emphases added). "Plain legal prejudice" is a high bar for defendants to clear. It "does not result merely because the defendant

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1   will be inconvenienced by having to defend in another forum or where a plaintiff would gain a

2   tactical advantage by that dismissal." *Id* at 976; *see also Breuer v. Weyerhaeuser NR Co.*, 2020

3   WL 4260948, at *2 (W.D. Wash. 2020) (Robart, J.) ("Although granting Plaintiffs' motion will

4   allow Plaintiffs to refile their case in state court, this does not amount to plain legal prejudice.").

5          In determining what qualifies as plain legal prejudice, "courts have examined whether a

6   dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial,

7   or a statute-of-limitations defense." *Breuer*, 2020 WL 4260948, at *2 (quoting *Westlands Water*

8   *Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).  The latter two factors are not at issue for

9   the Defendants here.  And "the loss of a federal forum does not constitute prejudice to forum

10  defendants." *Id.* (citing *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)).  That

11  is because "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants

12  from possible prejudices in state court. . . . The need for such protection is absent, however, in

13  cases where the defendant is a citizen of the state in which the case is brought." *Id.* (quoting

14  *Westlands Water Dist.*, 100 F.3d at 97).  Hence, "[t]here is little concern that [Defendants] will

15  suffer prejudice if Plaintiff[] refile[s] in King County Superior Court because, as . . . corporation[s]

16  headquartered in Washington State, [they are] forum defendant[s]." *Id.* at *3.  Amazon's "need

17  for protection from out-of-state biases is 'absent' in King County Superior Court because it is

18  headquartered in King County." *Id.*  Further, "[t]his case still in its inception, meaning the loss of

19  this forum will have a minimal impact on [AWS and Amazon]." *Id.*

20          It is true that a "district court may consider whether the plaintiff is requesting a voluntary

21  dismissal only to avoid a near-certain adverse ruling." *Maxum Indemnity Ins. Co. v. A-1 All*

22  *American Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008). But the caselaw shows that the type

23  of adverse rulings one cannot avoid are "substantive rulings *on the merits* of the case." *Breuer*,

24  2020 WL 4260948, at *4 (emphasis added).  Thus, in *Maxum*, "[p]rior to [a] motion to dismiss

25  under Rule 41(a)(2), the district court had indicated to both parties how it planned to rule on [the

PLAINTIFF'S MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 12

movant's] claim against [the other party]."  299 F. App'x at 666.  Likewise, in *Terrovona v. Kincheloe*, 852 F.2d 424, 426 (9th Cir. 1988), the court denied a motion to dismiss because "[t]hree months after the [defendant] moved for summary judgment . . . [the plaintiff] filed a motion . . . to dismiss the petition without prejudice."

But no such facts are present here.  This Court has not announced how it will rule on the merits, nor have months elapsed since a motion for summary judgment.  And for at least four separate reasons, Defendants cannot twist this Court's previous ruling on Parler's motion for a preliminary injunction into either a ruling on the merits or a signaling of such.  *First*, this new action involves thirteen new state claims, with the only federal claim in the original federal suit not present.  So it is hard to see how that previous ruling could bear on this case.  *Second*, that ruling came under a different procedural posture with different legal standards.  *Third*, Parler has mustered additional facts and arguments not presented to the Court in that previous action.  And *fourth*, this suit involves a new, additional defendant.  It would therefore be absurd to characterize the Court's previous ruling as an adverse ruling on the merits of this case.  What is more, "[e]ven if [Defendants argue that] Plaintiff['s] motion to voluntarily dismiss this case is an attempt to avoid an adverse ruling on [its] motion to remand, Plaintiff[] [is] not seeking dismissal to avoid a ruling on the merits of the case."  *Breur*, 2020 WL 4260948, at *4.  In sum, there is no "plain legal prejudice" here, especially given Defendants' gamesmanship, and it is Defendants' "burden to establish that it will suffer prejudice as a result of dismissal."  *Id*. at *3.  Absent such a showing, this Court "should" grant Parler's motion to dismiss without prejudice.  *Smith*, 263 F.3d at 975.

"Courts consider three factors in determining whether to dismiss with or without prejudice."  *Senne v. Kansas City Royals Baseball Corp.*, 2016 WL 3648547, at *2 (N.D. Cal. 2016).  The first factor is "the defendant's effort and expense involved in preparing for trial."  *Id*. (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).  Not only has there not been any such expense so far in the present case before this Court, given it was just removed

yesterday, any effort and expense the Defendants have put into this case is due to their own shenanigans in attempting a "snap removal." The second factor is "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action." *Id.* (quoting *Paulucci*, 826 F.2d at 783). There is no delay here, much less excessive, with Parler filing this motion less than twenty-four hours after Defendants removed. Finally, the third factor is "insufficient explanation of the need to take a dismissal." *Id.* (quoting Paulucci, 826 F.2d at 783). But Parler has more than a sufficient explanation for the need to dismiss: It filed a suit in state court because it is only bringing state claims against local Defendants. Parler is the master of its complaint and is therefore entitled to file in any proper forum of its choosing.

An Eleventh Circuit case is directly on point: *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014). There, after a man was killed in a car accident, his widow brought suit in state court. *Id.* at 1218. The same day the plaintiff filed suit, she "requested and paid for the service of process on all three defendants by the state court clerk," and "[s]he also sent courtesy copies of the complaint to all three defendants." After receiving the courtesy copy but before any defendants had received service of process, two non-forum defendants removed the case to federal court. They did so based on diversity, even though another defendant was a citizen of the forum state. *Id.* Additionally, the same day, one of the defendants filed an answer, thus precluding the plaintiff from filing a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). *Id.* at 1218-19.

As a result, the plaintiff moved for dismissal without prejudice under Rule 41(a)(2) to enable her to refile in state court and serve the forum defendant in such a way as to clearly prohibit a second removal. *Id.* The district court granted the motion to dismiss without prejudice. *Id.*

On appeal, the Eleventh Circuit did not address whether the defendants' "snap removal" was appropriate because it affirmed the dismissal without prejudice. The court first noted that "the *purported* removability of the present case was based on a technicality." *Id.* at 1220. And the court held that "[t]he forum-defendant rule clearly contemplates Plaintiff's ability to defeat

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Defendants' purported right of removal in this case." *Id*. at 1221.  The court found that "[t]he only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service." *Id*.  And the court rejected Defendants' efforts to "tie the district court's hands in the face of such gamesmanship on the part of Defendants." *Id*.

Further, the Court pointed out that the defendants' "argument [in favor of snap removal], if accepted, would turn the statute's 'properly joined and served' language on its head." *Id*. "Because the likely purpose of this language is to prevent gamesmanship by plaintiffs, moreover, we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo Defendants' gamesmanship in the circumstances at bar." *Id*.  So too here.

Here, as there, "[t]here is also no indication that Defendants [will] suffer[] any prejudice from . . . dismissal, other than the loss of their preferred federal forum." *Id*. at 1222.  "On the particular facts of this case, that loss does not amount to '[plain] legal prejudice.'" *Id*. "Defendants' purported right to be in federal court was based on a technicality; it was not at the core of what the removal statute protects." *Id*.  For all these reasons, the Court should grant Parler's motion for voluntary dismissal without prejudice so it can refile its suit in state court.[3]

### V.     CONCLUSION

For the foregoing reasons, this Court should remand Plaintiff's complaint to the Superior Court for King County, Washington, or in the alternative, dismiss the complaint without prejudice so that Plaintiff can re-file in state court.

---

[3] For the avoidance of doubt, Plaintiff clearly has no intention of dismissing with prejudice.  If the Court denies remand and denies dismissal without prejudice, then Plaintiff will have no choice but to pursue its Washington state law claims against two Washington residents in federal court, while preserving all rights to appeal.

PLAINTIFF'S MOTION FOR REMAND
 (Case No. 2:21-cv-00270) - 15

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1

2    DATED this 4th day of March, 2021.

3

4                                        **CALFO EAKES LLP**

5                                        By____s/Angelo Calfo_____
                                           Angelo J. Calfo, WSBA# 27079
6                                          1301 Second Avenue, Suite 2800
                                           Seattle, WA  98101
7                                          Phone:  (206) 407-2200
                                           Fax:  (206) 407-2224
                                           Email: angeloc@calfoeakes.com
8

9                                        **DAVID J. GROESBECK, P.S.**

10                                         David J. Groesbeck, WSBA # 24749
                                           1333 E. Johns Prairie Rd.
11                                         Shelton, WA 98584
                                           Phone:  (509) 747-2800
12                                         Email: david@groesbecklaw.com

13                                       **SCHAERR |JAFFE LLP**

14                                         Gene C. Schaerr (*pro hac vice to be submitted*)
                                           H. Christopher Bartolomucci (*pro hac vice to
15                                         be submitted*)
                                           1717 K Street NW, Suite 900
16                                         Washington, DC 20006

17                                         *Counsel for Plaintiff Parler LLC*

18

19

20

21

22

23

24

25

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224