THE HONORABLE BARBARA J. ROTHSTEIN

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10 PARLER, LLC,

Case No.  21-cv-00270-BJR

11                          Plaintiff,

PLAINTIFF PARLER LLC'S MOTION
TO SEAL

12          vs.

13 AMAZON WEB SERVICES, INC., and
AMAZON.COM, INC.,

14

15                          Defendants.

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S MOTION TO SEAL
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

## I.      INTRODUCTION

Pursuant to Local Civil Rule 5(g), Plaintiff Parler LLC ("Parler") moves to seal the Corporate Disclosure Statement filed concurrently with this Motion.  In particular, Parler seeks to redact the names and identifying information of Parler's and NDM Ascendant LLC's ("NDM") members and employees, to protect them from serious risks to their personal safety. As required by Local Civil Rule 5(g)(3)(A), undersigned counsel certifies that on March 10, 2021, Parler's counsel, Angelo Calfo, conferred via videoconference with Defendants' counsel, Ambika Doran and Alanzo Wickers.  Ms. Doran and Mr. Wickers stated that Defendants do not object to sealing of the names of Parler LLC's members in connection with Parler's Corporate Disclosure Statement. Declaration of Angelo J. Calfo ("Calfo Decl.") at ¶ 2.

Defendant's own Motion to Seal in the prior lawsuit between Parler and Amazon sets out what it regards as "compelling" reasons requiring redaction "to protect [Defendant Amazon Web Services, Inc. ('AWS' or 'Amazon') employees'] safety and security and to prevent potential harassment."  AWS Motion to Seal (W.D. Wash., Case No. 2:21-cv-00031-BJR, Dkt. No. 15) at 2.  These reasons also apply to the Plaintiff's members and employees.

As with AWS's employees, Parler's and NDM's members and employees have developed well-founded concerns for their safety and well-being as many of them have been harassed and threatened in the aftermath of both AWS's highly publicized rejection of Parler from its online hosting services and the instant lawsuit which followed.  In particular, potential "doxxing" of Parler's employees and the death threats made against Parler and NDM members whose names were previously made public during this litigation remain perilous threats.  The open hostility directed at members and employees of Parler justifies an order protecting them from the potential harassment, threats, and danger that may result if their identifying information were to become public.

An unredacted Corporate Disclosure Statement has therefore been filed provisionally

PLAINTIFF'S MOTION TO SEAL
(Case No. 2:21-cv-00270-BJR) - 1

1    under seal.

2                              **II.    FACTS**

3         As described in much greater detail in the pleadings, this suit arose from AWS's decision,

4    in early January of this year, to abruptly terminate its AWS Customer Agreement by which it

5    had contracted to provide online hosting services to Parler. Plaintiff's Verified Complaint

6    ("Complaint") (Dkt. No. 1) at ¶ 3.  This decision was highly publicized, in part because AWS

7    aired the dispute in the court of public opinion by performatively leaking its termination message

8    to the media and falsely accusing Parler of actively allowing content promoting violence on its

9    platform. *Id.* at ¶¶ 21, 28-29.  As AWS recognizes in its own motion to seal in the prior case, the

10   social turmoil swirling around this dispute has sometimes been acute and troubling.

11        Since AWS's leak to the media, Parler's members and employees have been harassed

12   and threatened. Parler's former CEO, John Matze, Jr., reported in a declaration in the prior

13   lawsuit that many Parler employees are suffering harassment and hostility, fear for their safety

14   and that of their families, and in some cases have fled their home state to escape persecution.

15   *See* Matze Decl. (Dkt. No. 15) at ¶ 19, reattached to the Calfo Decl., Exh. A.  Matze himself had

16   to leave his home and go into hiding with his family after receiving death threats and invasive

17   personal security breaches.  *Id.*

18        Recognizing the highly charged nature of this public and polarizing dispute, Parler

19   wishes to protect the privacy of those employees.  Specifically, for purposes of this motion,

20   Parler seeks to place under seal its Corporate Disclosure Statement, which specifically names

21   Parler members and employees and identifies their states of residence in accordance with LCR

22   7.1.

23        Parler recognizes that it is highly unusual to seal a corporate disclosure statement.

24   However, in the context of this highly publicized and divisive lawsuit, the disclosure of this

25   information may pose a danger to the individuals named in the corporate disclosure statement.

PLAINTIFF'S MOTION TO SEAL
(Case No. 2:21-cv-00270-BJR) - 2

1   Parler therefore seeks to protect these individuals from unwanted and potentially dangerous

2   harassment by way of this motion.  Defendants Amazon.com, Inc. and Amazon Web Services,

3   Inc., through their counsel, state that they do not oppose this motion to seal.

### III.   ARGUMENT

5   Because the public interest in disclosure and access to court records is not absolute,

6   "sufficiently compelling reasons" may override that interest.  *Foltz v. State Farm Mut. Auto. Ins.*

7   *Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Although the trial court has discretion to determine

8   compelling reasons, *see Nixon v. Warner*, 435 U.S. 589, 598 (1978), protecting the safety and

9   well-being of a person whose information might otherwise be disclosed has frequently been

10   recognized as a reason sufficiently compelling as to override the presumption for disclosure.

11   *See*, *e.g.*, *United States v. Harris*, 890 F.3d 480, 491-92 (4th Cir. 2018) (recognizing as a

12   compelling reason the protection of the physical and psychological well-being of individuals

13   involved in the litigation); *Flynt v. Lombardi*, 885 F.3d 508, 511-12 (8th Cir. 2018) (finding

14   compelling reasons to protect individuals' identities to prevent threats to personal safety and

15   harassment).

16   For example, in *Harris*, the question before the Fourth Circuit was whether the

17   defendant's sentencing memorandum containing "private and personal details about [the

18   defendant] and his wife and child, as well as photographs" should be withheld from public

19   disclosure.  890 F.3d at 491.  The Court of Appeals first restated the overarching governing

20   principle: "[t]he trial court . . . may, in its discretion, seal documents if the public's right of access

21   is outweighed by competing interests." *Id*. at 492.  The Fourth Circuit also noted the trial court's

22   duty to consider "less restrictive alternatives to sealing [that] provide an adequate record for

23   review and [to] state the reasons for its decision [with] specific findings." *Id*.  Redaction is

24   certainly a less restrictive alternative.  The Court of Appeals then noted that "an interest in

25   protecting the physical and psychological well-being of individuals related to the litigation,

PLAINTIFF'S MOTION TO SEAL
  (Case No. 2:21-cv-00270-BJR) - 3

1    including family members and particularly minors, may justify restricting access." *Id*.  Because,

2    in *Harris*, redacting names and other information "would protect . . . privacy interests without

3    undermining any of the public interest in access to the judicial process," *i.e.*, "such information

4    [was] not material to understanding [that] case," the Fourth Circuit ordered that this information

5    be redacted.  *Id.*[1]

6          Likewise, in *Flynt*, the Eighth Circuit had to decide whether the public had the right to

7    access information concerning an execution team's identity.  The Court of Appeals held that the

8    district court was correct to block their disclosure because "[t]he *personal and professional*

9    *safety* of one or more members of the execution team, as well as the interest of the State in

10   carrying out its executions, were sufficiently in jeopardy to overcome the common-law right of

11   public access to the records."  885 F.3d at 511 (emphasis added).

12         In this case, the justifications compelling nondisclosure overwhelm any reasons

13   favorable to disclosure.  This is not just about the generalized right to privacy or anonymity

14   enjoyed by Parler and NDM employees and their family members.  Instead, it is about protecting

15   their physical safety, which is under threat.  Precedent amply supports the claim that their

16   identities should not be publicly disclosed here.[2]

17         Let us start with the obvious justification compelling nondisclosure: the safety and

18   security of Parler and NDM employees.  Just like the defendant's family members in *Harris* and

19   the execution team members in *Flynt*, Parler employees would suffer real harassment and

20   threats—including death threats—owing to the charged nature of this litigation and the public

21   political controversies with which it has become implicated.  Consequently, protecting the Parler

22   and NDM employees', their families', and their children's "physical and psychological well-

---

[1] While affirming the district court's decision to not restrict public access to the *entire* sentencing memorandum, the Court of Appeals in *Harris* ordered the pertinent information redacted.  890 F.3d at 492.

[2] *See Rosenfield v. GlobalTranz Enterprises, Inc.*, 811 F.3d 282, 287 (9th Cir. 2015) (observing that "we must consider the parties' arguments concerning our sister circuits' precedents.").

PLAINTIFF'S MOTION TO SEAL
 (Case No. 2:21-cv-00270-BJR) - 4

1   being" is, and should be, a judicial interest of the highest order—just as protecting the identities

2   of the defendant's family members was for the Fourth Circuit in *Harris*.  890 F.3d at 492.

3          Moreover, as *Flynt* noted, if disclosure of even indirectly related information would

4   "ultimately lead to uncovering the identit[ies]" of the at-risk individuals, then requiring that

5   disclosure would be erroneous. 885 F.3d at 512.  Accordingly, the *a fortiori* case for non-

6   disclosure is even stronger here because the disclosure of the identities of the Parler and NDM

7   employees would be direct and explicit.

8          Yet another *a fortiori* case for nondisclosure here is that the public has even less of a

9   reason to know the identities of the Parler and NDM employees than the public in *Flynt* did to

10  know the name of the execution team member to ascertain if that member had met the licensure

11  requirement, 885 F.3d at 511, 512.  Here, no plausible reason to publicly disclose the pertinent

12  identifying information exists.  But even if it had existed, it would have been neutralized by the

13  risk and threat of danger to the Parler and NDM employees and their families.  In short, this

14  strategy did not work in *Flynt* and it even more obviously should not work here.

15         Finally, unlike the record in *Flynt* but like the record in *Harris*, here the perils of

16  disclosure are far from abstract.  As the aforementioned Matze declaration observed, harassment

17  and hostility have already been visited upon some Parler employees, who now fear for their own

18  as well as for their loved ones' safety and security.  *See* Matze Decl. (Dkt. No. 15) at ¶ 19,

19  reattached to Calfo Decl., Exh. A.  Mr. Matze himself had to flee to escape persecution.  *Id.*

20  Further, since Parler filed its previous corporate disclosure in the prior case in this District, its

21  LLC membership has substantially changed, and Parler has made many employees into LLC

22  members.  The new individual members are seeking to minimize the risk of exactly the same

23  type of harassment Parler's former CEO has suffered.

24         The reasons sometimes favoring disclosure are that certain kinds of information may be

25  material to the public's understanding of a case, *see Harris*, 890 F.3d at 492, and that their

PLAINTIFF'S MOTION TO SEAL
(Case No. 2:21-cv-00270-BJR) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1  disclosure would sustain "the public's confidence in, and the accountability of, the judiciary,"

2  *Flynt*, 885 F.3d at 511.  These grounds for disclosure are not applicable in this case.  As an initial

3  matter, the identifying information concerning the Parler and NDM employees is not "material

4  to [the public's] understanding [of this] case."  *Harris*, 890 F.3d at 492.  Moreover, the purpose

5  of a corporate disclosure statement is for judicial officers to evaluate conflicts of interest.  Filing

6  the members' identities under seal accomplishes that limited purpose just as effectively.

7      Second, as AWS has already argued in its own motion in the prior litigation, the public's

8  interest in the judicial process will not be harmed by protecting the identifying information of

9  Parler and NDM employees and members from being widely disseminated, especially because,

10  aside from such information, the content of the corporate disclosure is available to the Court.  If

11  anything, a judicial process that does not protect the employees of Parler in a sensitive matter

12  like this litigation would erode "the public's confidence in, and the accountability of, the

13  judiciary," *Flynt*, 885 F.3d at 511.

14      Safety and security concerns, therefore, justify the limited sealing requested here.

15  ### IV.    CONCLUSION

16      For the foregoing reasons, the Court should seal that identifying information contained

17  in the Corporate Disclosure Statement.  Parler's Motion to Seal should be granted.

18      DATED this 11th day of March, 2021.

19

20  **CALFO EAKES LLP**

21  By    *s/Angelo Calfo*
   Angelo J. Calfo, WSBA# 27079
   1301 Second Avenue, Suite 2800

22     Seattle, WA  98101
   Phone:  (206) 407-2200

23     Fax:  (206) 407-2224
   Email: angeloc@calfoeakes.com

24

25  *-and-*

PLAINTIFF'S MOTION TO SEAL
(Case No. 2:21-cv-00270-BJR) - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DAVID J. GROESBECK, P.S.**

David J. Groesbeck, WSBA # 24749
1333 E. Johns Prairie Rd.
Shelton, WA 98584
Phone:  (509) 747-2800
Email: david@groesbecklaw.com

**SCHAERR |JAFFE LLP**

Gene C. Schaerr (*pro hac vice to be submitted*)
 H. Christopher Bartolomucci (*pro hac vice to be submitted*)
1717 K Street NW, Suite 900
Washington, DC 20006

*Counsel for Plaintiff Parler LLC*

PLAINTIFF'S MOTION TO SEAL
(Case No. 2:21-cv-00270-BJR) - 7

# EXHIBIT A

HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARLER, LLC,

                   Plaintiff,

    vs.

AMAZON WEB SERVICES, INC., and
AMAZON.COM, INC.,

                Defendants.

Case No.  21-cv-00270-BJR

PLAINTIFF'S CORPORATE
DISCLOSURE STATEMENT

Plaintiff PARLER LLC ("Parler"), by its undersigned counsel, pursuant to Local Rule 7.1(a), states:

1.  Parler is a limited liability company.

2.  Parler has no parent corporation, nor is there any publicly held corporation that owns more than 10% of Parler's stock.

3.  Parler's members are ███████████████████████, NDM Ascendant LLC, █
███████ ██████ ██████ ██████ ████ █████ ████ ██ ███
███████ █████ █████ ██ █████ █████ █████ █████ █
████████████████████████████████████████

PARLER'S CORPORATE DISCLOSURE
STATEMENT
(Case No. 2:21-cv-00270) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1    ███████████████████████████████████████████

2    ███████████████████████████████████████████

3    █████████████████████

4    4.  NDM Ascendant LLC's members are: ████████████████

5    ███████████████████████████████████████████

6    ███████████████████████████████████████████

7    ███████████████████████████████████████████

8    ████████████████████████████████████████

9

10   DATED this 11th day of March, 2021.

11

12                                      **CALFO EAKES LLP**

13                                      By_____*s/Angelo Calfo*_____
                                         Angelo J. Calfo, WSBA# 27079
14                                       1301 Second Avenue, Suite 2800
                                         Seattle, WA  98101
15                                       Phone:  (206) 407-2200
                                         Fax:  (206) 407-2224
16                                       Email: angeloc@calfoeakes.com

17                                      **DAVID J. GROESBECK, P.S.**

18                                       David J. Groesbeck, WSBA # 24749
                                         1333 E. Johns Prairie Rd.
19                                       Shelton, WA 98584
                                         Phone:  (509) 747-2800
20                                       Email: david@groesbecklaw.com

21                                      **SCHAERR |JAFFE LLP**

22                                       Gene C. Schaerr (*pro hac vice to be submitted*)
                                         H. Christopher Bartolomucci (*pro hac vice to be
23                                       submitted*)
                                         1717 K Street NW, Suite 900
24                                       Washington, DC 20006

25                                      *Counsel for Plaintiff Parler LLC*

PARLER'S CORPORATE DISCLOSURE
STATEMENT
(Case No. 2:21-cv-00270) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224