THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON WEB SERVICES, INC., and AMAZON.COM, INC., <br><br> Defendants. | Case No. 21-cv-00270-BJR <br><br> PLAINTIFF'S AMENDED MOTION FOR REMAND OR IN THE ALTERNATIVE FOR DISMISSAL WITHOUT PREJUDICE |

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

## I. INTRODUCTION

This case should be remanded immediately for three independent reasons. First, the Court lacks jurisdiction because every party is a citizen of Delaware. Defendants Amazon and Amazon Web Services (AWS) are incorporated in Delaware, making them Delaware citizens. Dkt. No. 1, ¶ 10. And Defendants' removal notice wrongly claims that Parler "is a citizen of Nevada" because "Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada." *Id.*, ¶ 9. Under settled law, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). And one of Parler's members is a Delaware citizen. Parler Corp. Disc. Statement, Dkt. No. 15, ¶¶ 1, 3-4. Thus, the lack of complete diversity—the only ground on which Defendants removed—necessitates remand. Further, because Defendants lacked the requisite "objectively reasonable basis" for removing, Parler is entitled to attorney's fees. When the parties met and conferred regarding this defect in Defendants' removal, Defendants were unable to articulate a reasonable basis for diversity jurisdiction, yet they still failed to stipulate to remand. Parler certifies that it has met and conferred in accordance with this Court's Standing Order.

Second, the way Defendants removed the case, through a snap removal, has been deemed "controversial" and has been rejected by "the majority view among federal circuits." *See Breuer v. Weyerhaeuser NR Co.*, 2020 WL 4260948, at *1 n.3 (W.D. Wash. July 24, 2020) (Robart, J.). Plaintiff requests that this Court reach the same conclusion here and order immediate remand.

Third, Amazon's removal was contrary to its own "Customer Agreement," under which Plaintiff's contract claim arises. This contract vests exclusive jurisdiction in state or federal courts in King County, leaving it to the *plaintiff* to decide whether to file in state court or federal court. Under well-established precedent, Amazon cannot trump Plaintiff's decision through removal.

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

In the alternative, if the Court does not order remand, then it should dismiss the case, *without* prejudice, so that Plaintiff will be free to re-file in state court. *See Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014) (endorsing such relief in a case with similar facts).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Parler LLC originally brought both federal and state-based claims against AWS in this Court. Case No. 2:21-cv-31-BJR, Dkt. 1 (the "Federal Action"). Parler retained Angelo Calfo as new Washington counsel on February 13, 2021. Dkt. No. 4 ("Calfo Decl."), ¶ 2. From then until March 2, 2021, Parler's legal team analyzed Parler's potential claims and eventually determined that it would be appropriate to focus on state-based claims and remedies in Washington state court using state procedures. *Id.* ¶ 3.

The AWS Customer Agreement ("AWS Agreement"), which is the subject of Parler's breach of contract claim, provides that contractual disputes shall be resolved in the "exclusive" jurisdiction of *either* "[t]he state or Federal courts in King County, Washington." Calfo Ex. 1 (AWS Agreement) at ¶¶ 13.5 & 14. Consistent with that provision, on March 2, at 4:27 p.m., Parler filed a complaint in the Superior Court of the State of Washington for King County (the "State Complaint") bringing solely Washington state-based claims against AWS and Amazon.com, Inc. (the "State Action"). Both defendants acknowledge in the removal notice filed in this action that they are residents of Washington, in addition to being citizens of Delaware. Dkt. No. 1.

It was not possible, however, to serve the State Complaint on the Defendants contemporaneously with the filing, because the Defendants' registered agent closed at 3:00 p.m. Accordingly, Plaintiff's counsel made arrangements with a process server on March 2 to have the State Complaint and summons served on the defendants early on March 3. Calfo Decl. ¶ 7. A few hours after filing the State Complaint, at approximately 11:02 p.m., Parler also voluntarily dismissed its Federal Action without prejudice under FRCP 41(a)(1)(A)(i), filing a notice to that effect in this Court (the "Notice") Dkt. No.1-3). As a courtesy, David Groesbeck, counsel of record

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

for Parler, emailed Ambika Doran, counsel for Amazon, to notify her that Parler had withdrawn its Federal Action and initiated its State Action. Dkt. No. 5 ("Groesbeck Decl."), ¶ 3.

At the start of business on March 3, Plaintiff's counsel coordinated with their process server, sending them the finalized summons and State Complaint that morning for immediate service. Calfo Decl., ¶¶ 7-8. At 2:10 p.m., on March 3, Parler's process server successfully effected service on both Defendants. Calfo Decl., Ex. 2.

However, having been notified that Parler's service of the State Complaint was imminent—and in a transparent attempt to remove before Plaintiff would have a reasonable amount of time to serve the complaint—Defendants filed a notice of removal on March 3, at 1:46 p.m. (the "Removal Notice"), approximately 24 minutes before the State Complaint was served. That Removal Notice incorrectly stated that "Parler . . . is a citizen of Nevada" and that complete diversity consequently exists. *Id*., ¶¶ 9-11. The following day, Parler filed a Motion to Remand. Dkt. No. 3. That motion primarily addressed the improprieties of Defendants' "snap removal." It did not address Defendants' claims to diversity jurisdiction, as Parler's counsel were still researching Amazon's claims regarding diversity jurisdiction.

After filing its initial motion to remand, Parler's counsel completed their legal and factual research into the citizenship of its members. Dkt. No. 15. Parler's research—which should have been performed by *Defendants* prior to filing their removal notice—confirmed Parler was a Delaware citizen and the parties lacked diversity. Accordingly, Parler arranged for a meet and confer with defense counsel to determine the basis of their removal notice's assertion that Parler was a Nevada citizen. During the conference, defense counsel acknowledged that the removal notice inaccurately stated Parler's citizenship; however, defense counsel refused to state what due diligence they had performed prior to making that inaccurate assertion. Parler requested that Defendants stipulate to immediate remand, but Defendants did not do so. Suppl. Calfo Decl., ¶¶ 3-6. Because Defendants failed to do so, Parler now files this Amended Motion to Remand.

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

### III. LEGAL STANDARD

It is axiomatic that "[d]efendants may remove an action on the basis of diversity of citizenship [only] if there is complete diversity between *all* named plaintiffs and *all* named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (emphases added). Further, "the plaintiff is the master of his complaint." *See*, *e.g.*, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and quotation marks omitted). Accordingly, federal courts should apply a "strong presumption against removal jurisdiction," which "means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.*

### IV. ARGUMENT

This case should be remanded to the Superior Court for King County, Washington, for three reasons. *First*, because all parties are citizens of Delaware, no diversity jurisdiction exists. Diversity was the only basis on which Defendants removed this case to federal court. *Second,* as recognized in numerous decisions, Amazon's snap removal strategy is an improper form of "gamesmanship" that is contrary to the text, purpose, and effect of 28 U.S.C. § 1441(b)(2). *Third*, the forum selection clause in AWS's Customer Agreement with Parler forecloses Defendants' removal strategy. Finally, in the event the Court declines to order remand, Plaintiff requests that the Court dismiss the case without prejudice so that Plaintiff can re-file in state court.

**A.  Lack of Complete Diversity Deprives the Court of Jurisdiction.**

Complete diversity of citizenship is required for the Court to retain jurisdiction over this action. *See* 28 U.S.C. § 1332(a)(1). Under Section 1332, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Both Defendants—AWS and Amazon—are incorporated in Delaware with their principal places of business in Washington. Dkt. No. 1, ¶ 10. Accordingly, AWS and Amazon are citizens of both Washington and Delaware.

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

Further, Parler is a limited liability company (LLC), and "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. As Parler's Corporate Disclosure Statement shows—and regarding which the Defendants were put on notice—one of Parler's members is NDM Ascendant LLC, a Delaware corporation. Dkt. No. 15, ¶ 3. In turn, NDM Ascendant LLC's citizenship is determined by the citizenship of its members, which include the Rebekah Mercer 2020 Irrevocable Trust (the "Trust"), which was formed under the laws of Delaware. *See id.* ¶ 4. And, for diversity purposes, the citizenship of a trust is similarly determined by the citizenship of its trustees. *See Johnson*, 437 F.3d at 899 (holding that a "trust has the citizenship of its trustee or trustees"). As Parler's Corporate Disclosure Statement makes clear, one of the trustees of the Trust is the J.P. Morgan Trust Company of Delaware, a company headquartered and incorporated in Delaware, making it a citizen of Delaware. *See id.* ¶ 4. In sum, at the time this action was commenced (and now), the Trust was a Delaware citizen, which made NDM Ascendant LLC a Delaware citizen, which in turn made Parler a Delaware citizen. *See, e.g.*, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("the jurisdiction of the Court depends upon the state of things at the time of the action brought") (quotation marks and citation omitted).

Since Delaware is a common state of citizenship between Parler and the Defendants, complete diversity is absent, and the Court lacks jurisdiction. *See Wescott v. Upshaw*, 2020 WL 3469362, at *2 (W.D. Wash. 2020) ("As Plaintiff and one Defendant are citizens of the same state, there is not complete diversity and this Court lacks jurisdiction to hear this case."). This Court should therefore remand the case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court should also award fees and costs to Parler for Defendants' improper removal. *See* 28 U.S.C. 1447(c). ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Such fees may be

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

awarded when the removing party lacks "an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). Recent cases establish that this is true here. For example, in a case very similar to this one, this Court found "that the case was improperly removed on the basis of diversity jurisdiction where the parties are not completely diverse" given that the Plaintiff was a resident of Nevada and a defendant, as an LLC, was "a resident of Nevada and Washington, because its members are citizens of both states." *395 Lampe, LLC v. Kawish, LLC*, 2012 WL 3078599, at *1 (W.D. Wash. 2012) (Pechman, J.). So, without complete diversity, "and thus no basis for removal jurisdiction," the Court remanded the case to King County Superior Court. *Id*. Additionally, the Court awarded fees under 28 U.S.C. § 1447(c), because defendants had initiated removal based on diversity and the LLC defendant "knew or should have known that its citizenship was based on its members and that diversity did not exist. As such, it did not have an objectively reasonable basis for removing the case to federal court." *Id*. So too here. Certainly, Defendants were on notice as of January 11, 2021, when Parler filed its Corporate Disclosure Statement in the previous related federal action, which stated that a Parler member was a Delaware corporation. *See* W.D. Wash., Case No. 2:21-cv-00031-BJR, Dkt. No. 3. Worse, even after Parler filed its updated Corporate Disclosure Statement in this case, and even after Defendants failed to identify any objectively reasonable basis for their decision to remove during the parties' meet-and-confer, Defendants still refused to stipulate to remand. *Supra*, 3. Defendants' haste in seeking snap removal, combined with their subsequent refusal to acknowledge the need for remand, have wasted Parler's resources and this Court's time.

**B.      Amazon's "Snap Removal" Gamesmanship Was Improper and Should Be Rejected.**

Moreover, Amazon's "snap removal" gamesmanship should be rejected. Parler's new State Complaint alleges *only* claims arising under Washington state and local law, and both Defendants reside in Washington. Nevertheless, within 24 hours of Parler's filing suit in state court, Amazon sought to reverse Parler's choice of forum by removing this case to federal court based on diversity,

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

with full knowledge that Defendants were about to be served. Groesbeck Decl., ¶ 3. This Court should reject Amazon's gamesmanship and remand this case.

### 1. This Court Should Reject Amazon's Exercise of "Snap Removal".

Under federal law, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may *not* be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Yet Amazon and AWS, citizens of Washington, removed based on diversity.

Even assuming—contrary to the facts—that all defendants were diverse from all plaintiffs, the only basis on which Amazon could have tried removal is the underhanded tactic known as "snap removal." In a "snap removal," a defendant who resides in the pertinent forum (hereafter, a "forum defendant") removes the case *before* being served with the state court complaint. Next, the defendant argues the bar on removal in Section 1441(b)(2) does not apply because the defendant was not "joined and served" at the time of removal. Some district and appellate courts in other circuits have allowed parties to play this game, albeit in circumstances distinguishable from those here.[1] Most courts, however, have shut the game down, as set forth below.

Although Plaintiff has not found a case in which this Court or the Ninth Circuit directly ruled on whether to allow snap removal, as Judge Robart explained just several months ago, "'snap removal,' [is] a controversial procedural practice that seeks to avoid the forum defendant rule. . . . The Ninth Circuit has not yet determined whether snap removal comports with 28 U.S.C. § 1441's requirements, *but the majority view among federal circuits is that it does not*." *Breuer v. Weyerhaeuser NR Co.*, 2020 WL 4260948, at *1 n.3 (W.D. Wash. July 24, 2020) (Robart, J.) (emphasis added; internal citations and quotations omitted); *see also id.* at *4 ("Snap removal is a controversial procedure and its compliance with the removal statute, 28 U.S.C. § 1441, is

---

[1] *See Texas Brine Co. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152-53 (3rd Cir. 2018).

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

questionable. . . . Moreover, [defendant's] position [in favor of snap removal] appears to be the minority view among the courts that have ruled on the matter.").

Understandably, numerous courts across the country have correctly condemned the practice of snap removal as "gamesmanship." *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Fidelity Nat'l Title Grp., Inc.*, 2020 WL 7360680, at *4 (D. Nev. 2020) ("Snap removal . . . allows gamesmanship by defendants who are sophisticated and have sufficient resources (or suspicion of impending litigation) to monitor court filings and immediately remove a case before a forum defendant can be served. . . ."); *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1378-79 (N.D. Ga. 2018) (finding the case law rejecting snap removal to be the most persuasive, "based largely on an anti-gamesmanship rationale").

Courts repeatedly have explained that "snap removal uniquely undermines the purpose of the forum-defendant rule and contravenes the removal legal standard[.]" *First Southwestern Fin. Servs., LLC v. Dawkins Home, Inc.*, 2019 WL 7945684, at *4 (S.D. Fla. 2019); *Delaughder*, 360 F. Supp. 3d at 1380 (same). Snap removal also produces absurd results because it deprives plaintiffs of the ability to choose the forum, based solely on whether a defendant can draft a removal notice more quickly than a process server can serve papers. That is especially true where, as here, the removing party is a *forum* defendant, rather than a non-forum defendant. *See, e.g.*, *Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, at *6 (N.D. Tex. 2015) (even in a district where *non*-forum defendants were allowed to do snap removal, "allowing a *forum* defendant to engage in snap removal reaches an untenable result") (emphasis added).

This case starkly illustrates the perverseness of snap removal: Amazon and its subsidiary, both forum defendants, were advised of the state court complaint through a *courtesy* email from defense counsel. Amazon then took advantage of that courtesy to file a notice of removal less than 24 hours later, just *24 minutes* before the state court complaint was served. Groesbeck Decl., ¶ 3; Calfo Decl., ¶ 8. If these tactics were to provide a basis for removal in this Court, it would not only

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

undermine basic fairness to plaintiffs who bring claims in Washington, but also would penalize parties and their counsel for being professional and respectful toward adverse parties. Even more importantly, it would eviscerate the purpose of Section 1441(b)(2) by allowing forum defendants like Amazon to remove in nearly every case filed by a non-forum plaintiff in which Amazon learns about the complaint—either through professional courtesies or simply by monitoring electronic court dockets—before it is formally joined and served in state court. The Court should reject Amazon's snap removal tactic, protect the right of plaintiff to file their state law claims in state court, and remand this case to the Superior Court for King County, Washington.

### 2. Commonly Adopted Exceptions to Snap Removal Also Require Remand.

Moreover, even in districts where the practice of snap removal has been partially tolerated, courts have carefully crafted exceptions in order to uphold the purposes of Section 1441(b)(2) and provide basic fairness for plaintiffs who sought to file in state court. The courts have adopted at least two such exceptions, each of which is an independently sufficient basis to reject snap removal and order remand. In fact, this particular case is so stark that both exceptions apply.

#### a. Removal is Premature Prior to Service on At Least *One* Defendant.

Even in districts where snap removal has been sometimes allowed, numerous courts have interpreted Section 1441(b)(2) as foreclosing such removal until the plaintiff has already served at least one defendant (presumably a non-forum defendant) prior to removal. In other words, if a defendant tries to exercise a snap removal before *any* defendants are served, the removal is premature and remand is required. *See, e.g.*, *Wells Fargo Bank, N.A. v. Old Republic Title Ins. Group, Inc.*, 2020 WL 5898779, at *2 (D. Nev. 2020) ("Defendant's removal was procedurally defective because [Defendant] removed this action before any defendants were served."); *Bowman v. PHH Mortgage Corp.*, 423 F. Supp. 3d 1286, 1293-94 (N.D. Ala. 2019) (holding that snap removal is improper unless and until at least one non-forum defendant has been served).

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 9

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

This is so for at least two reasons. First, to the extent any snap removal is to be allowed, this approach better comports with Section 1441(b)(2)'s text and purpose than one permitting snap removal without prior service to *any* defendants. *See*, *e.g.*, *Deutsche Bank Tr. Co. v. Fidelity Nat'l Title Grp., Inc.*, 2021 WL 493410, at *3 (D. Nev. 2021) ("[T]he word 'any' in 'any parties in interest properly joined and served' necessarily means 'that the [removal] statute assumes at least one party has been served.'") (emphasis in original) (citation omitted); *id.* ("Because no defendant had been served prior to [Defendant's] removal, this case must be remanded.").

Second, courts have recognized that this approach serves important policy objectives. As one court pithily observed: "Precluding removal until at least one defendant has been served protects against docket trolls with a quick finger on the trigger of removal." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322-323 (D. Mass. 2013). Likewise, "[t]he removal statute's purpose is better served by precluding removal until at least one defendant has been served. That way, plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others." *HSBC Bank USA, Nat'l Assoc. v. Fidelity Nat'l Title Grp., Inc.*, 2020 WL 7625233, at *5 (D. Nev. 2020) (and applying rule).

In this case, Amazon's notice of removal acknowledges that *no* defendants were served before Amazon removed. Dkt. No. 1, ¶ 12. Accordingly, even if snap removal could be allowed in some circumstances, here it doubtless was premature and inappropriate. On this basis alone, the Court can and should order remand. If it does, it need not weigh in on whether snap removal might be allowable under other circumstances. *See Carrington Mortgage Servs., LLC v. Ticor Title of Nev., Inc.*, 2020 WL 3892786, at *3 (D. Nev. 2020) (holding that at least one defendant must be served prior to snap removal; where *no* defendants have been served, removal is improper and "the court need not . . . decide whether snap removals are generally allowable").

      **b.**    **Snap Removal is Premature Until Plaintiff Has a Reasonable Opportunity to Serve the State Court Complaint.**

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 10

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

Courts have also rejected snap removal in cases where the defendant removed so quickly that it prevented the plaintiff from having a reasonable opportunity to serve the forum defendant with the state court complaint. *See, e.g.*, *Teamsters Local 677 Health Servs. & Ins. Plan v. Friedman*, 2019 WL 5423727, at *4 (D. Md. 2019) ("[W]here, as here, a defendant files a notice of removal before the plaintiff has a reasonable opportunity to effectuate service of process, and the forum defendants were not added to prevent removal, the forum defendant rule precludes removal to federal court."); *Flandro v. Chevron Pipe Line Co.*, 2019 WL 1574811, at *6 (D. Utah 2019) (collecting cases) ("[W]here the facts show that the forum defendant is not a sham party, and that the removing defendant is attempting snap removal before the plaintiff has a reasonable opportunity to serve the forum defendant, courts do not countenance the absurd results flowing therefrom."); *Morris v. Alza Corp.*, 2010 WL 2652473, at *1-2 (E.D. Cal. 2010) (similar; "Authorizing remand under such circumstances is consistent with the purpose of § 1441(b) explained in *Lively v. Wild Oats Markets*, 456 F.3d 933 (9th Cir. 2006) . . ."); *Woods v. Dr. Pepper Snapple Group, Inc.*, 2020 WL 917284 (W.D. Okla. 2020) (rejecting snap removal four days after filing and holding that the snap-removal "exception applies [only] if plaintiffs did not have a reasonable opportunity to serve [the forum defendant] before Defendant removed this action").

In this case, Plaintiff was not able to serve Amazon the day it filed the complaint in state court because Amazon's registered agent closed before the complaint was filed. Calfo Decl., ¶ 7. Nevertheless, Plaintiff set the process server in motion the next morning, and served the state court complaint on both Defendants less than 24 hours after filing the complaint. *Id.* ¶¶ 7-8. The facts speak for themselves: Once Defendants received notice of the state court complaint from Plaintiff's counsel, Defendants rushed to file their notice of removal with the transparent purpose of beating Plaintiff to the punch. The court in *Woods* found that a window of "four days" was *not* sufficient time to give a plaintiff a "reasonable opportunity" to effectuate service. 2020 WL 917284, at *5. Surely, then, the same is true of the 22-hour window afforded to Plaintiff in this case.

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 11

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

C.     **Removal Was Also Improper Under Amazon's Own Forum Selection Clause.**

Amazon's removal was also improper for another reason, more specific to the facts here. A party to a contract with a forum selection clause that permits litigation in state court must respect that choice when made by the filing party. *See Am. Contractors Indemnity Co. v. DeCal Constr., LLC*, 2018 WL 4350063, *2 (C.D. Cal. 2018) ("[B]ecause Plaintiff commenced this suit in state court, and Defendant consented to that court's exclusive jurisdiction, removal is improper"); *Canon Fin. Servs., Inc. v. Kalmus*, 2020 WL 4333744, *4 (D. N.J. 2020) ("The Court finds the forum selection clause at issue in this case precludes removal once an action was filed in an appropriate forum."); *Bastami v. Semiconductor Components Indus., LLC*, 2017 WL 1354148 (N.D. Cal. 2017) ("the instant suit was filed in the California Superior Court for the County of Santa Clara, *one of the courts* to whose exclusive jurisdiction and venue Defendant agreed to.") (emphasis added; cleaned up). By consenting to the jurisdiction of the state court, the defendant is deemed to have waived its right to remove. *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216-17 (3d. Cir. 1991) (when a party expressly agrees to submit to the jurisdiction of a state court in a forum selection clause, it waives the right to seek removal on the basis that the forum selection clause also allows the matter to be heard in federal court); *InterDigital, Inc. v. Wistron Corp.*, 2015 WL 4537133, *1 (D. Del. 2015) (finding that the defendant waived its right to removal by "irrevocably consent[ing] to exclusive jurisdiction and venue of the state and federal courts in the State of Delaware"); *Am. Contractors*, 2018 WL 4350063, at *2 ("This suit was filed in Los Angeles County Superior Court, one of the courts to whose 'exclusive jurisdiction and venue' Defendants agreed to 'irrevocably consent.'"); *see also Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009) (upholding a district court's decision to remand to state court on the basis of a forum selection clause that read, "[a]ny action brought by any part to this Agreement shall be filed and venue shall be in the courts of the State of Oregon.").

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 12

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

Here, the Customer Agreement provides that "disputes will be adjudicated in the Governing Courts"—later defined as "the state *or* Federal courts in King County, Washington." Calfo Decl., Ex. 1 at ¶¶ 13.5, 14. The contract provides for "exclusive jurisdiction and venue" in such courts. *Id.* In light of that language, AWS cannot seek removal after Parler chose to file in state court. *See, e.g.*, *Nortek Security & Control LLC v. Security Data Supply, LLC*, 2018 WL 6411352, *1 (N.D. Cal. 2018) (defendant waived its right to remove from state court because it "consent[ed] irrevocably to the exclusive jurisdiction of California courts …."). Removal would also be improper even without the "exclusive jurisdiction" language, because the forum selection clause allows a plaintiff to sue in either jurisdiction. *See, e.g.*, *Canon Fin. Servs., Inc.*, 2020 WL 4333744, at *3 (defendant waived right to removal where the forum selection clause stated that actions "shall be brought in any state or federal court located in the County of Camden or Burlington, New Jersey"). It was up to Parler, as plaintiff, to determine where to sue and Parler chose to bring suit in state court, a venue to which Amazon had consented through the forum selection clause of the Customer Agreement. For this independent reason, the Court should remand.

### D. In the Alternative, the Court Should Dismiss Without Prejudice.

Alternatively, the Court should grant Plaintiff's motion to voluntarily dismiss, without prejudice, so that Parler may re-file in state court. *See* Fed. R. Civ. P. 41(a)(2). "A district court *should* grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (emphasis added; footnote omitted). No "plain legal prejudice" exists here.

In determining what qualifies as plain legal prejudice, "courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute of limitations defense." *Breuer*, 2020 WL 4260948, at *2 (citation omitted). The latter two factors are not at issue here. And "the loss of a federal forum does not constitute prejudice to

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 13

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

forum defendants." *Id.* (citation omitted). That is because "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Id.* (citation omitted). Hence, "[t]here is little concern that [Defendants] will suffer prejudice if Plaintiff[] refile[s] in King County Superior Court because, as . . . corporation[s] headquartered in Washington State, [they are] forum defendant[s]." *Id.* at *3. Defendants' "need for protection from out-of-state biases is 'absent' in King County Superior Court because it is headquartered in King County." *Id.* A Roman should have no fear of being deemed an outsider in the tribunals of Rome. Further, "[t]his case still is in its inception, meaning the loss of this forum will have a minimal impact on [AWS and Amazon]." *Id.*

It is true that a "district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling." *Maxum Indemnity Ins. Co. v. A-1 All American Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008). That is not an issue here. The kinds of adverse rulings one cannot avoid are "substantive rulings on the merits." *Breuer*, 2020 WL 4260948, at *4.[2] And here, this Court has not announced how it will rule on the merits. In sum, there is no "plain legal prejudice" here, especially given Defendants' gamesmanship, and it is Defendants' "burden to establish that it will suffer prejudice as a result of dismissal." *Id.* at *3. Absent such a showing, if the Court does not remand, it "should" grant Parler's alternative motion to dismiss without prejudice. *Smith*, 263 F.3d at 975.[3]

---

[2] In *Maxum*, "[p]rior to [a] motion to dismiss under Rule 41(a)(2), the district court had indicated to both parties how it planned to rule on [the movant's] claim . . ." 299 F. App'x at 666. Likewise, in *Terrovona v. Kincheloe*, 852 F.2d 424, 426 (9th Cir. 1988), the court denied a motion to dismiss because "[t]hree months after the [defendant] moved for summary judgment . . . [the plaintiff] filed a motion . . . to dismiss the petition without prejudice."

[3] "Courts consider three factors in determining whether to dismiss with or without prejudice." *Senne v. Kansas City Royals Baseball Corp.*, 2016 WL 3648547, at *2 (N.D. Cal. 2016). The first and second are "the defendant's effort and expense involved in preparing for trial," and is "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action." *Id.* (quotation omitted). Both factors favor dismissal without prejudice, given that Parler filed this motion less than two weeks after removal. The third factor is "insufficient explanation of the need to take a dismissal." *Id.* (quotation omitted). But Parler has more than a sufficient explanation for the need to dismiss: It seeks to pursue its state claims against local Defendants in state court.

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 14

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

An Eleventh Circuit case is on point: *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014). After the plaintiff there "sent courtesy copies of the complaint to all three defendants," before they had been served with the state lawsuit, two non-forum defendants removed the case based on diversity via "snap removal," even though another defendant was a citizen of the forum state. *Id*. The same day, one of the defendants filed an answer, thus precluding the plaintiff from filing a notice of voluntary dismissal. *Id*. at 1218-19. So, the plaintiff successfully moved for dismissal without prejudice under Rule 41(a)(2) to enable her to refile in state court and serve the forum defendant in such a way as to clearly prohibit a second removal. *Id*. On appeal, the Eleventh Circuit noted that "[t]he only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service." *Id*. And "in the face of such gamesmanship on the part of Defendants," the Court of Appeals rejected their efforts to "tie the district court's hands." *Id*.[4]

Here, as in *Goodwin*, "[t]here is also no indication that Defendants [will] suffer[] any prejudice from . . . dismissal, other than the loss of their preferred federal forum." *Id*. at 1222. "On the particular facts of this case, that loss does not amount to '[plain] legal prejudice.'" *Id*. "Defendants' purported right to be in federal court was based on a technicality; it was not at the core of what the removal statute protects." *Id*. For all these reasons, should the Court elect not to remand this case to state court, the Court should at very least grant Parler's motion for voluntary dismissal without prejudice so it can refile its suit in state court.

V. **CONCLUSION**

For these reasons, this Court should remand Plaintiff's complaint to the Superior Court for King County, Washington, or in the alternative, dismiss the complaint without prejudice.

---

[4] The Eleventh Circuit also pointed out that the defendants' "argument [in favor of snap removal], if accepted, would turn the statute's 'properly joined and served' [statutory] language on its head." *Id*.

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 15

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

1  DATED this 22nd day of March, 2021.

**CALFO EAKES LLP**

By      s/*Angelo Calfo*
    Angelo J. Calfo, WSBA# 27079
    1301 Second Avenue, Suite 2800
    Seattle, WA 98101
    Phone: (206) 407-2200
    Fax: (206) 407-2224
    Email: angeloc@calfoeakes.com

**DAVID J. GROESBECK, P.S.**

    David J. Groesbeck, WSBA # 24749
    1333 E. Johns Prairie Rd.
    Shelton, WA 98584
    Phone: (509) 747-2800
    Email:

**SCHAERR |JAFFE LLP**

    Gene C. Schaerr (*pro hac vice to be submitted*)
    H. Christopher Bartolomucci (*pro hac vice to be submitted*)
    1717 K Street NW, Suite 900
    Washington, DC 20006

    *Counsel for Plaintiff Parler LLC*

PLAINTIFF'S AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270) - 16

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224