THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON WEB SERVICES, INC., and AMAZON.COM, INC., <br><br> Defendants. | Case No. 21-cv-00270-BJR <br><br> SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR REMAND OR IN THE ALTERNATIVE FOR DISMISSAL WITHOUT PREJUDICE |

I, Angelo J. Calfo, declare as follows:

1. I am a practicing attorney in the State of Washington and a partner with Calfo Eakes LLP. I am counsel for Plaintiff Parler LLC ("Parler") in this matter. I am competent to testify and have personal knowledge of the matters described herein.

2. I submit this declaration in support of Plaintiff's Amended Motion for Remand and as a supplement to my prior declaration submitted on March 4, 2021 (Dkt. No. 4) with Plaintiff's original motion for remand (Dkt. No. 3). The present declaration sets forth additional information regarding events occurring after the filing of my prior declaration.

SUPPL. CALFO DECLARATION ISO PLAINTIFF'S
AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270-BJR) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

3. On March 12, 2021, I met and conferred via videoconference with counsel for Defendants, Ambika Doran and Alonzo Wickers, regarding Plaintiff's amended motion for remand. During the meet and confer, I explained to Mr. Wickers and Ms. Doran that, in connection with preparing the Corporate Disclosure Statement, Parler concluded that there was no diversity jurisdiction in this case. One of Parler's LLC members, NDM Ascendant LLC, is a Delaware citizen because one of NDM Ascendant LLC's members is a trust with a trustee incorporated and with its principal place of business in Delaware. I further explained that as a result, Parler is a citizen of Delaware and, as Defendants are both Delaware citizens, the parties lacked complete diversity. I noted to opposing counsel that, in Defendants' removal notice, they alleged that Parler was a citizen of Nevada because that was the state where it was formed. I explained that, since the filing of our original remand motion, we researched that legal assertion and found that established Ninth Circuit precedent holds that an LLC's citizenship for diversity purposes is determined by the citizenship of its members and not the state in which the LLC was formed. I asked Mr. Wickers and Ms. Doran what legal or factual investigation Defendants had conducted on Parler's citizenship prior to filing the notice of removal in this case, but Mr. Wickers and Ms. Doran declined to state what investigation had been undertaken. I suggested in this conversation and in subsequent email whether they hurriedly filed the removal notice with this inaccurate legal and factual assertion in order to get the removal notice on file before they were served so as to take advantage of the questionable snap removal procedure. Opposing counsel has not responded to this assertion, which I have made both verbally and in writing. I also asked whether Defendants would stipulate to remand of this case, given the lack of diversity, but Mr. Wickers and Ms. Doran stated that Defendants would not stipulate to remand at that time because they needed additional time to consider Parler's request.

4. I subsequently provided Mr. Wickers and Ms. Doran with case law relied upon by Parler LLC for purposes of establishing the lack of diversity, and I informed Mr. Wickers and Ms.

SUPPL. CALFO DECLARATION ISO PLAINTIFF'S
AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270-BJR) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Doran that if after three business days (*i.e.* by close of business on March 17, 2021) Defendants would still not stipulate to remand, then Parler would file an amended motion for remand.

5. Thereafter I exchanged emails with opposing counsel relating to their request for additional information (which, in effect, would be post-removal jurisdictional discovery) to support their speculation about the nature of the trust that is a member of NDM Ascendant LLC. I explained to opposing counsel that it was their obligation and their burden to prove diversity *before* removing, and that their efforts to obtain discovery after having removed the case based upon inaccurate statements of law and fact was improper. I nonetheless provided them with additional case law showing that the new theory of removal they were trying to develop lacked merit.

6. Defendants requested additional time via email to evaluate stipulating to remand and Parler agreed to allow until noon on Monday, March 22, 2021. Nonetheless, Defendants still have not agreed to stipulate to remand, even ten days after the parties' meet-and-confer on the issue. Accordingly, Parler has satisfied its obligation to meet and confer in accordance with Section II(C) of this Court's Standing Order.

I declare under perjury of penalty under the laws of the State of Washington and the United States that the foregoing is true and correct.

Signed at Seattle, Washington, this 22nd day of March, 2021.

By   s/*Angelo Calfo*
Angelo J. Calfo, WSBA# 27079

SUPPL. CALFO DECLARATION ISO PLAINTIFF'S
AMENDED MOTION FOR REMAND
(Case No. 2:21-cv-00270-BJR) - 3