The Honorable Barbara J. Rothstein

1

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9

10   PARLER LLC,                              Case No. 21-cv-00270-BJR

11                        Plaintiff,          DEFENDANTS' RESPONSE TO
                                              PLAINTIFF'S AMENDED
12        v.                                  MOTION FOR REMAND OR IN
                                              THE ALTERNATIVE FOR
13   AMAZON WEB SERVICES, INC., and AMA-      DISMISSAL WITHOUT
     ZON.COM, INC.,                           PREJUDICE
14
15                        Defendants.

16

17                           **I.    INTRODUCTION**

18        There is no question, as Parler claims, that this motion is the result of gamesmanship.  But

19   Parler, not Amazon, is the one playing games.  Parler first sought relief from this Court.  But after

20   Judge Rothstein denied Parler relief on the merits, Parler decided to shop for a different judge.

21   Finding one, of course, would prove difficult under the Federal Rules if AWS filed its answer.

22   And so Parler falsely induced AWS to defer its answer by twice promising that Parler would file

23   an amended complaint—all the while it was preparing a new complaint for a new lawsuit in state

24   court.  But for Parler's false promises to AWS and the Court, AWS would have answered the

25   original complaint, and Parler would have needed leave to evade this Court's dim view of Parler's

26   claims.  But for Parler's false promises to AWS and the Court, Parler could not, without leave,

27

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 1                      Davis Wright Tremaine LLP
21-CV-00270-BJR                                          LAW OFFICES
                                                     920 Fifth Avenue, Suite 3300
                                                       Seattle, WA  98104-1610
                                               206.622.3150 main · 206.757.7700 fax

have deprived AWS of the hard-won benefit of this Court's merits rulings and the resulting opportunity to secure a speedy dismissal with prejudice of Parler's claims—including, importantly, a federal antitrust claim over which no state court has subject matter jurisdiction.  Under the circumstances, Parler's pleas about sharp practices ring especially hollow.  To the contrary, it is difficult to conjure a less sympathetic movant.  Basic fairness demands retaining jurisdiction—at least to decide the factual disputes underlying diversity.  And a fair reading of the law empowers the Court to do so.  Parler's motion should be denied.

## II.     BACKGROUND

On January 11 , 2021, Parler filed a complaint against AWS in this Court, alleging claims for violation of the Sherman Act, breach of contract, and tortious interference, all arising from AWS's suspension of Parler's use of AWS services.  No. 21-0031 ("*Parler I*"), Dkt. 1, 2.  The complaint alleged that Parler is "a Nevada limited liability corporation with its principal place of business in Henderson, Nevada."  *See Parler I*, Dkt. 1 ¶ 10.  The same day, Parler filed a corporate disclosure statement, identifying as its members NDM Ascendant LLC, and as NDM Ascendant's members Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust.  *Parler I*, Dkt. 3.  On January 21, 2021, the Court denied Parler's request for a preliminary injunction, finding that Parler "failed to demonstrate that it is likely to prevail on the merits of any of its three claims."  *Parler I*, Dkt. 34 at 13.

On January 28, 2021, the parties stipulated to extend AWS's deadline to answer the complaint because "Parler intends . . . to amend its Verified Complaint."  *Parler I*, Dkt. 37.  The parties "agree[d]" that AWS "need not respond to Parler's Verified Complaint" because Parler "*will file an Amended Complaint no later than February 16, 2021.*"  *Id.* (emphasis added).  On February 15, 2021, the parties again agreed to extend the deadline for Parler's amended complaint, ostensibly because Parler had retained new counsel who needed more time "to assist Parler … with the filing of an Amended Complaint," and because Parler had been able to "get back online," which it claimed would "have a material impact on how Parler pleads the Amended Complaint."  *Parler I*,

1    Dkt. 40, at 2.  Parler again represented that it "*will file* an Amended Complaint no later than March
2    2, 2021."  *Id.* (emphasis added).

3           At 4:27 p.m. on March 2, Parler filed the complaint in this action against AWS and Ama-
4    zon.com, Inc. (collectively "Amazon") in King County Superior Court.  *See* Dkt. 1-5; Calfo Decl.
5    (Dkt. 4) ¶ 5.  The theme of this lawsuit is the same: AWS allegedly suspended Parler's use of
6    certain AWS services to eliminate a competitor of its own and of its customer Twitter.  *Compare*
7    *Parler I* Dkt. 1 ¶¶ 4-5, 30-35, *with* No. 21-0270 Dkt. 1-5 ¶¶ 3, 8, 17.  The new complaint concerns
8    the same events, alleges the same basic facts, and asserts two of the same claims.  *See id.*  Parler
9    no longer formally alleges an antitrust claim, but still alleges "AWS's willful interference was for
10   the improper purpose of restraining trade in violation of the Sherman Act."  Dkt. 1-5 ¶ 148.

11          Amazon's counsel became aware of the filing just after 6 p.m. on March 2.  Wickers Decl.
12   ¶ 2.  At around 11 p.m., Parler filed a notice of voluntary dismissal in the federal case.  *Parler I*,
13   Dkt. 47.  Because Amazon had not filed an answer, relying on Parler's representations that it was
14   working on an amended complaint, Parler was able to dismiss the case without prejudice and with-
15   out court approval.  *See* Fed. R. Civ. P. 41(a)(1).  At 12:06 a.m. on March 3, Parler's counsel
16   provided Amazon's counsel a copy of the state court complaint.  Wickers Decl. ¶ 2.

17          On March 3, Amazon removed to this Court.  Dkt 1.  The next day, Parler filed a motion
18   to remand.  Dkt. 3.  Parler did not claim diversity was lacking.  *Id.*  Instead, it argued: (1) Amazon
19   may not remove as a forum defendant; (2) the forum selection clause in the parties' agreement bars
20   removal; and (3) the court should grant Parler voluntary dismissal without prejudice.  Dkt. 3.
21   Parler did not meet and confer before filing its motion.  Wickers Decl. ¶ 3.

22          On March 5, 2021, Parler's counsel agreed in a phone call to a one-week extension of
23   Amazon's deadline to respond to the motion for remand, as well as to extend Amazon's deadline
24   to respond to the complaint until after a decision on the motion.  Wickers Decl. ¶ 4.  But when
25   Amazon's counsel wrote to confirm this agreement, Parler's counsel stated the agreement was
26   contingent on Amazon agreeing not to respond to the complaint at all.  *Id.*; Wickers Decl. Ex. A.

27

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 3
21-CV-00270-BJR

1    On March 11, 2021, Parler filed a sealed corporate disclosure statement, stating that the

2    Rebekah Mercer 2020 Irrevocable Trust has two trustees, including J.P. Morgan Trust Company

3    of Delaware.  Dkt. 15; Dkt. 20 at 5.  On March 12, 2021, Parler's counsel asserted that the parties

4    were not diverse because Amazon also is incorporated in Delaware.  Wickers Decl. Ex. B.

5    Public representations by Parler and its former CEO raise questions about the citizenship

6    of the trust.  In a recent letter to a Congresswoman, Parler stated that NDM Ascendant "is owned

7    and controlled by Rebekah Mercer"—without mentioning a trust or trustee.  Wickers Decl. Ex. D

8    at 3 n.8.  In his lawsuit against Parler, former CEO John Matze has alleged that NDM Ascendant

9    "simply served as Mercer's alter ego to mask her role in Parler."  Wickers Decl. Ex. E, ¶ 20.

10   On March 17, 2021, Amazon's counsel asked Parler to provide a copy of the trust instru-

11   ment and the citizenship of the beneficiaries.  *See* Wickers Decl. Ex. B.  Amazon's counsel ex-

12   plained that the information is relevant because, in some instances, the citizenship of the trust's

13   beneficiaries determines the citizenship of a trust for diversity jurisdiction.  *See id.*  Parler's counsel

14   refused.  *See id.*  Amazon's counsel requested the information again on March 18, and offered to

15   treat the information as confidential and limit distribution to attorneys only.  *See id.*  Parler's coun-

16   sel refused again, and on March 22, Parler filed its amended motion.  *See id.*; Dkt. 20.

17   On March 30, 2021, Amazon's counsel sent a letter to Parler's counsel seeking:

18       (1) a copy of the trust instrument;

19       (2) the state where each beneficiary of the trust is domiciled; and

20       (3) documents reflecting the date the trust became a member of NDM Ascendant, and

21       the date J.P. Morgan Trust Company of Delaware became a trustee.

22   Wickers Decl. Ex. C.  Amazon offered to stipulate to a remand should the information show the

23   parties are not diverse.  *Id.*  Although Parler controls the information that the Court needs to ascer-

24   tain citizenship, Parler again refused to provide that information and went so far as to threaten Rule

25   11 sanctions against Amazon for pursuing this targeted discovery.  Wickers Decl. Exs. F & G.

26

27

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 4
21-CV-00270-BJR

## III.    ARGUMENT

### A.    The Court Should Allow Limited Jurisdictional Discovery.

Diversity jurisdiction hinges on whether the Rebekah Mercer 2020 Irrevocable Trust—a member of an LLC that is a member of Parler—is, as Parler claims, a citizen of Delaware because one of its two trustees is a Delaware corporation.  Parler's remand motion lacks the information necessary for the Court to make this determination—and Parler refuses to provide it.

Contrary to Parler's argument, the trustee of a trust does not always determine the trust's citizenship.  The Supreme Court has held that nothing "limits an entity's membership to its trustees just because the entity happens to call itself a trust." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016).  In *Americold*, the Court looked to the citizenship of the beneficiaries of a real estate investment trust for diversity purposes because the trust was not "traditional." *See id.* at 383-84.  Since then, the Ninth Circuit has considered several factors to decide whether a trust is "traditional," such as the nature of the trust under state law, whether the trustee possesses "real and substantial control over the trust's assets," and the "rights, powers and responsibilities of the trustee, as described in the controlling agreement." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1229-30 (9th Cir. 2019) (citing *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 495 (D.C. Cir. 2016) and *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357 (5th Cir. 2017)).  In short, the Ninth Circuit requires that "*business reality* [be] taken into account for purposes of determining whether a trustee is the *real party to the controversy*." *Demarest*, 920 F.3d at 1227 (emphasis added) (quoting *Carden v. Arkoma Assocs.,* 494 U.S. 185, 191-92 (1990)).

Parler relies on *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894 (9th Cir. 2006), which predates *Americold*.  Dkt. 20 at 1, 5.  But the Ninth Circuit since has held that, while *Johnson* controls where "the trustee of a *traditional trust* is sued in its own name," *Americold* "might have somewhat complicated how we should ascertain the citizenship of a trust" in other contexts. *Demarest*, 920 F.3d at 1231 (emphasis added).  Thus, *Johnson* is not dispositive.

Neither Amazon nor the Court has the information needed to determine the citizenship of the trust, and Parler refused to provide that information informally—arguing that it is Amazon's

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

burden to show diversity.  But a district court is "'vested with broad discretion to permit or deny jurisdictional discovery.'"  *Sherman v. Haynes & Boone*, No. 14-01064, 2014 WL 4211118, at *2 (N.D. Cal. Aug. 22, 2014) (quoting *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).  "'[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'"  *Laub*, 342 F.3d at 1093 (reversing decision to deny discovery where "discovery would be useful to establish" jurisdiction) (internal quotations omitted).  Discovery is proper here because the record lacks information needed to determine the "business reality" of the trust that Parler claims destroys diversity.  Parler's amended remand motion includes no information related to the nature of the trust, the role of the trustees and the beneficiaries, or the residence of the beneficiaries— information that is in Parler's exclusive control and is relevant to the Court's analysis.

The need for discovery is even more compelling given public representations by Parler and its former CEO that NDM Ascendant "is owned and controlled by Rebekah Mercer," Wickers Decl. Ex. D at 3 n.8, and that that entity "simply served as Mercer's alter ego to mask her role in Parler," Wickers Decl. Ex. E ¶ 20.  "[A] more satisfactory showing of the facts is necessary," *Laub*, 342 F.3d at 1093, to determine the "real party to the controversy," *Demarest*, 920 F.3d at 1227.

Parler's argument that Amazon should have investigated Parler's alleged citizenship before removal misses the mark.  *See* Dkt. 20 at 3.  Tellingly, *Parler itself failed to discover this information* until after it filed its initial remand motion, which did not even raise the issue.  *Id.*; Dkt. 3. Moreover, the targeted information that Amazon has requested has been purposely concealed from the public.[1]  "[A] party should not be required to plead jurisdiction affirmatively based on actual knowledge" where, as here, "the information necessary to establish the diversity of the parties' citizenship [is] within the [opposing party's] control."  *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).  The *Carolina Casualty* court reversed dismissal and ordered the district court to revisit jurisdiction after further factual development.  *Id.* at 1088.

---

[1] Former Parler CEO John Matze has alleged that "[Rebekah] Mercer's ownership in Parler was initially intended to be secret, and thus held in the name of . . . NDM [Ascendent]."  Wickers Decl. Ex. E, ¶19.  Parler's letter to Congress, which acknowledged Mercer's interest, failed to disclose the interest of the trust.  *See* Wickers Decl. Ex. D.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

To the extent Parler suggests jurisdictional discovery must occur in state court before re-
moval, Parler is wrong.  "'Interrogatories may be propounded at the same time that the petition for
removal is filed.  If Plaintiff seeks remand, Defendant may request that the Court delay a decision
pending completion of limited discovery.'"  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691
(9th Cir. 2006) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 435 (W.D. Ky. 1994)).  Accordingly,
courts have permitted discovery when the removing defendant lacks the information necessary to
confirm diversity.  *See Daisy Tr. v. JP Morgan Chase Bank*, No. 13-009966, 2016 WL 7107762,
*3-4 (D. Nev. Dec. 6, 2016) (finding "insufficient evidence to establish the citizenship" of the
plaintiff trust, allowing 90 days for the defendants to "conduct jurisdictional discovery" regarding
"the nature of" the trust); *see also Stroman v. State Farm Fire & Cas. Co.*, No. 18-1297, 2019 WL
1760588, at *4 (W.D. Wash. Apr. 22, 2019) (reserving ruling on remand motion and granting
defendant's request for jurisdictional discovery related to joinder of non-diverse defendant).

Discovery before remand is particularly appropriate here, where Parler misled Amazon so
it would not file an answer to the federal complaint and Parler could more readily escape this Court
after it denied Parler's motion for preliminary injunction.  The Court should permit the limited
discovery Amazon requests:  (1) a copy of the trust instrument; (2) the state where each beneficiary
of the trust is domiciled; (3) documents reflecting the date the trust became a member of NDM
Ascendant; (4) the date J.P. Morgan Trust Company of Delaware became a trustee of the trust; and
(5) documents reflecting the nature of the relationship between the trustee and the beneficiaries
and/or establishing the independence of the trustee.[2]

The Court should also reject Parler's claim for attorneys' fees.  Parler relies only on *395
Lampe, LLC v. Kawish, LLC*, No. 12-1062, 2012 WL 3078599 (W.D. Wash. July 30, 2012).  But
in that case, the court awarded fees to the plaintiff because the removing defendant failed to allege
***its own*** citizenship.  *Id.* at *1.  Here, "the information necessary to establish the diversity of the

---

[2] These dates are relevant because, as Parler notes, jurisdiction depends "'upon the state of things at the time of the
action brought.'"  Dkt. 20, at 5 (quoting *Grupo Dataflux v. Atlas Glob. Grp..*, 541 U.S. 567, 570 (2004)).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 7
21-CV-00270-BJR

parties' citizenship [is] within [Parler's] control," and Amazon "should not be required to plead jurisdiction affirmatively based on actual knowledge." *Carolina Cas.*, 741 F.3d at 1087.

**B.      The Removal Statute Permitted Amazon to Remove Before Service.**

Under 28 U.S.C. § 1441(b)(2), a "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." (Emphasis added.) The statute's "plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined *and served*." *Encompass Ins. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added). Parler acknowledges that Amazon removed before service, *see* Dkt. 20 at 2-3, but claims that removal before service of a forum defendant—sometimes termed "snap removal"—is improper. Parler is wrong.

"The weight of authority is that snap removals are permitted under the forum-defendant rule." *Doe v. Daversa Partners*, No. 20-3759, 2021 WL 736734, at *4 (D.D.C. Feb. 25, 2021). In fact, the only three circuits to consider the question have interpreted § 1441(b)(2) to permit snap removal. *See Texas Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706 (2d Cir. 2019); *Encompass Ins.*, 902 F.3d at 152-53; *see also McCall v. Scott*, 239 F.3d 808, 813 n.2, *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001). Parler claims this line of authority is "distinguishable," but does not explain why. Instead, it cites a footnote in a district court decision that mistakenly states that the "majority view among federal circuits" rejects snap removal. *See* Dkt. 20, at 7 (quoting *Breuer v. Weyerhaeuser*, No. 20-0479, 2020 WL 4260948, at *1 n.3 (W.D. Wash. July 24, 2020)). But that is not the majority view, as the circuits to decide the issue have all found snap removal proper. *Breuer* relies on a law review article, 2020 WL 4260948, at *1 n.3, but the article does not discuss the view of federal circuits at all and pre-dates two of the three circuit court decisions on point. *See* Amir Shachmurove, *Making Sense of the Resident Defendant Rule*, 52 U.C. Davis L. Rev. Online 203, 207 (2019).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 8
21-CV-00270-BJR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Although the Ninth Circuit has not addressed the propriety of snap removal, it has interpreted identical language in 28 U.S.C. § 1446(b)(2)(A) the same way. *Baiul v. NBC Sports*, 732 F. App'x 529, 531 (9th Cir. 2018). That statute states that "all defendants who have been *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). In *Baiul*, the court affirmed a district court's denial of remand where an unserved defendant did not consent to removal, holding that "at the time of removal, all defendants who had been 'properly joined *and served*'—*i.e.*, NBC only—'join[ed] in or consent[ed] to the removal of the action,' which is all that § 1446(b)(2)(A) requires." *Baiul*, 732 F. App'x at 531 (emphasis added) (alterations in original) (citation omitted); *see also Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) ("'[I]dentical words used in different parts of the same act are intended to have the same meaning.'") (citations omitted).

Nor is there any merit to Parler's argument that snap removal is permissible, if ever, only when the plaintiff has served at least one defendant. Dkt. 20 at 9-10. For example, in *Encompass Insurance*, the Third Circuit affirmed denial of a remand motion where the defendant had agreed to accept service electronically before the plaintiff filed the complaint, and then removed before formally accepting service once the defendant realized there was diversity jurisdiction. 902 F.3d at 150. The court held "[t]here are simply no grounds upon which we could substitute [plaintiff's] interpretation [of § 1441] for the literal interpretation." *Id.* at 154. Here, unlike the party in *Encompass Insurance*, Amazon made no misrepresentations for procedural advantage—Parler did.[3]

Parler also relies on cases rejecting snap removal where the plaintiff does not have a "reasonable opportunity" to effect service. Dkt. 20 at 10-11; *see also Dechow v. Gilead Sciences, Inc.*, 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019) (permitting snap removal and distinguishing cases where "it was impossible for the plaintiff to serve defendants before removal"). But Parler had

---

[3] Parler argues that the word "any" in § 1441(b)(2) requires service of at least one defendant before removal. Dkt. 20 at 10. But "'[a]ny' can be either singular or plural; it therefore does not necessarily imply that multiple defendants must be present for the 'properly served' language to apply." *W. Bend Mut. Ins. Co. v. MSPPR, LLC*, No. 20-03308, 2021 WL 463259, at *4 (N.D. Ill. Feb. 9, 2021) (quoting Bryan A. Garner, Garner's Dictionary of Legal Usage 65-66 (3d ed. 2011)); *see also, e.g., Glob. Indus. Inv. Ltd. v. Chung*, No. 19-07670-LHK, 2020, 2020 WL 2027374, at *2 (N.D. Cal. Apr. 28, 2020) (denying remand and rejecting argument that snap removal is improper when "'there is only a single named defendant and that defendant is a forum citizen.'") (quoting plaintiff's motion).

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 9
21-CV-00270-BJR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the opportunity to effect service.  Parler could have served its complaint before filing, as Washington law permits.  *See* Wash. Civil R. 3(a).  Parler also could have served Amazon the day it filed—had it not waited until 4:27 p.m. to file.  Or Parler could have filed on the morning of the previous day or the morning of the following day.  In any event, "Congress may well have" intended a "bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant." *Gibbons*, 919 F.3d at 706; *see also Texas Brine*, 955 F.3d at 487 ("We will not insert a new exception into Section 1441(b)(2), such as requiring a reasonable opportunity to serve a forum defendant."); *Glob. Indus. Inv. Ltd. v. Chung*, No. 19-07670-LHK, 2020 WL 2027374, at *5 (N.D. Cal. Apr. 28, 2020) ("[T]he Court rejects Plaintiff's attempt to rewrite Section 1441(b)(2) to add a requirement that a plaintiff have a 'meaningful opportunity to serve' a defendant before allowing for pre-service removal.").

Courts have rejected Parler's argument that a literal interpretation of § 1441 creates an "absurd result" or "undermines the purpose" of the statute.  Dkt. 20 at 8.  "[T]he result here—that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship—is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair." *Gibbons*, 919 F.3d at 707; *see also Encompass Ins.*, 902 F.3d at 153-54 ("result may be peculiar" but does not "rise[] to the level of the absurd or bizarre"). Further, the statute's "apparent purpose" is to prevent "fraudulent joinder by a plaintiff," and permitting snap removal "protects the statute's goal without rendering any of the language unnecessary." *Id*.  Indeed, it would be "more absurd" "[t]o forbid snap removals" as that "would require a court to disregard the words 'properly joined and served' in some cases but not others." *W. Bend Mut. Ins.Co. v. MSPPR, LLC*, No. 20-03308, 2021 WL 463259, at *3 (N.D. Ill. Feb. 9, 2021).

This is not a situation where permitting pre-service removal would lead to absurd results. Parler induced Amazon to forgo filing an answer so that it could voluntarily and without court approval dismiss its claims and file this complaint in state court.  Thus, in this case, far from

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 10
21-CV-00270-BJR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   condoning gamesmanship by Amazon, permitting snap removal puts the parties in the same forum

2   in which they were initially—a forum that Parler itself chose by filing in federal court.

3   **C.      The Forum Selection Clause in the Parties' Agreement Does Not Preclude
            Removal.**

4
5   Parler also argues that the forum selection clause in its contract with AWS precludes re-

6   moval.  That clause states: "Any dispute or claim relating in any way to your use of the Service

7   Offerings, or to any products or services sold or distributed by AWS will be adjudicated in the

8   [state or Federal courts in King County, Washington], and you consent to exclusive jurisdiction

9   and venue in the [state or Federal courts in King County, Washington]." *See* Dkt. 4-1 (AWS

10  Customer Agreement ¶¶ 13.5, 14).  Parler's argument fails for at least two reasons.

11  First, defendant Amazon.com, Inc. is not a party to the agreement and is not bound by the

12  forum selection clause. *Id.* at 17 (defining contracting parties to include only AWS).  Removal by

13  that defendant is therefore proper, and the Court need look no further.

14  Second, the language of the forum selection clause does not prevent removal.  In fact, the

15  Ninth Circuit has affirmed a district court's decision to deny remand where the parties agreed to

16  "consent to the exclusive jurisdiction and venue of courts in King County, Washington … in all

17  disputes arising out of or relating to the use of this Website."  *Simonoff v. Expedia, Inc.*, 643 F.3d

18  1202, 1205 (9th Cir. 2011) (alteration in original).  Here, as in *Simonoff,* the fact that Parler (or the

19  plaintiff in *Simonoff*) chose to initiate suit in state court does not itself bar removal. *See also Inst.*

20  *of Inspection, Cleaning & Restoration Certification v. Textile Consultants, Inc.*, No. 13-5695, 2013

21  WL 12191396, at *1 (W.D. Wash. Oct. 28, 2013) (denying remand despite forum-selection clause

22  providing for venue "in Clark County, Washington"); *Merrell v. Renier*, No. 06-404, 2006 WL

23  1587414, at *2 (W.D. Wash. June 6, 2006) ("a forum selection clause that mandates venue 'in the

24  county of residence of the non-breaching party,'" does not "prohibit filing or removing an action

25  in a federal district court that encompasses the county").

26  Every case Parler cites is inapposite.  In two, the clauses expressly required that suit be

27  filed in state court.  *See Nortek Sec. & Control v. Sec. Data Supply*, No. 18-05271, 2018 WL

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 11
21-CV-00270-BJR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

6411352, at *1, *3 (N.D. Cal. Dec. 6, 2018) (party "'consents irrevocably to the exclusive juris-diction of California courts'"; venue "'shall be in Sonoma County" where "there is no federal district court'") (citation omitted); *Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009) ("'Any action brought by any party to this Agreement shall be filed and venue shall be in the courts of the State of Oregon.'") (citation omitted).  Two others required the removing party to submit to the other party's choice of forum.  *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1216-17 (3d Cir. 1991) (plaintiff consented "'*submit*' to '*any court*' of competent jurisdiction '*at the request of the Company*'") (emphasis in original); *Am. Contractors Indem. Co. v. DeCal Constr.*, No. 18-6381, 2018 WL 4350063, at *2-3 (C.D. Cal. Sept. 11, 2018) (defendants consented to "'venue in such court *as may be selected by the* [*plaintiff*]'" and "'*waive*[*d*] any and all rights to object to such venue'") (emphasis in original).  In the remaining cases, the parties "irrevocably" consented to litigate in state court.  *HMS Cornerstone Sols. v. Signorelli Co.*, No. 16-02986, 2017 WL 3433203, at *3 (E.D. Cal. Aug. 10, 2017) (distinguishing *InterDigital v. Wistron Corp.*, No. 15-478, 2015 WL 4537133, at *1 (D. Del. June 18, 2015)), Dkt. 20 at 12, on basis that forum selection clause required "irrevocable consent"); *Kathy Wu v. Sunrider Corp.*, No. 17-4825, 2017 WL 3475665, at *2 (C.D. Cal. Aug. 11, 2017) (distinguishing *Bastami v. Semiconductor Components Indus.*, No. 17-00407, 2017 WL 1354148, at *3 (N.D. Cal. Apr. 13, 2017)), Dkt. 20 at 12, on similar basis).

As these authorities demonstrate, AWS did not waive its right to remove by virtue of the forum selection clause.

### D.   The Court Should Deny Parler's Request for Voluntary Dismissal Without Prejudice.

Finally, Parler argues that the Court should allow voluntary dismissal under Fed. R. Civ. P. 41(a)(2) without prejudice, so that Parler may refile in state court and serve Amazon.  Dkt. 20 at 13-15.  Parler is entitled to a voluntary dismissal—but only one with prejudice.  Fed. R. Civ. P. 41(a)(1)(B) (second voluntary dismissal without court approval "operates as an adjudication on the merits").  The Court should decline Parler's request for a second chance to judge shop.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 12
21-CV-00270-BJR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). When ruling on such a motion, "'the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal.'" *Cent. Mont. Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 638 (9th Cir. 2011) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)). "'Each [voluntary dismissal request] must be determined on its own particular facts.'" *Rustad v. Bank of Am. Corp.*, No. 16-72, 2018 WL 1865929, at *1 (D. Mont. Apr. 18, 2018) (quoting *Blue Mountain Constr. Co. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959)).

Importantly, "[a] district court's conclusion that [a] Rule 41(a)(2) motion [is] motivated by forum shopping [is a] proper ground for denying the motion." *Corales v. Flagstar Bank, FSB*, No. 10-1922, 2011 WL 1584284, at *2 (W.D. Wash. Apr. 26, 2011) (citing *Cent. Mont.*, 422 F. App'x at 637-38). In *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380 (9th Cir. 1986), for example, the trial court granted summary judgment on a counterclaim but reconsidered and vacated its ruling; the counterclaimant requested dismissal "so that it could pursue its claim in a related action" before a different judge. *Id.* at 1383. The Ninth Circuit affirmed denial of the motion for dismissal, finding that the "district court was justified in finding that Tenneco was forum shopping" by evading the judge who made and then retracted the summary judgment ruling. *Id.* at 1389-90.

Further, "'the avoidance of an adverse ruling is an abusive reason to seek dismissal.'" *Corales*, 2011 WL 1584284, at *2 (quoting *Whitney v. Donley*, No. 05-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008)). It is also a telltale sign of forum or judge shopping. *Compare Kern Oil*, 792 F.2d at 1389-90; *Foreman v. Pac. Int'l Rice Mills, Inc.*, No. 07-1522, 2008 WL 3876314, at *2 n.2 (E.D. Cal. Aug. 20, 2008) ("[T]he court has not made any rulings at all, let alone rulings adverse to plaintiffs, which therefore minimizes the likelihood that forum-shopping prompted the motion."). Thus, courts deny voluntary dismissal where the defendant "'would be deprived, at the very least, of the benefit of rulings favorable to him'" and "'[plaintiff] is seeking to dismiss the case in order to avoid an adverse determination on the merits as well as the effect of

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 13
21-CV-00270-BJR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   other unfavorable, though not necessarily, dispositive rulings of this Court.'" *EON Corp. v. Apple*
2   *Inc.*, No. 14-5511, 2015 WL 4914984, at *5 (N.D. Cal. Aug. 17, 2015) (quoting *AF Holdings v.*
3   *Navasca*, No. 12-2396, 2013 WL 1748011, at *3-4 (N.D. Cal. Apr. 23, 2013)) (denying dismissal
4   after adverse ruling on venue, with summary judgment motion pending); *see also Thatcher v.*
5   *Hanover Ins. Grp.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (A "'party is not permitted to dismiss
6   merely to escape an adverse decision nor to seek a more favorable forum.'") (citation omitted).

7         Parler's judge shopping is evident.  Parler chose to sue in this Court.  After this Court
8   reviewed evidence and argument related to Parler's request for a preliminary injunction, the Court
9   concluded that "the likelihood of Parler prevailing on its claims is not a close call."  *Parler I*, Dkt.
10  34, at 12.  Parler then ***twice*** represented to Amazon and this Court that it would file an amended
11  complaint, and that Amazon "need not respond to" the complaint.  Amazon relied on that repre-
12  sentation, all while Parler was drafting a complaint to file in state court.  Parler's objective was,
13  quite clearly, to escape this Court after the adverse preliminary injunction ruling.

14        Parler argues that denial of dismissal is appropriate only where the plaintiff acts to avoid a
15  "near-certain adverse" and "substantive ruling[] on the merits."  *See* Dkt. 20 at 14.  But the question
16  is whether the "motion was motivated by forum shopping."  *Corales*, 2011 WL 1584284, at *2.
17  Such motivation exists just as clearly here as in *Kern Oil*, where the claimant sought to avoid trying
18  a claim before a judge who entered and then withdrew a summary judgement ruling on the claim.
19  *See* 792 F.2d at 1389-90.  Here, Parler seeks to avoid trying its case before the judge who ruled
20  that Parler's claims are unlikely to succeed on the merits.  If anything, Parler's request for dismissal
21  is even more clearly motivated by judge shopping because this Court has not backtracked from its
22  preliminary ruling.  Parler seeks to avoid "the effect of [an] *unfavorable, though not necessarily[]*
23  *dispositive*[,] ruling[] of this Court."  *EON Corp*, 2015 WL 4914984, at *5 (emphasis added).

24        Predictably, Parler claims there is a "more than sufficient explanation" for all of this.  *See*
25  *Lawrence v. Murphy*, No. 15-1132, 2016 WL 1697070, at *3 (W.D. Wash. Apr. 1, 2016) (factors
26  relevant to voluntary dismissal include whether the plaintiff provides "insufficient explanation
27  [for] tak[ing] a dismissal"), *report & recommendation adopted by* 2016 WL 1688052 (W.D. Wash.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 14
21-CV-00270-BJR

Apr. 27, 2016).  Parler explains that it simply wanted to "pursue its state claims" in state court.

Dkt. 20, at 14 n.3.  But the complaint merely alleges the same acts under newly contrived causes

of action.  Indeed, although Parler has removed its sole federal claim, it still alleges that Amazon

acted with anti-competitive motives.  *See, e.g.*, Dkt. 1-5 ¶¶ 17, 35, 48, 55, 67, 82 ("AWS did not

want Parler to be able to . . . compete effectively with . . . Twitter."), 141, 156, 162, 174, 175, 191,

218, 244; *see also* Wickers Decl. Ex. H, at 4 (video at 9:10-11:22) (interview with Parler's CEO

less than two weeks before Parler filed the state complaint, stating that Parler believes there are

"all kinds of anti-trust violations that have taken place").  Parler does not simply want to "pursue

its state claims"; it wants to pursue essentially the same claims regarding the exact same events

before a different judge.

Parler's reliance on *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014), is misplaced.

In that case, the court granted voluntary dismissal as a way to "undo *Defendants'* gamesmanship."

*Id.* at 1221 (emphasis in original).  The court found the "only reason this case is in federal court

is" defendants' use of snap removal while the plaintiff could not possibly serve her complaint.  *See*

*id.*  Here, in contrast, the "only reason" this case originated in state court is because Parler misled

this Court and Amazon about Parler's supposed amended complaint.  Thus, granting voluntary

dismissal here would condone and facilitate gamesmanship, rather than "undo" it.

The Court should deny Parler's request for dismissal.

## IV.   CONCLUSION

For these reasons, the Court should deny Parler's motion for remand and grant Amazon's

request for jurisdictional discovery.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 15
21-CV-00270-BJR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Dated this 12ᵗʰ day of April, 2021.

2

3                                          Davis Wright Tremaine LLP
                                           Counsel for Defendants Amazon Web Services, Inc.
4                                          and Amazon.com, Inc.

5

6                                          By /s/ Ambika Kumar Doran
                                              Ambika Kumar Doran, WSBA #38237
7                                             Robert E. Miller, WSBA #46507
                                              Caesar D. Kalinowski, WSBA #52650
8                                             920 Fifth Avenue, Suite 3300
                                              Seattle, WA 98104
9                                             Telephone: 206-622-3150
                                              E-mail: ambikadoran@dwt.com
10                                            E-mail: robertmiller@dwt.com
                                              E-mail: caesarkalinowski@dwt.com
11

12

13                                            Alonzo Wickers IV (pro hac vice)
                                              865 S. Figueroa Street, Suite 2400
14                                            Los Angeles, CA 90017
                                              Telephone: 213-633-6800
15                                            E-mail: awickers@dwt.com

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 16
21-CV-00270-BJR

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

Declared under penalty of perjury under the laws of the state of Washington, dated at Mountlake Terrace, Washington, this 12th day of April, 2021.

*s/ Michelle Stark*
Michelle Stark

DEFENDANTS' RESPONSE TO PLAINTIFF'S
AMENDED MOTION FOR REMAND - 17
21-CV-00270-BJR