THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER, LLC, <br><br>     Plaintiff, <br><br> vs. <br><br>AMAZON WEB SERVICES, INC., and AMAZON.COM, INC., <br><br>     Defendants. | Case No.  21-cv-00270-BJR <br><br> PLAINTIFF PARLER LLC'S REPLY IN SUPPORT OF ITS MOTION FOR REMAND |

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

## I.  INTRODUCTION

Incredibly, Amazon Web Services, Inc. and Amazon.com, Inc. (collectively, "Amazon") do not dispute that the sole basis for diversity jurisdiction cited in Amazon's Notice of Removal was false. This Court's local rules (LCR 101(f)) and controlling Ninth Circuit authority clearly state that the citizenship of an LLC is based on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Nonetheless, Amazon engaged in hasty "snap removal" based on a false premise that Amazon cannot defend —*i.e.*, that the citizenship of Parler, which Amazon knew was an LLC, should be determined based on the legal standard for ordinary corporations. Indeed, Amazon's failure to argue that its Notice of Removal was proper amounts to a concession that it was *im*proper. *See, e.g.*, LCR 7(b)(2) ("if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit"); Second Suppl. Decl. of Angelo J. Calfo (2d Supp. Calfo Decl., ¶¶ 5-10, Exhibits 1-3). Because Amazon concedes that its removal notice was based on a false allegation, the inquiry into whether remand is appropriate should end—remand is necessary.

Instead of defending its Notice of Removal, Amazon asks this Court to grant jurisdictional discovery so that Amazon can fish for a *new* basis for federal jurisdiction. But Amazon does not cite a single case in which a court permitted a defendant who removed based on an admittedly false premise to then conduct discovery in search of a new theory for jurisdiction. It would be unfair to let Amazon, or any other party, obtain removal through false allegations and then try to cure that defect through discovery. Such a practice would encourage future defendants to remove when they have no basis to do so, in the hope that they might subsequently learn new facts retroactively justifying that decision. The Court should not countenance Amazon's request.

Amazon has wasted this Court's and Parler's time and resources. Whether for lack of jurisdiction, by rejecting the gimmick of snap removal, or on grounds of AWS's own contract, this

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 1
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Court should remand this case to state court, thereby preventing Defendants from continuing to further delay this litigation. Alternatively, the Court should dismiss this case without prejudice so that Parler, as master of its complaint, can refile in state court.

## II.  ARGUMENT

**A.  Amazon Had No Basis To Allege Diversity Jurisdiction When It Removed—And Was On Notice That There Was No Such Basis.**

LCR 101(f) required Amazon to "identify [in its notice of removal] the citizenship of the … members of [an LLC] to establish the Court's jurisdiction." LCR 101(f); *see also Lapointe v. 3M Co.,* 2018 WL 5242859 at *1 (W.D. Wash. 2018) (remanding case and denying jurisdictional discovery where there was "doubt" that there was a right to remove in the first instance.) Controlling Ninth Circuit authority provides that, in analyzing diversity, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson,* 437 F.3d at 899. Rather than follow the local rule, and in disregard of controlling authority, Amazon misled this Court when it claimed in its notice of removal that there was diversity based on the false contention that "Parler . . . is a citizen of Nevada" because "its principal place of business [is] in Henderson, Nevada." Removal Notice, ¶ 9. And Amazon was on notice that Parler was an LLC that may have Delaware citizenship nearly *two months* before Amazon sought removal to this Court. *See* Case No. 2:21-cv-00031-BJR, Dkt. No. 3 (W.D. Wash.).[1]

In other words, Amazon (1) hastily removed about 20 hours after receiving notice of Parler's state complaint; (2) did so on false grounds; and (3) did not investigate whether its claimed basis for removal was reasonable after being on notice that its grounds were likely wrong. Now Amazon tries to cover up its false allegation by seeking jurisdictional discovery in a last-ditch

---

[1] Amazon suggests (at 2) that Parler claimed Nevada citizenship in its January federal complaint. But that is not true—Parler never claimed it was a Nevada citizen. After all, it had no need to do so, as its federal complaint was based on federal question, not diversity jurisdiction. *See* 2d Supp. Calfo Decl., ¶¶ 5-9. Indeed, the same complaint pointed out that Parler was an LLC with a member in Delaware. *See* Case No. 2:21-cv-00031-BJR, Dkt. No. 3.

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 2
(Case No. 2:21-cv-00270-BJR)

effort to erase all of that. But a defendant must have "an objectively reasonable basis for removal" when it *removes*—not months later when it hopes to get lucky with jurisdictional discovery. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). And "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198, n. 1 (9th Cir. 2015). Here, the pleadings at the time of removal clearly show that Amazon claimed diversity based on Parler's principal place of business, which is legally erroneous. *See Johnson* 437 F.3d at 899. To allow jurisdiction to be determined after removal based on something other than the pleadings would mean there would be no incentive for those seeking to invoke the jurisdiction of federal courts to investigate the grounds for diversity or to honestly state the basis for jurisdiction. Behavior such as Amazon's should not be rewarded; otherwise a dangerous precedent will be set: Don't investigate jurisdiction, provide false statements to the court, and you can get out of state court and get jurisdictional discovery in federal court while you delay the state proceeding. Countenancing Amazon's shenanigans here violates the "strong presumption against removal jurisdiction." *See also Hunter v. Philip Morris USA*, 582 F.3 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Amazon's attempt at jurisdictional discovery also reverses the burden for removal. It is blackletter law that "the *defendant* always has the burden of establishing that removal is proper" and the court must "resolve[] all ambiguity in favor of remand to state court." *Id.* Yet Amazon claims that Parler's motion lacks evidence necessary to disprove jurisdiction and demands Parler prove it is a citizen of Delaware by divulging sensitive documents. Opp. at 5. But it is not Parler's burden to prove or disprove diversity—it's Amazon's. Thus, Amazon's claim that "Parler itself failed to discover this information until after it filed its initial remand" is irrelevant. Opp. at 6.

To justify its extraordinary request for discovery, Amazon argues that "[p]ublic representations by Parler and its former CEO raise questions about the citizenship of the trust."

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 3
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Opp. at 4.  But the two pieces of ostensible evidence it points to do not in any way show that one of NDM Ascendant's members is not a Delaware trust—indeed, Parler and its counsel have represented to the Court in their corporate disclosure statement that one of the members *is* a trust and that one of the trustees of that trust is a citizen of Delaware.  What is more, Amazon's request for discovery, based on the notion that Parler's corporate disclosure statement is incorrect, only reinforces that Amazon had no objective basis on March 3, 2021, for removal.  Sanctions are thus warranted.  *See* 2d Supp. Calfo Decl., ¶¶ 4-12.

Defendants also claim (at 5-6) they have magic bullets in a Supreme Court case, *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016), and a Ninth Circuit case applying it, *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223 (9th Cir. 2019).  Defendants (at 5) characterize *Americold* as altering how one determines the citizenship of a trust. But *Demarest* itself rejects that notion: "Although Demarest suggests that *Americold* constituted a sea change in how courts determine the citizenship of a trust, we do not find the decision to be quite so momentous." *Demarest*, 920 F.3d at 1228.  Rather, *Americold* merely "rearticulated that which we already knew: 'when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes.'" *Id*. (quoting *Americold*, 136 S.Ct. at 1016).  But unlike in *Americold* and *Demarest*, here a trustee is *not* being sued in her own name. *Id.*[2]  Thus, *Americold* and *Demarest* are inapplicable to how one determines the citizenship of Parler.  And *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d at 899 (holding an LLC's citizenship is determined by its

---

[2] Further, *Americold* involved a special type of real-estate investment trust.  *See Rosas v. NFI Indus.,* 2021 WL 672989, at *3 (E.D. Cal. 2021) ("to analyze the citizenship of a traditional trust for the purposes of diversity jurisdiction, courts must look to the citizenship of the trustee or trustees . . . As [*Demarest*] explained, the Supreme Court has established a different rule for entities like so-called real-estate investment trusts (REITs) and other artificial entities created by state law, which may share the name trust but have little in common with the traditional trust entity that establishes a fiduciary relationship between the trustee and one or more beneficiaries. . . . [The *Americold*] rule does not apply to traditional trusts, which still must be analyzed according to the citizenship of their trustees.") (citations and quotations omitted).  Amazon has no facts upon which to assert that the trust at issue here is a real estate investment or similar trust.

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 4
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

members and a trust's citizenship is determined by its trustees), still controls.

In any event, whether to allow jurisdictional discovery is at the Court's discretion. *See Madden v. Cowen & Co.*, 576 F.3d 957, 974 (9th Cir. 2009). And given the false grounds for diversity jurisdiction in Amazon's removal notice, caused by its haste to play the controversial trick of "snap removal," and despite notice for two months that there were no grounds for diversity, this Court should not exercise its discretion to order jurisdictional discovery here.

**B.      Amazon's Actions Show Why This Court Should Not Create an Intra-District Conflict By Endorsing the "[C]ontroversial" Practice of Snap Removal.**

As Parler already showed, "snap removal" has sharply divided federal courts, and the Ninth Circuit has *not* endorsed the gimmick. Amazon glosses over in its response that it was not just any "district court" that strongly criticized "snap removal" and declared that the majority of courts have rejected it, Opp. at 8—it was this *very* Court just *last* year. *Breuer v. Weyerhaeuser NR Co.*, 2020 WL 4260948, at n.3, *4 (W.D. Wash. 2020) (Robart, J.). Thus, Amazon seeks to have this Court create a conflict with itself.

In addition, "snap removal" is inconsistent with the purposes of the forum-defendant rule, as identified by the Ninth Circuit: "to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oaks Markets,* 456 F.3d 933, 940 (9th Cir. 2006). "The need for such protection is absent, however, in cases"—such as this one—"where the *defendant* is a citizen of the state in which the case is brought." *Id*. Thus, "the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." *Id*. And the Ninth Circuit has indicated that the "joined and served" language of Section 1441(b)(2)— on which Amazon relies for "snap removal"—has been *misinterpreted* to "expand[] removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 5
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1174, 1176 n.1 (9th Cir. 1969).  Instead, "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id*. at 1176.  *Lively* and *Morris* are the clearest commands of the Ninth Circuit on "snap removal" and militate against its viability.

In support of these points, and in contradiction to Amazon's claim (at 8) that all the circuits that have considered "snap removal" have adopted it, stands *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014).  There, the same day the plaintiff filed suit, she "requested and paid for the service of process on all three defendants by the state court clerk," and "[s]he also sent courtesy copies of the complaint to all three defendants." *Id.* at 1218.  After receiving the courtesy copy but before any defendants had received service of process, two defendants "snap removed." *Id*.  On appeal the Eleventh Circuit noted that "the *purported* removability of the present case was based on a technicality." *Id*. at 1222 (emphasis added).  The court found that "[t]he only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting . . . Plaintiff's courtesy in sending them copies of the complaint." *Id*. at 1221.  And the court rejected Defendants' efforts to "tie the district court's hands in the face of such gamesmanship on the part of Defendants." *Id*. (emphasis added).  Further, the Court pointed out that the defendants' "argument [in favor of snap removal], if accepted, would turn the statute's 'properly joined and served' language on its head." *Id*.  That logic applies here too.

Amazon also tries to avoid caselaw holding that, even in districts where "snap removal" is allowed sometimes, it is not allowed when a plaintiff does not have a "reasonable opportunity" to serve defendants, by arguing (at 9-10) that Parler could have served its complaint before filing.  But the caselaw does not require that—and Amazon failed to distinguish the cases on which Parler relied.  *Compare* Mot. for Remand, at 11, *with* Opp. at 9-10.  And this caselaw found no reasonable opportunity for service—thus *prohibiting* snap removal—for periods much longer than the twenty-two hours at issue here (without regard to whether the plaintiffs could have served their complaints

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 6
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

before filing).³  It strains logic and basic math that twenty-two hours provides a reasonable opportunity when two, four, eight, or ten days does not.⁴

Finally, courts that have allowed "snap removal" have tended to require that at least one defendant has been served to "protect[] against docket trolls with a quick finger on the trigger of removal." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322-323 (D. Mass. 2013).  And that is the very practice that Amazon has admitted to here.  Opp. at 3.

C. **Defendants Are Bound By the Forum Selection Clause, Precluding Removal**

Defendants offer two responses to Parler's' showing that the Forum Selection Clause prevents removal.  The first is that only AWS, not Amazon, is a party to the contract and bound by the Clause, so removal is allegedly proper.  Opp. at 11.  But this argument makes little sense.  After all, Amazon and AWS *jointly* removed the case to federal court.  They are thus joined at the hip as far as removal goes.  And if AWS was contractually barred from removing the case, it cannot piggyback on Amazon.  Defendants cite no authority that would enable such a move.

Additionally, given that AWS is a prominent subsidiary of Amazon and that, with Amazon as enabler, it has relied on its platform and infrastructure to attract Parler and other similarly situated customers, they should be treated the same under the Forum Selection Clause.  Both Amazon and AWS are incorporated in Delaware with their nerve centers in Washington.  Each profits off the other for their collective name recognition and brand.  And they are acting not only in concert but as one entity in this very litigation.  They have retained the same lawyers; their arguments are the same; the facts pertaining to their interaction with Parler makes them materially

---

³ *See Teamsters Local 677 Health Servs. & Ins. Plan v. Friedman*, 2019 WL 5423727 (D. Md. 2019) (eight days); *Flandro v. Chevron Pipe Line Co.*, 2019 WL 1574811 (D. Utah 2019) (ten days); *Morris*, 2010 WL 2652473 (two days); *Woods v. Dr. Pepper Snapple Group, Inc.*, 2020 WL 917284 (W.D. Okla. 2020) (four days).
⁴ *See also Snyder v. Moore*, 2014 WL 11032956, at *2 (W.D. Okla. 2014) ("there is no question the forum defendants are properly joined and that plaintiff intended to serve them"); *Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F. Supp.2d 1263, 1267 (D.N.M. 2013) (holding literal application of "properly joined and served" inappropriate when "Plaintiffs moved forward with serving the forum defendant shortly after th[e] matter was removed").

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 7
(Case No. 2:21-cv-00270-BJR)

indistinguishable from one another; and they will sink or swim together based on the outcome of this case. Only the most willful blindness to the Amazon-AWS corporate reality could counsel a contrary inference, *i.e.*, that Amazon should be treated differently than AWS under the Clause. *See*, *e.g.*, *United States v. Bestfoods*, 524 U.S. 51, 62-63 (1998) (declining to permit the parent-subsidiary relationship to be abused as a cover when "the corporate form would otherwise be misused to accomplish certain wrongful purposes"). Given all this, Defendants' claim that they should be treated as different entities for our purposes is not just wrong, it is evasive.

Second, Amazon relies on *Seminoff v. Expedia, Inc.*, 643 F.3d 1202 (9th Cir. 2011), to argue that the Clause does not prevent removal. That reliance is mistaken. Interpreting a forum selection clause, *Seminoff* held that, where the clause refers to "the courts in [a particular state]," that can mean both federal and state courts. *Id*. at 1205-06. Thus, *Seminoff* rejected the plaintiff's argument there that remand was proper after defendant removed because the clause only allowed suit in state court. *Id*. at 1207. But *Seminoff* never reached the issue here—whether a forum selection clause that explicitly allows for suit in either state or federal court in a particular county means that once suit is brought in state court the clause prevents removal to federal court based on waiver. Accordingly, *Seminoff* does not help Amazon avoid the Clause.

Other federal courts *have* decided that question—against Amazon's position. A close parallel to this case is the recently-decided order to remand in *Canon Fin. Servs., Inc. v. Kalmus*, 2020 WL 4333744 (D. N.J. 2020)—a case Parler raised in its Motion and Amazon failed to address. In *Canon*, "the forum selection clause at issue in this case [was found to] preclude[] removal once an action was filed in an appropriate forum." *Id*. at *4. The procedural posture was identical to the one here: Both state and federal courts could exercise jurisdiction over the dispute; and despite the plaintiff's first-mover suit filed in state court, the defendant tried to remove. *See id.* at *1, *3—4. The district court was not having it. Crucially, in *Canon* (unlike in *Seminoff*),

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 8
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

the waiver issue *was* ably argued and judicially resolved.  *See id*. at *1, *3—4.  The district court found that the forum selection clause "constitute[d] a waiver of the right to remove to federal court if a party files suit in . . . state court." *Id*. at *3 (internal quotation marks omitted).

Likewise, Amazon tries to distinguish *Bastami v. Semiconductor Components Indus., LLC*, 2017 WL 1354148 (N.D. Cal. 2017), but the forum selection clause there was identical to the one here, *see id.* at *3, and the court concluded remand was required because "the instant suit was filed in the California Superior Court for the County of Santa Clara, *one of the courts* to whose exclusive jurisdiction and venue Defendant agreed to," *id.* at *6. (cleaned up).  In short, Amazon chose to waive removal when it allowed in its Customer Agreement for suit in either state *or* federal court in King County.  It must now lie in the bed it has made.

**D.     If the Court Does not Remand, Dismissal Without Prejudice is Proper**

Amazon argues that dismissal without prejudice is not proper because, it erroneously says (at 1-3 & 12-15) that Parler has engaged in "gamesmanship"[5] by asking for an extension to file an amended complaint but not ultimately filing it—and instead moving for voluntary dismissal.  But it is not true that Parler misled Amazon to delay filing its answer: At the time Parler and Amazon stipulated to the extension for filing both, Parler planned on filing an amended complaint and had, in fact, drafted a 65-page complaint that Parler was working on as late as February 17, 2021—twenty days after the stipulation.  *See* Calfo Dec. ¶ 15.  And when Parler requested an extension, it never waived its right to change its mind and voluntarily dismiss.  The reality is, Parler changed its mind on its legal strategy with the addition of new local counsel and it was not bound to file an amended complaint.  *Id.,* ¶¶ 14-17; *see also Id.*  ¶¶ 18-20 (regarding Amazon's claim of unprofessional conduct).

---

[5] Amazon also complains that Parler did not meet and confer before Parler filed its first Motion for Remand.  But there is no general requirement for a meet-and-confer, and at that time the case had not been assigned to Judge Rothstein and was therefore not subject to her Standing Procedure Order.  *See* Dkt. No. 11.

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 9
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Amazon also levies the charge of judge shopping. Yet this court voluntarily dismissed Parler's federal complaint (which was based on federal question jurisdiction from a federal claim), and nothing prevents Parler from altering its strategy and deciding instead to pursue state claims in Washington court. If it is improper "judge shopping" to voluntarily dismiss a case in federal court and then file an action in state court, plaintiffs would never be able to do so—yet the law plainly permits them to do so. *Id*., ¶¶ 14-17.

Amazon similarly claims (at 13-14) that Parler is trying to avoid an adverse ruling. But there was no ruling on the merits in the original federal case and no ruling whatsoever *in this case*. Defendants' attempt to import this Court's ruling in a separate case that was voluntarily dismissed is not supported by the cases they rely on: There the plaintiffs were seeking to dismiss to avoid a ruling in *that* case, not a previous one.[6] Since there have been no rulings in the state case or in this removed case (and no ruling on the merits in the prior case), voluntary dismissal will not deprive Defendants "of the benefit of [a] ruling favorable to [them]." *EON Corp*. 2015 WL 4914984, at *5. Further, as in *Goodwin*. "[t]here is also no indication that Defendants [will] suffer[] any prejudice from . . . dismissal, other than the loss of their preferred federal forum." 757 F.3d at 1222. And "that loss does not amount to '[plain] legal prejudice.'" *Id*. "Defendants' purported right to be in federal court was based on a technicality; it was not at the core of what the removal statute protects." *Id*. Voluntary dismissal without prejudice is therefore proper.

### III.   CONCLUSION

Parler respectfully asks the Court to grant this motion and award Parler's fees and costs.

---

[6] *See Corales v. Flagstar Bank*, 2011 WL 1584284, at *1 (W.D. Wash. 2011) (seeking to avoid adverse ruling in same case); *White v. Donley*, 2008 WL 4184651, at *1 (C.D. Cal. 2008) (same); *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986) (same); *EON Corp. v. Apple Inc.*, 2015 WL 4914984, at *1 (N.D. Cal. 2015) (same); *AF Holdings v. Navasca*, 2013 WL 1748011, at *1 (N.D. Cal. 2013) (same); *Foreman v. Pac. Int'l Rice Mills, Inc.*, 2008 WL 3876314, at *2 n.2 (E.D. Cal. 2008) (approving voluntary dismissal so plaintiffs could file state action).

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 10
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

DATED this 26th day of April, 2021.

**CALFO EAKES LLP**

By   s/*Angelo Calfo*
Angelo J. Calfo, WSBA# 27079
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Phone:  (206) 407-2200
Fax:  (206) 407-2224
Email: angeloc@calfoeakes.com

**DAVID J. GROESBECK, P.S.**

David J. Groesbeck, WSBA # 24749
1333 E. Johns Prairie Rd.
Shelton, WA 98584
Phone:  (509) 747-2800
Email: david@groesbecklaw.com

**SCHAERR |JAFFE LLP**

Gene C. Schaerr (*pro hac vice to be submitted*)
H. Christopher Bartolomucci (*pro hac vice to be submitted*)
1717 K Street NW, Suite 900
Washington, DC 20006

*Counsel for Plaintiff Parler LLC*

PLAINTIFF PARLER LLC'S REPLY ISO MOTION
FOR REMAND - 11
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224