THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARLER, LLC,

Plaintiff,

vs.

AMAZON WEB SERVICES, INC., and AMAZON.COM, INC.,

Defendants.

Case No. 21-cv-00270-BJR

SECOND SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR REMAND OR IN THE ALTERNATIVE FOR DISMISSAL WITHOUT PREJUDICE

I, Angelo J. Calfo, declare as follows:

1. I am a practicing attorney in the State of Washington and a partner with Calfo Eakes LLP. I am competent to testify and have personal knowledge of the matters described herein. I submit this declaration to supplement my earlier declaration in support of Parler's Amended Motion for Remand or in the Alternative for Dismissal Without Prejudice ("Amended Motion") (Dkt. #21) and to supplement my prior declaration submitted on March 4, 2021 (Dkt. No. 4) with Plaintiff's original motion for remand (Dkt. No. 3). The present declaration sets forth additional information in opposition to Amazon's opposition brief responding to Parler's Amended Motion.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

2. On February 13, 2021, Parler retained me and the law firm Calfo Eakes LLP to represent it in connection with its dispute with Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon").

3. At the time I was retained, the Court had already denied Parler's motion for preliminary injunction in the action entitled *Parler v. Amazon Web Services*, Case No. 2-21-CV-00031. Parler asked Calfo Eakes to review the matter and to make recommendations, in conjunction with existing Parler counsel, on how to proceed. As discussed in greater detail below, in the weeks following my retention by Parler, Parler decided to dismiss its federal complaint and proceed to re-file in state court, alleging only state court claims.

4. On March 2, 2021, Parler filed its state court complaint. Within 24 hours of filing in state court, Amazon removed the case to federal court, purportedly based on diversity jurisdiction, even though it is a "forum defendant" based in Washington. Its removal was based on the questionable "snap removal" theory, and based on Amazon's critical factual allegation that Parler and Amazon were citizens of different states.

5. In first reviewing its removal notice filed on March 3, 2021, I saw that Amazon alleged that Parler was a Nevada citizen because its principal place of business was Nevada and because that was its state of formation. Because Parler itself was not alleging diversity of citizenship as a basis for federal court jurisdiction—and Parler never had (its prior case alleged federal jurisdiction based on the existence of federal claims)—I was not immediately aware that this allegation by Amazon was not only an incorrect statement of the law but was false. For that reason, we immediately moved to remand based only on, among other things, invalidity of the "snap removal" procedure employed by Amazon.

6. After Amazon removed the case to federal court, the Court ordered Parler to file a corporate disclosure statement by March 11, 2021. As jurisdiction was now purportedly based on diversity of citizenship, the Court's local rules required Parler to state the citizenship of the LLC's

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

members in the corporate disclosure statement. As we gathered information on Parler's citizenship in order to file the corporate disclosure statement, we learned that the legal and factual assertion by Amazon in the removal notice that Parler was a citizen of Nevada was inaccurate. For one thing, the leading Ninth Circuit cases on the matter make it clear that an LLC's citizenship for diversity purposes is based on the citizenship of its members and, if a traditional trust is a member, on the citizenship of the trustees. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Demarest v. HSBC Bank USA,* 920 F.3rd 1223, 1228 (9th Cir. 2019). For another, we learned that no member of Parler was a citizen of Nevada as Amazon had alleged.

7. On March 11, 2021, as directed by the Court, Parler filed a corporate disclosure statement identifying *all* the members of Parler. This disclosure statement was filed in redacted form to avoid public identification of Parler's owners, all with Amazon's consent and on court order. While the identity of Parler's members was redacted from the public court file, Amazon received a copy of the disclosure statement without redactions and is fully aware of the identity of Parler's members.

8. As the corporate disclosure statement showed, one of Parler's members is NDM Ascendant LLC ("NDM"), a Delaware company. The members of NDM included a resident of New York and an irrevocable trust, one of whose trustees was incorporated in Delaware with its principal place of business in Delaware. Thus, under the Ninth Circuit precedent referenced above, Parler was clearly not a citizen of Nevada based on its place of incorporation, as Amazon had recklessly alleged, but rather a citizen of Delaware. This showed that, contrary to the allegation in Amazon's removal notice, there was not complete diversity of the parties and thus diversity jurisdiction did not and does not exist.

9. It became clear to us that Amazon had deliberately or recklessly alleged that Parler was a Nevada citizen because it did not have sufficient time upon which to conduct a reasonable investigation and still be able to employ the questionable "snap removal" procedure. Had Amazon

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

even waited 25 more minutes to file its removal notice, it would not have had even arguable grounds to remove the case to federal court. So Amazon had a choice to make: inaccurately allege that Parler was a citizen of Nevada for diversity purposes because that is where it was formed and does business, or conduct a reasonable legal and factual investigation, or discovery in state court, to determine with accuracy Parler's citizenship based on the citizenship of Parler's LLC members. Amazon chose the former and made the inaccurate legal and factual allegation to expedite removal to federal court under the "snap removal" theory.

10. As recounted in my supplemental declaration, we have asked Amazon's counsel on several occasions—both orally and in writing—to explain what investigation Amazon performed into its legal and factual allegation in the removal notice that Parler was a Nevada citizen. Amazon's counsel has refused to respond to this question on repeated occasions.

11. Exhibit 1 is a true and correct copy of a set of the email exchanges between Amazon's counsel and me asking them to explain, among other things, how Amazon could possibly have reasonably alleged that Parler was a citizen of Nevada for diversity purposes in its removal notice. In these communications, we also explain why we declined to provide additional discovery regarding Parler's citizenship: namely, that it would be unfair to permit Amazon to make false allegations about Parler's citizenship to get into federal court and then propound discovery in an attempt to manufacture a new basis for diversity jurisdiction that it did not investigate prior to removal—and in the process further delay the proceedings in state court. Further, Amazon conceded in this emails that its counsel "recognize the citizenship of an LLC is determined by the citizenship of its members at the time of removal," directly contrary to the statements in Amazon's removal notice. Ex. 1 at p. 8.

12. Exhibits 2 and 3 to this declaration are true and correct copies of correspondence on these issues between Amazon's counsel and me. Exhibit 2 is a letter to Amazon providing notice of our intent to bring a Rule 11 sanctions motion based on the false statement in its removal

LAW OFFICES
CALFO EAKES LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

notice. We have not received a response to this letter. We intend to serve Amazon with our motion for sanctions promptly. Exhibit 3 is a second letter to Amazon's counsel explaining why Amazon's request for jurisdictional discovery is unfair and without basis in law. We have received no response to this correspondence.

13. Amazon's opposition brief makes several claims of sharp practices by Parler but does not even mention Amazon's false allegation contained in its removal notice about Parler's citizenship. That false allegation remains before this Court uncorrected by Amazon or its counsel. Instead of conceding to the Court, as it should, that its original removal notice contained a material false allegation, Amazon's counsel chose to claim that Parler's counsel have been deceptive. This is an obvious effort to employ the "best defense is a good offense" approach. As shown below, Amazon's allegations about Parler's conduct make mountains out of molehills – and are at best misleading.

14. For example, when I was retained, it was my expectation (contrary to Amazon's suggestion) and that of Parler's existing counsel that an amended complaint would be filed in federal court. Had we already decided to file in state court, we could simply have dismissed the federal court complaint without prejudice as of right and filed a state court complaint. We did not need to induce Amazon's counsel to agree to an extension in order to dismiss and refile in state court. For this reason, it is nonsensical for Amazon to claim that it was somehow deceived or defrauded when Parler's counsel advised that it intended to file an amended complaint in federal court. Parler had nothing to gain by making such a representation.

15. In any event, at the time Parler's counsel had those discussions with Amazon, Parler did intend to proceed in federal court. In fact, Parler continued to draft an amended complaint to file in federal court until about February 17, 2021. On or about February 17, 2021, Parler began to consider whether to dismiss the federal court action and refile in state court. After further consideration and consultation with its counsel, on or about February 25, 2021, Parler determined

LAW OFFICES
CALFO EAKES LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

that it would likely dismiss the federal court complaint and proceed to file state claims in state court. One reason for this decision was the more liberal Washington state discovery standards and more liberal pleading standards. Based on my thirty-five years of practice, I see nothing nefarious in this decision. Plaintiff has a right to choose where to bring any case, as long as the forum is legally appropriate. Courts typically defer to the plaintiff's choice of forum.

16. Amazon's suggestion that Parler and, by implication, its counsel, sought to avoid litigating before this Court—specifically, the Honorable Judge Barbara J. Rothstein—is unfair and inaccurate. I find it presumptuous for Amazon and its counsel to assume that this Court would rule in its favor on a dispositive motion seeking to dismiss the claims in Parler's amended complaint. The state court complaint only contains two of the same causes of action that existed in the original federal complaint, as Amazon concedes. Also, a preliminary injunction ruling is just that—it is preliminary. It is not a ruling "on the merits" as Amazon repeatedly claims in its responsive brief. Moreover, the Court's preliminary injunction ruling would have no collateral estoppel effect on consideration of any motion to dismiss Amazon may have brought had Parler decided to continue to proceed in federal court. Also, the amended complaint, in addition to adding new state court claims, refines the existing claims in a way that, in our view, amply resolves the concerns about the merits expressed in the Court's earlier ruling.

17. In any event, having appeared before this Court on multiple occasions as a federal prosecutor and as a private practitioner, both in connection with trials and many other types of hearings, I am quite certain the Court is aware that I have the highest level of respect for this Court. I would have no reason to believe that the Court would do anything other than dispassionately and with integrity rule on any motions that Amazon might have brought had we not proceeded in state court. I certainly did not come to the conclusion that we would not receive a fair hearing before the Court on our new amended complaint with the new claims. Rather, as noted above, the decision

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

was made that Parler's case was best in state court given state discovery rules and pleading standards.

18. Amazon's counsel also claims that I engaged in sharp practices in relation to their request for an extension of time to respond to our motion to remand, claiming I would only agree to an extension if they agreed not to respond to the complaint until our remand motion was decided. Amazon's counsel is correct that I made the request that the parties not continue to litigate in federal court until our remand motion was filed in this case. I made this request for the simple reason that I did not want the parties to spend money litigating the federal court case if this Court ultimately decided to remand the matter to state court. And, in my initial conversation with Amazon's counsel, Amazon *agreed to not to respond to the complaint prior to the remand motion being decided*, but then turned around and wrote a confirming email omitting confirmation of that promise. For that reason, I wrote back to Mr. Wickers and expressed my disappointment in the difference between what he promised in our conversation and what he said in his "confirming" email. I told him that it was especially disappointing that he was backing off his commitment because I had already told my client, Parler, that Amazon had agreed to refrain from filing an answer in exchange for our agreement to extend the date for Amazon's response to our motion to remand. Attached as Exhibit 4 is a true and correct copy of the complete email exchange between Mr. Wickers and me on this issue, which corroborates the assertions in this paragraph.

19. In any event, in a subsequent conversation and email with Amazon's counsel, we were told by Amazon's counsel that it did not need an extension of time. *See* Exhibit 1, p. 8. In response, in a subsequent oral conversation, I also explained to them that an extension of the response date was unnecessary for the additional reason that we would be filing an amended motion to remand based on, among other things, Amazon's false statement in its removal notice that Parler was a citizen of Nevada. We never denied Amazon or their counsel an extension beyond the initial deadline for filing a response to our remand motion.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

20. Amazon later, on March 23, 2021, asked for a two-day extension of its deadline to file its answer. We agreed, and Amazon's response was "We appreciate the courtesy." *See* attached Exhibit 5, a true and correct copy of which is attached hereto.

21. In sum, as shown above, Amazon's claim that Parler engaged in sharp litigation practices is unfounded and strategic. The real issue here is that Amazon deliberately or recklessly alleged that Parler was a Nevada citizen by falsely alleging that Parler's citizenship for diversity purposes would be determined by its state of formation or its principal place of business when it must have known that Parler's citizenship was based on the citizenship of its LLC members. And it made those false allegations without taking the time to conduct an investigation into Parler's citizenship because it wanted to remove the case to federal court based on a "snap removal" procedure. This conduct is the definition of sharp and unethical litigation practices, and Amazon has thereby delayed the state court action and forced Parler to incur substantial fees and costs.

Signed under penalty of perjury under the laws of the United States of America, at Seattle, Washington, this 26th day of April, 2021.

By s/*Angelo Calfo*
Angelo J. Calfo, WSBA# 27079

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224