**EXHIBIT 1**

| | |
|---|---|
| **From:** | Kumar, Ambika |
| **To:** | Angelo Calfo; Wickers, Alonzo |
| **Cc:** | Henry Phillips; Andrew DeCarlow; Smith, Lesley; cbartolomucci@schaerr-jaffe.com |
| **Subject:** | RE: Further meet and confer |
| **Date:** | Thursday, March 18, 2021 11:13:31 AM |
| **Attachments:** | image001.png |

Angelo,

Thank you. We are familiar with *Demarest*, which as you know, concludes with the statement "*Americold* might have somewhat complicated ***how we should ascertain the citizenship of a trust***, but it upset neither Navarro nor our precedent in cases where, as here, the trustee of a traditional trust is sued in its own name. Because HSBC and the other Defendants were not, like Demarest, citizens of California, there was complete diversity, and the district court properly exercised diversity jurisdiction." 920 F.3d at 1231.

*Demarest* and other cases also make clear the relevance of the nature of the trust. So we believe we are entitled to additional information, namely the trust instrument and beneficiaries. We can agree to treat that information as attorneys' eyes only, to the extent there are confidentiality concerns.

With respect to your intention to file by noon today, we again respectfully request that you defer that motion until we have a chance to flesh out the issues and fully consult with our client, who is on vacation, and who has not made a decision on your proposed stipulation.

To the extent that basis is not sufficient, our client contact, Jeff Dean, has indicated he is friends with Chris Bartolomucci, and asked that we convey to Chris (copied) that Jeff would very much appreciate the courtesy on a personal level, as Jeff is on vacation with his wife and young children.

Regards,
Ambika

**Ambika Kumar** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Thursday, March 18, 2021 7:43 AM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Smith, Lesley <LesleySmith@dwt.com>
**Subject:** RE: Further meet and confer

Ambika,

I understand that the Amazon defendants now wish to conduct due diligence into the propriety of

their removal notice, which, at the time of filing, was based upon a misstatement of law and an inaccurate statement of fact (namely, that Parler's citizenship was to be determined on the basis of the state of its organization and that Parler was a citizen of Nevada).  Those misstatements were or should have been known to the Amazon defendants at the time the removal notice was filed.

The Amazon defendants had an obligation to conduct diligence *prior* to filing their removal notice, and their attempt only now to seek information to support their invalid removal notice is improper. As you know, the Amazon defendants hastily removed this case to federal court without doing proper due diligence in order to take advantage of the questionable "snap removal" procedure.  Had the Amazon defendants conducted due diligence prior to filing, they would have been served with the state court complaint and their ability to take advantage of the disfavored snap removal procedure would have been lost.  It is unfair and, in our view, further gamesmanship to seek removal on new  grounds only after Amazon removed the case from state court based on misstatements of law and fact.

Amazon's speculation that the Rebekah Mercer Trust is somehow subject to a different rule of citizenship post-*Americold* is erroneous.  The Amazon defendants are grasping at straws now that they have to acknowledge that their original removal notice was improvidently filed without proper due diligence.  The controlling case post-dating *Americold* is the Ninth Circuit's decision in *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1229–30 (9th Cir. 2019).  There, the Ninth Circuit made clear that the citizenship of traditional trusts continues to be determined by the citizenship of their trustees, post-*Americold*.  *See also Rosas v. NFI Indus.,* No. 221CV00046WBSCKD, 2021 WL 672989, at *3 (E.D. Cal. Feb. 22, 2021) ("to analyze the citizenship of a traditional trust for the purposes of diversity jurisdiction, courts must look to the citizenship of the trustee or trustees, not the beneficiaries. . .") (citations and quotations omitted).

We hope that the Amazon defendants will discontinue their efforts at after-the-fact discovery and tardy explanations for their improper original filing.  Please let us know by noon today if the Amazon defendants will stipulate to a remand order.  If not, we will plan to file our amended remand motion and request fees.

Angelo

---

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Wednesday, March 17, 2021 1:43 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Smith, Lesley <LesleySmith@dwt.com>
**Subject:** RE: Further meet and confer

Angelo,
Thanks for your response.  We are talking with our client at 8:30 p.m. and should have an answer for you after that (tonight or first thing in the morning).

In addition, we'd like to ask you to share the following information with us: the trust instrument, the beneficiaries, and the citizenship of the beneficiaries.  This information is relevant.  It appears to us that *Johnson*'s holding was limited by the Supreme Court's decision in *Americold Realty Trust v. ConAgra Foods, Inc.*, such that the trust's beneficiaries, not trustees, are relevant for diversity purposes in certain cases.  *See, e.g., RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689 (7th Cir. 2016).

We will report back on Amazon's decision once we've talked to our client this evening.

Regards,
Ambika

**Ambika Kumar** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Tuesday, March 16, 2021 5:46 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Smith, Lesley <LesleySmith@dwt.com>
**Subject:** RE: Further meet and confer

Thank you, Ambika.

The case provided to you in my initial email below, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), stated that "[a] trust has the citizenship of its trustee or trustees" in the diversity jurisdiction analysis.  *Johnson* specifically analyzed the citizenship of an LLC where one of the LLC's members was a trust.  The trustee of that trust was incorporated in Delaware and had its principal place of business in Minnesota.  We're aware of no case that states that the analysis of an LLC's citizenship is different when it is a plaintiff or a defendant, and there's no rational basis for believing that the analysis would be different.  That said, here's a case that demonstrates just that:  *Park Lane-Reno Partners, LLC v. Syufy Enterprises*, No. 320CV00596MMDCLB, 2020 WL 6445092, at *2 (D. Nev. Nov. 3, 2020).

We have given you ample time to consider our position.  This is not a complicated issue, and the case law is consistent throughout the country on the issue whether a trust has the citizenship of its trustees—it clearly does.

Judge Rothstein suggests three business days as an allotment for allowing an opposing party time to meet and confer.  If we don't hear back from you by tomorrow at close of business, our client would like to move the matter forward and file its amended motion.

Please do not hesitate to let me know if you have any questions.

Angelo

---

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Tuesday, March 16, 2021 3:42 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Smith, Lesley <LesleySmith@dwt.com>
**Subject:** RE: Further meet and confer

Hi Angelo,
No, you should not read anything into our filings today, which had been queued up to file regardless of our decision on the remand issue.

Our client has asked us to investigate further the removal issues, and we cannot give you a firm answer today. If you have a case where a trust was a member of the plaintiff LLC and its citizenship was that of its trustee, that would be of great help.  In the meantime, we hope to get you an answer within the next couple of days.

Regards,
Ambika

**Ambika Kumar** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika
-
Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Tuesday, March 16, 2021 2:32 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Smith, Lesley <LesleySmith@dwt.com>
**Subject:** RE: Further meet and confer

Hi Ambika and Alonzo,

I'm checking in to see if we should expect to hear back from you today.  I saw that you filed a verification of the state record and also moved Alonzo into the case pro hac vice, which indicates to me that you do not intend to stipulate to a remand.  Please let me know.

Angelo

**From:** Angelo Calfo
**Sent:** Saturday, March 13, 2021 10:41 AM
**To:** 'Kumar, Ambika' <AmbikaKumar@dwt.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>;
Smith, Lesley <LesleySmith@dwt.com>
**Subject:** RE: Further meet and confer

Hi Ambika and Alonzo,

Thank you for agreeing to confer with us yesterday afternoon.

As we mentioned, Parler intends to file an amended notice of remand on additional two grounds.  First, as noted in our email below, Defendants Amazon.com and Amazon Web Services removed this case to federal court based on an allegation that they knew or should have known was inaccurate—namely, that, for diversity purposes, Parler's state of citizenship was Nevada because it is an LLC organized under the laws of that state.  It is well-established that an LLC's citizenship for diversity purposes is determined by the citizenship of its members and not by the state in which it was formed.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  We are concerned that Defendants decided to make this inaccurate allegation in order to take advantage of the questionable "snap removal" procedure.  Had Defendants taken the time to conduct due diligence into Parler's citizenship for purposes of determining diversity jurisdiction, they would not have been able to file their notice of removal prior to being served with Parler's state court complaint.  We asked yesterday what due diligence Defendants performed into Parler's citizenship for diversity purposes prior to filing the notice of removal and you declined to answer.

The second basis for Parler's amended motion to remand is that there is not, in fact, complete diversity of the parties.  As the corporate disclosure statement we provided on March 11 shows, one of Parler's members, NDM Ascendant LLC, is a Delaware LLC, and one member of that LLC is a trust formed under Delaware law.  One of the trustees, J.P. Morgan Trust Company of Delaware, is both headquartered and incorporated in Delaware, making it a citizen of Delaware.  *See Johnson*, 437 F.3d at 899 (holding that a "trust has the citizenship of its trustee or trustees").  Because Defendants are also Delaware citizens for diversity purposes, there is not complete diversity of the parties, which is a requirement for the exercise of federal jurisdiction in this case.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 609, 163 L. Ed. 2d 415 (2005) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806) (noting that the statutory formulation "between ... citizens of different States" requires complete diversity between all plaintiffs and all defendants).

We do intend to request attorneys' fees for our efforts to have this matter remanded to state court because we do not believe there was an objectively reasonable basis for Defendants to

file a notice of removal.

During our conversation, you asked whether NDM Ascendant LLC's citizenship had changed since the filing of the state court complaint.  The suggestion was that the composition of NDM Ascendant's members changed since the filing of the notice of removal in order to defeat diversity jurisdiction.  As I told you, it is not our burden to prove diversity—it is Defendants'. Notwithstanding, I represented to you during our call and I represent to you now that NDM Ascendant's citizenship is the same today as it was on the date the state court complaint was filed.

You asked why we hadn't identified this issue earlier.  As I mentioned, we took Defendants notice of removal at face value.  It represented that Parler's citizenship for diversity purposes was Nevada.  As we gathered the information relating to Parler's members citizenship, and reviewed Ninth Circuit law, we determined that our trust in the legal and factual representations in Defendants' notice of removal was misplaced.  Once we had done our due diligence and determined the inaccuracy of the assertion in the notice of removal, we notified you immediately.  We respectfully suggest that Defendants should have engaged in that same due diligence prior to filing a notice of removal.

Our request is that Defendants stipulate to an order remanding the case.  If you so stipulate, we will agree to waive our right to attorneys' fees.  You stated that you would not be able to respond until early next week, as you needed time to confer with your clients.  We hope to hear from you by Tuesday close of business.

Thank you for engaging in the meet and confer and for considering our position set forth above.

Angelo

---

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Friday, March 12, 2021 12:41 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Smith, Lesley <LesleySmith@dwt.com>
**Subject:** RE: Further meet and confer

Angelo,
Thanks for your email.  We're not sure what motion you are asking to confer about (since a motion for remand is already pending), but we can respond to the substance of your email.

The basis for the allegation is Parler's original complaint in the federal action, in which it alleged that "Plaintiff Parler LLC is a Nevada limited liability corporation with its principal place of business in

Henderson, Nevada."

That said, we recognize the citizenship of an LLC is determined by the citizenship of its members at the time of removal.  Parler's corporate disclosure statement in the federal action stated that its members are John Matze and NDM Ascendant LLC, and that NDM Ascendant LLC's members are Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust.  Public reports suggest Ms. Mercer resides in New York, and we have no reason to believe the Trust destroys diversity.

If you still intend to file a motion of some sort, let's have a call.

Finally, with regard to the extension request, we no longer need it.  Judge Rothstein's orders require a response within 21 days, so our response will be due March 25, not March 22.

Regards,
Ambika

**Ambika Kumar** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Thursday, March 11, 2021 3:31 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>
**Subject:** Further meet and confer

Ambika & Alonzo,

We write to schedule another meet and confer relating to our motion to remand.

Your notice of removal makes the following allegation:



You do not cite a case for this proposition and it also appears that it is an incorrect statement of the law and of fact, which would have been evident had the most basic legal research and investigation been performed.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As you know, it is necessary that Amazon have had an "objectively reasonable basis" for

removal of a matter to federal court.  It is quite clear that it did not, and its notice of removal concealed that.  Please advise us of the investigation conducted by Amazon to determine the veracity of paragraph 9 both respect to law and fact.

We would like to meet and confer either today or tomorrow.  I'm available the rest of the afternoon and most all of tomorrow as well.

Best regards,

Angelo

Angelo J. Calfo
**CALFO EAKES LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
T: 206 407 2210 | C: 206 229 3441 | www.calfoeakes.com

*Notice:  this internet e-mail message may contain confidential, privileged information that is intended only for the addressee. If you have received this e-mail message in error, please call us immediately at (206) 407-2210 and ask to speak to the message sender. Thank you. We appreciate your assistance in correcting this matter.*

**EXHIBIT 2**



**Angelo J. Calfo**
angeloc@calfoeakes.com
(206) 407-2210

April 7, 2021

<u>*Via Email*</u>

Ambika Kumar Doran
Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
ambikadoran@dwt.com

> Re:   *Parler v. Amazon Web Services, Inc. et al.*: Case No. 21-cv-00270-BJR—
>       Rule 11 Letter

Dear Ambika:

We have exchanged several emails regarding the improper filing of a notice of removal by Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon"), which resulted in Parler's state court complaint—which only contains state law claims against forum defendants—being removed to federal court without a good faith basis.

In those prior emails, we asked Amazon to describe the investigation it conducted into the following legal and factual assertions in its March 3, 2021 notice of removal: "Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada. . . Parler therefore is a citizen of Nevada." Dkt. 1, p. 3, ¶ 9.  The removal notice also alleges, based on this assertion, that "[t]his case satisfies the complete diversity requirement" and, "[b]ecause Defendants are not citizens of the same state as Parler, the parties are completely diverse." *Id.* at ¶¶ 8 and 11.  Your most recent communications with us are an acknowledgment that these assertions in the removal notice are false and do not support your diversity jurisdiction allegations.  However, you have declined our repeated requests that Amazon stipulate to a remand order.

At the time it filed its removal notice, Amazon knew or should have known that its allegation regarding Parler's citizenship was false.  When Amazon asserted that the citizenship of Parler LLC for diversity purposes depended on the state of its formation or its principal place of business, on what authority did it rely to make that assertion?  The fact is there is *no* authority to support this assertion.  Moreover, the local rules explicitly state that a removing defendant must

Ambika Kumar Doran
April 7, 2021
Page 2

allege the citizenship *of an LLC's members*.  *See* LCR 101.  Clearly, Amazon's inaccurate allegation was made deliberately or with reckless disregard for its accuracy.

In the short time after Parler provided Amazon a courtesy copy of the state court complaint, but before Amazon was served, Amazon *did* take the time to uncover an esoteric pathway to removal, called "snap removal."  Pursuing snap removal, Amazon filed the notice of removal claiming diversity jurisdiction *even though* it was a forum defendant.  As we have explained in our motion, the snap-removal procedure has been described as "questionable" and as "gamesmanship" by a majority of courts.  But, more to the point, is it Amazon's contention that, prior to filing its removal notice, it conducted legal research that allowed it to identify this esoteric snap-removal procedure, but it did *not* conduct research into the proper method of determining citizenship of an LLC for purposes of removal?  It seems implausible, to say the least, that Amazon would explore the avenue of an esoteric legal technique (snap removal) but not also observe the local rules on alleging diversity citizenship or address a core issue purporting to support subject-matter jurisdiction.

We note that Amazon chose not to cite a single court decision or any other authority in its removal notice to support its claim that Parler's citizenship for diversity purposes was to be determined by the state of its formation or its principal place of business, even though its removal notice contains citations for its other assertions.  Is it Amazon's contention that its lawyers, prior to filing its removal notice, utterly failed to determine the proper legal test for citizenship of an LLC to determine diversity?  We do not believe that to be the case.

The reason Amazon chose to proceed with its false legal assertion in the removal notice—deliberately or otherwise—seems clear: To take advantage of the snap removal procedure, Amazon had to file its removal notice *immediately*.  If it had waited even another hour to conduct appropriate legal and factual due diligence, it would have been served with Parler's state court complaint before filing its removal notice, and its ability to employ the questionable snap removal procedure would have been lost.  In short, Amazon deliberately or recklessly alleged that Parler was a Nevada citizen for diversity purposes and it knew that in order to quickly file its notice of removal, it had to make that inaccurate allegation.  This conduct is highly improper and, in our view, sanctionable.

Despite this sanctionable conduct, which landed Parler in federal court without a legal or factual basis, Amazon now seeks jurisdictional discovery from Parler.  We address that request by separate correspondence.  Suffice to say that Amazon's effort to leverage its false statements regarding Parler's citizenship in its removal notice to gain jurisdictional discovery is as improper as its original false filing.  Amazon should not be rewarded with discovery after making false statements in its removal notice.

Ambika Kumar Doran
April 7, 2021
Page 3

Amazon's assertion in its removal notice that Parler is a citizen of Nevada, and that therefore, there is complete diversity of citizenship, runs afoul of Rule 11(b).  That rule provides:

> [B]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, *formed after an inquiry reasonable under the circumstances*:  . . . (2) the . . . *legal contentions are warranted by existing law* . . . [and] (3) the *factual contentions have evidentiary support*[.]

(emphasis added).   Amazon did not conduct a reasonable inquiry into Parler's members' citizenship, as is required by LCR 101.  Indeed, the removal notice is devoid of those required allegations concerning members' citizenship, which, as you know, determines citizenship of Parler. Instead, it rushed to file its removal notice to create the appearance of diversity jurisdiction, when there is in fact none.

The Ninth Circuit has held that a party may be sanctioned for filing a complaint in federal court that the plaintiff must have known lacked a factual foundation for federal court subject matter jurisdiction.  *See Orange Production Credit Ass'n v. Frontline Ventures, Ltd.*, 792 F.2d 797, 801 (9th Cir.1986).  Moreover, the duty to assess the validity of a claim is a continuing one.  *See Gambello v. Time Warner Communications, Inc.*, 186 F. Supp. 2d 209 (S.D.N.Y. 2002) (sanctions appropriate where a defendant persisted in argument flatly contradicted by plaintiff's deposition testimony); *Perry v. S.Z. Rest. Corp.*, 45 F. Supp. 2d 272, 274-75 (S.D.N.Y.) (sanctions appropriate for pursuing claim after information plaintiffs received from defendants would have prompted an objectively reasonable attorney to make a more thorough investigation of his client), appeal dismissed, 201 F.3d 432 (2d Cir. 1999).  Defendants have repeatedly been put on notice that their notice of removal contained an inaccurate assertion of Parler's citizenship, and yet Defendants have failed to take action to correct the inaccurate allegations.

We again request that Amazon agree to stipulate to a remand immediately.  Should Amazon fail to do so, Parler intends to seek all sanctions available under Rule 11(c), in addition to the penalties afforded for an unsuccessful removal under 28 U.S.C. § 1447.

Sincerely,

CALFO EAKES LLP

Angelo J. Calfo

cc:    Alonzo B. Wickers, IV

**EXHIBIT 3**



**Angelo J. Calfo**
angeloc@calfoeakes.com
(206) 407-2210

April 7, 2021

*Via Email*

Ambika Kumar Doran
Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
ambikadoran@dwt.com

> Re:   *Parler v. Amazon Web Services, Inc. and Amazon.com, Inc. ("Amazon")*: Case No. 21-cv-00270-BJR—Amazon's Request for Jurisdictional Discovery

Dear Ambika:

This letter responds to Amazon's letter dated March 30, 2021, "requesting information necessary for Amazon to evaluate [Parler's] request that we stipulate to remand of this case[.]" Amazon's request for discovery to determine whether there is diversity jurisdiction is nothing short of an admission that Amazon currently has no basis for the allegations it made in its removal notice in which Amazon claimed that jurisdiction existed at the time the action was filed.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). Even though you have acknowledged to us that the allegations supporting diversity jurisdiction set forth in your removal notice are inaccurate, you have done nothing to correct the false allegation about Parler's citizenship to the Court.  Instead, you have left intact your false assertion in your pleading, which is the only basis on which the parties are currently in federal court.  Furthermore, you are now trying to manufacture some other speculative theory for diversity jurisdiction that you have no reasonable basis to believe exists.  Regrettably, you are doing all this in order to *retroactively* justify a removal notice that Amazon knowingly based on a false premise.

Pursuant to LCR 101(f), Amazon was required to "identify the citizenship of the owners/partners/members of those entities to establish the court's jurisdiction" in its removal notice.  Yet Amazon failed to identify the citizenship of a single member of Parler.  As addressed in more detail in my contemporaneous letter regarding the Rule 11 violations inherent in your removal notice, Amazon's statement that Parler was a "citizen of Nevada" was not supported by either law or fact.  Amazon failed to conduct a reasonable inquiry into the basis of that allegation

Ambika Kumar Doran
April 7, 2021
Page 2

and, indeed, had to have known that the allegation was false.  Amazon cannot leverage its false filing in the removal notice to obtain jurisdictional discovery.

In addition, even if Amazon had not made false allegations in its removal notice, it would still be improper for Amazon to obtain jurisdictional discovery.  There is a strong presumption against removal jurisdiction and the defendant always bears the burden of establishing that removal is proper.  *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (granting motion to remand after finding that defendants failed to meet their burden of showing complete diversity when they merely alleged the residence, and not the citizenship, of the parties in their notice of removal).  Indeed, in *LaPointe v. 3M Co.*, No. C18-5437 RBL, 2018 WL 5242859, at *1 (W.D. Wash. Oct. 22, 2018), the Court stated: "Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance."  *Id.* (emphasis added).  In *LaPointe*, Judge Leighton denied defendant's request for jurisdictional discovery, and instead remanded the case to Pierce County Superior Court, noting:

> [W]hen there is such uncertainty, a Federal District Court does not have diversity jurisdiction.  If and to the extent Local Rule 101 holds that "doing the best you can" to determine citizenship is sufficient, it is simply not correct.  The Supreme Court, Congress and countless other courts have for years clearly spelled out what to do when it is not clear that there is diversity jurisdiction: remand the case for lack of diversity jurisdiction.

*Id.*  Judge Leighton's approach is apt here as well.  This is because Amazon has alleged that Parler is a citizen of Nevada, and that there is complete diversity of the parties, without any basis in law or fact, and because Amazon is not presently able to carry its burden to show that diversity jurisdiction exists.

To that end, the Ninth Circuit has held that jurisdictional discovery may be denied when it is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (holding that district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs "state only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").  Other courts have followed suit in denying jurisdictional discovery when defendants have failed to make a colorable showing that jurisdiction exists.  *See*, *e.g.*, *Pool v. F. Hoffman-La Roche, Ltd.*, 386 F. Supp. 3d 1202, 1221 (N.D. Cal. 2019) (denying jurisdictional discovery noting that defendants failed to meet their burden and that they should have had jurisdictional facts in their possession, custody, or control); *Houston v. Bank of Am., N.A.*, No. CV 14-02786 MMM AJWX, 2014 WL 2958216, at *5 (C.D. Cal. June 25, 2014); *Upper Deck International B.V. v. Upper Deck Co.*, No. 11cv1741–LAB (CAB), 2012 WL 1713453, *9 n. 6 (S.D.

Ambika Kumar Doran
April 7, 2021
Page 3

Cal. May 15, 2012) (denying a request for jurisdictional discovery because "[the defendant UDC] has nothing other than blind hope that additional, helpful jurisdictional facts will turn up, and that's an inadequate basis for allowing jurisdictional discovery").

Some other courts have permitted a remand to allow the defendant to develop a *prima facie* showing of subject-matter jurisdiction-related facts that would allow a future removal. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003); *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (noting that "later-discovered facts may prompt a second attempt at removal."); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("By assuring that removal occurs once the jurisdictional facts supporting removal are evident, we also ensure respect for the jurisdiction of state courts.").  Thus, if Amazon wants discovery, it should stipulate to remand the case to state court and conduct any discovery it wishes in that forum.  Of course, Amazon might well be refusing to stipulate to a remand—even though it presently has *no* basis to assert diversity jurisdiction—in order to stay in federal court pursuant to the questionable snap removal procedure it deployed earlier in this litigation.

Undergirding Amazon's folly in this dispute is its misapprehension of who bears the burden of proving diversity.  Amazon's March 30, 2021, letter ignores that it is *Amazon's*, and not Parler's, burden to demonstrate by a preponderance of evidence that diversity jurisdiction exists.  Amazon's burden in this regard existed at the time its removal notice was filed, and it still exists presently.  Right now, all Amazon has is "a blind hope that additional, helpful jurisdictional facts will turn up."  *Upper Deck International*, 2012 WL 1713453, *9 n. 6.  Subjecting the jurisdiction of the federal and state courts to such an aspirational fishing expedition is injudicious and inappropriate—and impermissible.  *See, e.g.*, *Harris*, 425 F.3d at 698.  Your refusal to acknowledge Amazon's burden is never more apparent than in your criticism of Parler's motion for remand because it lacks "the information necessary to determine the nature of the trust, the role of the trustees and the residence [sic] of the beneficiaries," and where you claim that Amazon has "no way to evaluate the 'business reality' of the trust you claim destroys diversity jurisdiction."  These assertions turn the burden of proof on its head.  We will not reward Amazon for making false statements in its removal notice by providing improper discovery now.  Amazon is of course free to seek such information once the case returns to King County Superior Court.

The case you cite in your letter, *Daisy Tr. v. JP Morgan Chase Bank*, No. 213CV00966RCJVCF, 2016 WL 7107762, (D. Nev. Dec. 6, 2016), is inapposite and does not support your request for jurisdictional discovery.  In *Daisy Tr.*, neither party contested that diversity jurisdiction existed (once the Court ruled on the motion for reconsideration that was the central issue in the decision).  Defendant alleged jurisdiction based on "information and belief" as to the plaintiff-trust's citizenship, and the plaintiff did not contest that allegation.  As a result, it was assumed by the parties that the Court had jurisdiction.  However, the Court, on its own motion,

Ambika Kumar Doran
April 7, 2021
Page 4

ordered jurisdictional discovery to ensure that jurisdiction in fact existed as plaintiff conceded. Here, in contrast, the issue is not whether the case should continue in federal court based on the parties' agreement that jurisdiction exists.  Rather, it is acknowledged by both parties that the jurisdictional allegations in the removal notice are false both as a legal and factual matter.  The Court's response should not be to grant leave to Amazon to search for another basis for jurisdiction not alleged in its removal notice.  Rather, the Court should remand the case to state court as it is apparent that Amazon cannot carry its burden of proof.  *See Daisy Tr.* at *3 (citing *Gaus v. Mils*, Inc. 980 F.2d 564, 566 (9th Cir. 1992) ("[T]he defendant always has the burden of establishing that removal is proper.")).  After ordering remand, if Amazon identifies another basis for removal, it is free to file a second removal notice at that time.  *See Harris,* 425 F.3d at 698. On that score, however, we refer you to Parler's corporate disclosure statement, which demonstrates that Parler is a Delaware citizen for diversity purposes as detailed in our amended motion for remand.

As there is no basis for Amazon's request for jurisdictional discovery, and Amazon has not met its initial burden for establishing its entitlement to removal, we again request that Amazon stipulate to an order remanding the case to King County Superior Court.

Sincerely,

CALFO EAKES LLP

Angelo J. Calfo

cc:   Alonzo B. Wickers IV

**EXHIBIT 4**

| | |
|---|---|
| **From:** | Wickers, Alonzo |
| **To:** | Angelo Calfo |
| **Cc:** | david@groesbecklaw.com; Kumar, Ambika |
| **Subject:** | RE: Parler case |
| **Date:** | Monday, March 8, 2021 12:53:28 PM |

Hi Angelo,

We're not willing to forego our right to respond to the complaint.  We still would appreciate a one-week extension of time to file our opposition to the motion to remand, and are happy to provide Parler with a reciprocal one-week extension of its time to file its reply.  We also would appreciate an extension of time to respond to the complaint.  If Parler is unwilling to provide these courtesies, please let me know.

Thank you.

Al

**Alonzo Wickers IV | Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6865 | Fax: (213) 633-4281 | Mobile: (323) 559-4201
Email: alonzowickers@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Sunday, March 07, 2021 7:45 AM
**To:** Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** david@groesbecklaw.com; Kumar, Ambika <AmbikaKumar@dwt.com>
**Subject:** RE: Parler case

[EXTERNAL]

Hi Alonzo,

Okay, please let me know.  Unfortunately, based on our call, I advised the client that we had reached an agreement.  I'll wait to hear from you on Monday.

Many thanks.

Angelo

**From:** Wickers, Alonzo <alonzowickers@dwt.com>
**Sent:** Saturday, March 6, 2021 10:24 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>
**Cc:** david@groesbecklaw.com; Kumar, Ambika <AmbikaKumar@dwt.com>
**Subject:** RE: Parler case

Hi Angelo,

Thank you for the clarification.  We'll discuss with our client on Monday morning and get back to you.  Hope the game goes well tomorrow.

Al

**Alonzo Wickers IV | Davis Wright Tremaine LLP**
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6865 | Fax: (213) 633-4281 | Mobile: (323) 559-4201
Email: alonzowickers@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Friday, March 05, 2021 4:50 PM
**To:** Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** david@groesbecklaw.com; Kumar, Ambika <AmbikaKumar@dwt.com>
**Subject:** RE: Parler case

[EXTERNAL]

---

Thanks, Alonzo.

Just want to make sure we're on the same page.  My understanding is that Defendants agree not to respond to the complaint, or bring any motions, until after the remand motion and the motion for voluntary dismissal without prejudice is decided or resolved.  In exchange, we agree to re-note the pending motions to April 2.  There's no need to change the date our reply brief is due, but we appreciate the offer.  Let me know if that is acceptable.

My recommendation is that we wait and see how Parler's pending motion is resolved before we set a deadline for responding to the state complaint.  We will be reasonable in addressing any requests to extend Defendants' response date whether the case remains in federal court or is remanded to superior court.

Regards, and Gonzaga will need luck because LMU has one of the better teams in the country this year.

Angelo

---

**From:** Wickers, Alonzo <alonzowickers@dwt.com>
**Sent:** Friday, March 5, 2021 4:26 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>
**Cc:** david@groesbecklaw.com; Kumar, Ambika <AmbikaKumar@dwt.com>
**Subject:** RE: Parler case

Hi Angelo,

Good talking with you.  We appreciate the extension of time to respond to Parler's motion to remand and to its complaint.  As we discussed, Parler will give AWS/Amazon an extra week to respond to the motion, making our brief due on March 29, and will extend our clients' time to respond to the complaint until after the remand motion is decided.  And our clients will grant Parler additional time for your reply brief.  Once you've spoken with your colleagues, just let us know how much additional time you'd like and we'll prepare a stipulation.  When we next talk, we should also discuss how much time AWS/Amazon will have to respond to the complaint once the remand motion is decided.

Thanks again and good luck to your son's team this weekend.

Al

**Alonzo Wickers IV** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6865 | Fax: (213) 633-4281 | Mobile: (323) 559-4201
Email: alonzowickers@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Friday, March 05, 2021 3:24 PM
**To:** Wickers, Alonzo <alonzowickers@dwt.com>; Kumar, Ambika <AmbikaKumar@dwt.com>
**Cc:** david@groesbecklaw.com
**Subject:** RE: Parler case

**[EXTERNAL]**

Yes, please do.  Thanks.

**From:** Wickers, Alonzo <alonzowickers@dwt.com>
**Sent:** Friday, March 5, 2021 3:04 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>; Kumar, Ambika <AmbikaKumar@dwt.com>
**Cc:** david@groesbecklaw.com
**Subject:** RE: Parler case

Hi Angelo,

Ambika is tied up this afternoon, but I'm free at 3:30.  Should I call your mobile?  Thank you.

Al

**Alonzo Wickers IV** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6865 | Fax: (213) 633-4281 | Mobile: (323) 559-4201
Email: alonzowickers@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Friday, March 05, 2021 2:33 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Cc:** Wickers, Alonzo <alonzowickers@dwt.com>; david@groesbecklaw.com
**Subject:** Re: Parler case

[EXTERNAL]

Sorry, I meant to say 3:30 pm

Angelo J. Calfo
Calfo Eakes LLP
(206) 407-2210 (office)
(206) 229-3441 (cell)
www.calfoeakes.com

---

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Friday, March 5, 2021 12:37:58 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>
**Cc:** Wickers, Alonzo <alonzowickers@dwt.com>; david@groesbecklaw.com
<david@groesbecklaw.com>
**Subject:** Re: Parler case

Thanks, Angelo. We look forward to your response.

**Ambika Kumar** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika
-
Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington,
D.C.

> On Mar 4, 2021, at 7:06 PM, Angelo Calfo <angeloc@calfoeakes.com> wrote:
>
> Hi Ambika,
>
> Many thanks for the introduction. I was unavailable this afternoon but will be in touch
> tomorrow to respond to your message below.
>
> Best,
>
> Angelo

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Thursday, March 4, 2021 3:04 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>
**Cc:** Wickers, Alonzo <alonzowickers@dwt.com>; david@groesbecklaw.com
**Subject:** Parler case

Angelo,

I don't think we've had the pleasure of meeting, but I'm a partner at DWT and counsel for the Amazon defendants in the Parler matter.

I'm writing to ask for the courtesy of a one-week extension on our deadline to respond to your remand motion—owing to the schedule of our Amazon client contact.  We would, of course, be open to a reciprocal extension for your reply.

If you agree, we are happy to draft a stipulation.  Please let me know.

Regards,
Ambika

**Ambika Kumar** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | **Seattle** | Washington, D.C.

**EXHIBIT 5**

| | |
|---|---|
| **From:** | Kumar, Ambika |
| **To:** | Angelo Calfo; Andrew DeCarlow; Wickers, Alonzo |
| **Cc:** | Henry Phillips |
| **Subject:** | RE: Joint Stipulation and Proposed Order (002) |
| **Date:** | Tuesday, March 23, 2021 10:17:56 AM |

Thanks. Appreciate the courtesy.

**Ambika Kumar** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Tuesday, March 23, 2021 10:17 AM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>
**Subject:** Re: Joint Stipulation and Proposed Order (002)

That's fine. Thanks.

Angelo J. Calfo
Calfo Eakes LLP
(206) 407-2210 (office)
(206) 229-3441 (cell)
www.calfoeakes.com

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Tuesday, March 23, 2021 10:11:41 AM
**To:** Angelo Calfo <angeloc@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>
**Subject:** RE: Joint Stipulation and Proposed Order (002)

Thanks. Understood. Are you comfortable with the following as the second paragraph? The other paragraphs are unchanged from what you last sent, and we will conform the signature block to your last filing.

2.      Defendants have asked Parler to agree to a brief two-day extension of this

deadline, both because the length of the complaint requires additional time to review and

respond and because the in-house attorney responsible for this matter has been out of the

office for the past week.

**Ambika Kumar | Davis Wright Tremaine LLP**
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Tuesday, March 23, 2021 10:04 AM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>
**Subject:** RE: Joint Stipulation and Proposed Order (002)

For a two-day extension, I think you could say, "Defendants request a brief two-day extension because they believe the complexity of the complaint's allegations warrant additional time for review and analysis.  Also, Defendants' in-house contact [counsel] responsible for overseeing the matter has been out of the office for personal reasons for the last ___ days and Defendants' counsel submit it would be helpful to have additional time to consult with their in-house contact before filing any response to the complaint.  Parler does not oppose this request."

We just don't want to stipulate to why you think a two-day extension is necessary, we feel you can just say why you think you need one and that the request is unopposed by us.  We also don't think there should be any reference to the remand issue.  Thanks and let us know if you have any questions.

---

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Tuesday, March 23, 2021 9:42 AM
**To:** Angelo Calfo <angeloc@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>
**Subject:** RE: Joint Stipulation and Proposed Order (002)

Thanks.  Judge Rothstein's rules state: "Motions for extensions of time are discouraged and will be granted only where good cause is clearly evident."

So I think we need to say something about the reason.  Is there something in particular that is objectionable in the language I proposed? Alternatively, is there language you would prefer?

**Ambika Kumar | Davis Wright Tremaine LLP**
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397

Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | **Seattle** | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Tuesday, March 23, 2021 8:18 AM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Andrew DeCarlow <andrewd@calfoeakes.com>;
Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>
**Subject:** Joint Stipulation and Proposed Order (002)

Ambika—here's a redline, we noticed a couple of nits as well.  Angelo