The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARLER LLC,

                Plaintiff,

      v.

AMAZON WEB SERVICES, INC., and AMA-
ZON.COM, INC.,

                Defendants.

No. 2:21-cv-00270-BJR

MOTION FOR LEAVE TO
AMEND NOTICE OF REMOVAL

## I.    INTRODUCTION

Defendants Amazon Web Services, Inc. ("AWS") and Amazon.com, Inc. (collectively, "Amazon") seek leave to amend their notice of removal to moot Plaintiff Parler LLC's threat to seek Rule 11 sanctions because Amazon's original notice pled that Parler, a Nevada LLC, is a citizen of the state of Nevada rather than a citizen of state in which Parler LLC members reside. Amazon's proposed amended notice[1] would therefore moot Parler's concerns.  But it would *not* moot the jurisdictional question before the Court—whether Parler is a citizen of the same state as Amazon, the subject of Parler's motion to remand.

Parler's sole basis for disputing diversity jurisdiction is that a trustee of a member of another member of Parler LLC is a citizen of Delaware.  But that allegation, even taken as true, does

[1] A copy of the proposed amended notice is attached as Exhibit A.  A copy of a document showing the changes from the original notice is attached as Exhibit B.

MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 1
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

not end the inquiry because citizenship of a trust turns on the nature of the trust and its relationship to the trustee. *See Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223-1229-30 (9th Cir. 2019). As the Court is aware, Amazon for months has been asking Parler for information sufficient to answer that question, but Parler, which maintains sole and close custody of that information, has refused. *See* Wickers Decl. Exs. C, F (Dkt. 29).  And so, even in view of AWS's proposed supplemental notice, neither Amazon nor the Court is in any better or worse position to answer two of the most important questions on which jurisdiction depends: What is the real nature of the Rebekah Mercer 2020 Irrevocable Trust, and what is its relationship to its Delaware trustee?

## II.    BACKGROUND

On January 11, 2021, Parler filed a complaint against AWS in this Court, alleging claims arising from AWS's suspension of Parler's account.  No. 21-0031 ("*Parler I*"), Dkt. 1, 2.  The complaint alleged that Parler is "a Nevada limited liability corporation with its principal place of business in Henderson, Nevada." *See Parler I*, Dkt. 1 ¶ 10.  Parler also filed a corporate disclosure statement, identifying as its members John Matze and NDM Ascendant LLC, and as NDM Ascendant's members Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust. *Id.* Dkt. 3. On January 21, the Court denied Parler's preliminary injunction request, finding that Parler "failed to demonstrate that it is likely to prevail on the merits" of its claims. *Id.* Dkt. 34 at 13.

On January 28, 2021 and February 15, 2021, the parties stipulated to extend Amazon's deadline to answer the complaint because Parler represented that it "[w]ould file an Amended Complaint." *Parler I*, Dkt. 37, 40.  Instead, Parler filed this complaint in King County Superior Court and dismissed its federal case. *See* Dkt. 1-5; Calfo Decl. (Dkt. 4) ¶ 5; *Parler I*, Dkt. 47.  The new complaint concerns the same events, alleges the same basic facts, and asserts two of the same claims as the federal complaint. *Compare Parler I*, Dkt. 1 ¶¶ 4-5, 30-35, *with* No. 21-0270, Dkt. 1-5 ¶¶ 3, 8, 17.

On March 3, Amazon filed a notice of removal.  Dkt 1.  The notice states that "[b]ecause Defendants are not citizens of the same state as Parler, the parties are completely diverse."  Notice

MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 2
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

¶ 11.  Copying from Paragraph 10 of Parler's federal complaint, the notice also states that "Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada."  The notice alleges "Parler therefore is a citizen of Nevada."  *Id.* ¶ 9.

On March 4, Parler filed a motion to remand.  Dkt. 3.  Notably, Parler did not seek remand on the basis that diversity was lacking, and did not challenge the notice's allegations about Parler's citizenship.  *Id.*

On March 11, Parler filed a sealed corporate disclosure statement, stating that the Rebekah Mercer 2020 Irrevocable Trust has two trustees, including J.P. Morgan Trust Company of Delaware.  Dkt. 15; Mot. at 5.  On March 12, 2021, Parler's counsel asserted for the first time that the parties are not diverse because the J.P. Morgan Trust Company of Delaware and Amazon are both citizens of Delaware.  Wickers Decl. (Dkt. 29) Ex. A.

Public representations by Parler and its former CEO raise questions about the citizenship of the trust.  In a recent letter to a member of Congress, Parler represented that NDM Ascendant "is owned and controlled by Rebekah Mercer"—with no mention of any trust or trustee.  Wickers Decl. Ex. C at 3 n.8.  Similarly, Parler's former CEO, John Matze, recently alleged in a lawsuit against Parler that NDM Ascendant "simply served as Mercer's alter ego to mask her role in Parler."  Wickers Decl. Ex. D, ¶ 20.

To assess Parler's claim that the parties are not diverse, Amazon's counsel on March 17, 2021, asked Parler to provide a copy of the trust instrument and the citizenship of the beneficiaries.  *See* Wickers Decl. Ex. B.  Amazon's counsel explained that the information is relevant because, in some instances, the citizenship of the trust's beneficiaries determines the citizenship of a trust for diversity jurisdiction.  *See id.*  Parler's counsel refused.  *See id.*  Amazon's counsel requested the information again on March 18, 2021, and offered to treat the information as confidential and limit distribution to attorneys only.  *See id.*  Parler's counsel refused again, and on March 22, Parler filed an amended motion to remand, adding an argument that the J.P. Morgan entity destroys diversity.  Dkt. 20.

On March 30, 2021, Amazon's counsel sent a letter to Parler's counsel seeking:

(1)     a copy of the trust instrument;

(2)     the state where each beneficiary of the trust is domiciled; and

(3)     documents reflecting the date the trust became a member of NDM Ascendant and the date J.P. Morgan Trust Company of Delaware became a trustee.

Wickers Decl. Ex. C.  Amazon offered to stipulate to a remand should the information show that the parties are not diverse.  *Id.*  Parler again refused.

On April 12, 2021, Amazon responded to the motion for remand.  Dkt. 28.  As it had explained to Parler, Amazon stated that "the trustee of a trust does not always determine the trust's citizenship."  *Id.* at 5.  Amazon asked for discovery because "[n]either Amazon nor the Court has the information needed to determine the citizenship of the trust, and Parler refused to provide that information informally."  *Id.* at 5.

On April 30, 2021, Parler served Amazon with a motion for sanctions under Rule 11. Doran Decl. ¶ 2.  The sanctions motion is based on Amazon's allegation in its notice of removal that Parler is a citizen of Nevada, an allegation Parler claims Amazon has "refused to correct" despite "opportunities… to withdraw its flawed Notice of Removal and stipulate to a remand of this action to state court."  *Id.*

On May 18, 2021, Amazon's counsel called Parler's counsel to meet and confer regarding this motion, and left him a voicemail.  Doran Decl. ¶ 3.  Parler's counsel responded by email two days later.  *Id.* ¶ 4.  Counsel then exchanged emails regarding the proposed motion, with counsel for Parler stating in email at the close of business May 21 that Parler believed the proposed amendment would "exacerbate" the alleged Rule 11 violations.  *Id.* ¶ 4, Ex. 1.

## III.     ARGUMENT

"The removal statute expressly permits jurisdictional allegations to be amended" to cure or supplement allegations.  *McLeod v. AMICA Gen. Agency*, No. C15-839RAJ, 2015 WL 13145350, at *4 (W.D. Wash. Oct. 29, 2015) (28 U.S.C. § 1653).  In fact, the Court regularly allows parties

MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 4
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to remedy defects in a notice of removal, such as a "failure to identify the citizenship of an LLC, even where those defects go to the very existence of federal jurisdiction." *Nicholson v. Thrifty Payless, Inc.*, No. C12-1121RSL, 2012 WL 4320785, at *1 (W.D. Wash. Sept. 20, 2012).  A party's allegations in a notice of removal are not fatal to jurisdiction because the party may later supplement the record with an amended notice.[2]

Most important to this dispute, "when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014).  In *Carolina Casualty,* for example, the Ninth Circuit reversed a district court's refusal to allow the plaintiff to amend its jurisdictional allegations that were based on where the LLCs "were organized and where they had their principal place of business, as if the LLCs were corporations." *Id.* at 1085.  The plaintiff told the district court "it was unable to determine the citizenship of the LLCs, because their organizational filings did not list their members." *Id.*  As a result, the plaintiff proposed alleging "simply that the members of the LLCs were 'citizens of neither Iowa nor Florida.'" *Id.* The district court "held that it was insufficient to allege simply that they were not citizens of Iowa or Florida." *Id.* at 1086.  But the Ninth Circuit disagreed, holding "it should not be assumed at this stage that a proper basis for jurisdiction cannot be established." *Id.* at 1088; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (removing defendant may allege opposing party's citizenship "based solely on information and belief" and "did not have to explain

---

[2] *See, e.g.*, *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1230 (9th Cir. 2012) ("[E]ven if the notice's mistaken listing of the county from which the case was removed were fatal to jurisdiction, [defendant's] amendment would cure the defect[.]"); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1248 (9th Cir. 1987) (insufficient verification of notice not fatal to jurisdiction because technical error was later corrected by amended notice); *D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (rejecting argument "that the missing allegation [regarding full corporate citizenship] is a fatal omission which cannot be cured by amendment").

MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 5
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

why it believed" the plaintiff was a citizen of certain state), *cert. denied*, 140 S. Ct. 2566, 206 L. Ed. 2d 497 (2020)

The Court should permit Amazon to file an amended notice of removal, a copy of which is attached as Exhibit A.  Consistent with *Carolina Casualty,* the notice states that, on information and belief, Parler is a citizen of neither Delaware nor Washington.  *See* Ex. A.  Undoubtedly, Parler will continue to "deny that the court has jurisdiction," but the Court "should evaluate the record created by the parties" and determine if "[j]urisdictional discovery [is] appropriate."  *Carolina Cas.*, 741 F.3d at 1088.  That is precisely what Amazon has asked the Court to do—permit discovery to determine jurisdiction.

## IV.    CONCLUSION

For these reasons, Amazon respectfully requests that the Court grant its motion for leave to file an amended notice of removal.

## CERTIFICATION

Amazon certifies that the parties have met and conferred in accordance with this Court's Standing Order.

DATED this 21st day of May, 2021.

Davis Wright Tremaine LLP
Attorneys for Defendants Amazon Web Services, Inc. and Amazon.com, Inc.

By *s/Ambika K. Doran*
　　Ambika Kumar Doran, WSBA #38237
　　Robert E. Miller, WSBA #46507
　　Caesar Kalinowski, WSBA #52650
　　920 Fifth Avenue, Suite 3300
　　Seattle, WA  98104-1610
　　Telephone: 206-622-3150
　　E-mail:　AmbikaDoran@dwt.com
　　　　　　RobertMiller@dwt.com
　　　　　　CaesarKalinowski@dwt.com

　　Alonzo Wickers IV (*pro hac vice*)
　　865 S. Figueroa Street, Suite 2400
　　Los Angeles, CA 90017
　　Telephone: 213-633-6800
　　E-mail:　AlonzoWickers@dwt.com

MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 6
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that counsel of record have been served a true and correct copy of the

3   foregoing *Motion for Leave to Amend Notice of Removal* by electronic mail through the Court's

4   ECF Notifications to the following:

5

6       Angelo J. Calfo, WSBA# 27079
       CALFO EAKES LLP

7       1301 Second Avenue, Suite 2800
       Seattle, WA 98101

8       Email: angeloc@calfoeakes.com

9       David J. Groesbeck, WSBA No. 24749
       DAVID J. GROESBECK, P.S.

10      1333 E. Johns Prairie Rd.
       Shelton, WA 98584

11      Email: david@groesbecklaw.com

12

13  DATED this 21st day of May, 2021.

14

15                          Davis Wright Tremaine LLP
                          Attorney for Defendants

16                          By *s/Ambika K. Doran*
                             Ambika Kumar Doran, WSBA #38237

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 7
(2:21-cv-00270-BJR)

# EXHIBIT A

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARLER LLC,

               Plaintiff,

      v.

AMAZON WEB SERVICES, INC., and AMA-
ZON.COM, INC.,

               Defendants.

No.  2:21-cv-00270-BJR

DEFENDANTS' AMENDED
NOTICE OF REMOVAL

King County Superior Court
Case No. 21-2-02856-6 SEA

TO:          Clerk, United States District Court for the Western District of Washington;

AND TO:     Parler LLC

       Defendants Amazon Web Services, Inc. ("AWS") and Amazon.com, Inc. remove this case, originally filed in the Superior Court of the State of Washington for King County under case number 21-2-02856-6 SEA, to the United States District Court for the Western District of Washington at Seattle.  Defendants remove this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds described below.

## I.      INTRODUCTION

       Parler's state court complaint is a transparent exercise in forum shopping.  After suffering an unequivocal defeat on its motion for preliminary injunction before this Court and then agreeing to amend its federal court complaint, Parler instead dismissed the federal complaint and filed a new complaint in state court involving the same nucleus of facts.  But such gamesmanship does not permit Parler to escape this Court's dim view of its claims.  The amount in controversy exceeds

AMENDED NOTICE OF REMOVAL - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

$75,000, and on information and belief, the parties are diverse.  Defendants therefore file this notice of removal.

## II.    STATEMENT OF FACTS

1.     Parler initially filed suit in this Court on January 11, 2021.  Case No. 2:21-cv-31-BJR Dkt. 1.  Attached as **Exhibit 1** is a true and correct copy of the complaint in that action ("Federal Complaint").

2.     On January 21, 2021, Judge Rothstein denied Parler's motion for preliminary injunction, finding Parler had failed to show a likelihood of prevailing on its claims, including its claim that AWS breached the parties' contract by allegedly terminating the contract without sufficient notice.  In particular, the Court found Parler "has not denied that … [it] was in violation of [its] Agreement" with AWS, *id.* at 9, and had "failed to demonstrate the likelihood that AWS breached the CSA" because "the evidence at this point suggests that AWS's termination … was in response to Parler's material breach," *id.* at 10.  Attached as **Exhibit 2** is a true and correct copy of Judge Rothstein's order (the "Federal Order") (Case No. 2:21-cv-31-BJR Dkt. 34).

3.     At the time the Notice of Removal was filed, Parler had not served Defendants in the State Action.

4.     After receiving the order denying its request for preliminary injunction, Parler informed AWS it intended to amend the Federal Complaint.  Parler asked AWS to stipulate to allow Parler to file the amendment by February 16, 2021, and accordingly, AWS agreed not to respond to the Federal Complaint.  The stipulation was entered January 28, 2021.  *See* W.D. Wash. Case No. 2:21-cv-31-BJR, Dkt. 38 (Joint Stipulation for Amendment and Response Schedule) (attached as **Exhibit 3**).  On February 15, 2021, Parler's counsel contacted AWS's counsel, asking for additional time to file its amended complaint.  AWS agreed, and Parler and AWS stipulated that Parler would file the amended complaint by March 2, 2021.  *See* W.D. Wash. Case No. 2:21-cv-31-BJR, Dkt. 40 (Stipulated Motion and Proposed Order for Amendment and Response Schedule) (attached as **Exhibit 4**).

5.     On March 2, 2021, Parler filed a lawsuit based on the same facts and alleging at

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

least one of the same claims in King County Superior Court, 21-2-02856-6 SEA (the "State Complaint"). Attached as **Exhibit 5** is a true and correct copy of the State Complaint.

6.    In the State Complaint, Parler asserts that "as a result of the unlawful actions of Amazon and AWS, Parler has permanently lost … hundreds of millions of dollars in annual advertising revenue," among other damages, and also demands treble damages and attorneys' fees on several of its claims.  State Complaint ¶ 11; *see also id.* ¶¶ 86, 114, 130, 142, 149, 165, 222, 229, 237, 250; *id.* p. 65.

7.    Defendants are entitled to remove this action under 28 U.S.C. § 1332 because the total amount in controversy exceeds $75,000 and, on information and belief, complete diversity of citizenship exists.  *See* 28 U.S.C. § 1446(a) (requiring a "short and plain statement of the grounds for removal").

### III.    DIVERSITY JURISDICTION EXISTS

#### A.    Complete Diversity Exists

8.    On information and belief, this case satisfies the complete diversity requirement.

9.    On information and belief, Parler is neither a citizen of Delaware nor Washington.

10.    Defendants are incorporated in Delaware with their principal places of business in Seattle, Washington.  *See* State Complaint ¶¶ 13, 14; Federal Complaint ¶ 11.

11.    Because, on information and belief, Defendants are not citizens of the same state as Parler, the parties are completely diverse.

12.    As Defendants had not been served in the State Action upon filing of the Notice of Removal, 28 U.S.C. § 1441(b)(2) does not bar removal.  *See, e.g.*, *Gibbons v. Bristol-Myers Squibb*, 919 F.3d 699, 705 (2d Cir. 2019); *Texas Brine Company v. American Arbitration Association*, 955 F.3d 482, 487 (5th Cir. 2020); *Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153 (3d Cir. 2018).

#### B.    Plaintiffs Demand More than $75,000

13.    The State Complaint avoids specifying a damage amount, but the allegations make clear that the amount in controversy exceeds $75,000.  In evaluating the amount in controversy, a

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

court considers "the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Gierke v. Allstate Prop. & Cas. Ins. Co.*, No. C19-0071JLR, 2019 WL 1434883, at *2 (W.D. Wash. Apr. 1, 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015)).

14.     Under Local Civil Rule 101(a), where the complaint does not "set forth the dollar amount prayed for," a removal petition shall "set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court." As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

15.     It is facially apparent from the State Complaint that Parler is seeking damages in excess of $75,000 because Parler alleges that "millions" of dollars are at stake. For instance, the State Complaint alleges:

- "As a result of the unlawful actions of Amazon and AWS, Parler has permanently lost tens of millions of current and prospective future users—many of whom have migrated to other platforms—and hundreds of millions of dollars in annual advertising revenue. Parler therefore brings this suit for multiple violations of Washington's contract, tort, unfair-competition, and consumer protection laws." State Complaint ¶ 11.

- "AWS's unfair and deceptive acts and practices have resulted in substantial damages to Parler, including but not limited to the loss of millions of dollars of revenue from advertisements." State Complaint ¶ 86.

- "AWS caused severe economic injury to Parler by depriving it of millions of dollars of advertising revenues and by making it extremely difficult for Parler to get back online with another service provider, which injury AWS knew

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

would occur given the reputational injury Parler had suffered at AWS's hands."
State Complaint ¶ 250.

*See also* State Complaint ¶¶ 114, 130, 142, 149, 165, 222, 229, 237.

16.    "The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute[.]" *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Treble damages are also considered.  *See, e.g., Nw. Ry. Museum v. Indian Harbor Ins. Co.*, No. C17-1060JLR, 2017 WL 4466619, at *3 (W.D. Wash. Oct. 5, 2017) (when plaintiffs requested treble damages, the court trebled the amounts alleged to determine the amount in controversy and denied remand); *Lim v. Nat'l Gen. Ins. Co.*, No. C15-383 RSL, 2015 WL 12025326, at *1 (W.D. Wash. Apr. 30, 2015) (plaintiff sought actual damages, treble damages under statute, and reasonable attorney's fees and costs, which court considered in determining the amount in controversy in denying remand); *Rain v. Ameriprise Auto & Home Ins. Agency, Inc.*, No. C14-5088 RJB, 2014 WL 1047244, at *3 (W.D. Wash. Mar. 18, 2014) (when plaintiffs requested treble damages and defendants showed that plaintiffs' damages would be at least $41,000.00 before trebling, court denied remand).

17.    The State Complaint seeks "damages, including trebled and exemplary damages, in an amount to be determined at trial," in addition to "attorney's fees and costs."  State Complaint p. 65.  The State Complaint includes fifteen separate causes of action, including six under the Washington Consumer Protection Act, which provides for treble damages and attorneys' fees and costs to a prevailing plaintiff.  *See* RCW 19.86.090.

18.    Thus, the State Complaint alleges Amazon caused "millions" of dollars in damages, and requests that the Court treble those damages and award statutory attorneys' fees.  The amount in controversy far exceeds $75,000.

## IV.    REMOVAL IS TIMELY

19.    Parler filed the State Complaint on March 2, 2021.  The Notice of Removal was timely pursuant to 28 U.S.C. § 1446.

AMENDED NOTICE OF REMOVAL - 5

## V.      INTRADISTRICT ASSIGNMENT

20.      This action is properly removed to the Seattle Division of the Western District of Washington.  Under LCR 3(e), cases where the claims arose in King County are properly removed to Seattle.  Parler elected to file this action in King County.  For these reasons, Defendants have properly removed this case to the Seattle Division.  *See* LCR 3(e).

## VI.      DEFENDANT HAS SATISFIED
## THE REMAINING PROCEDURAL REQUIREMENTS

21.      The United States District Court for the Western District of Washington is the federal judicial district embracing the superior courts of King County, where Parler filed the State Action.  28 U.S.C. § 128(b).

22.      A copy of State Complaint was attached to the Notice of Removal as **Exhibit 5** (Dkt. 1-5).  Defendants separately filed a Verification of State Court Records under LCR 101(c) (Dkt. 17).

23.      Promptly after filing this Notice of Removal, Defendants provided written notice to Parler's counsel and filed a copy of the Notice with the Clerk of King County Superior Court pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Filing a Notice of Removal was attached to the Notice of Removal as **Exhibit 6**.

## VII.      NO WAIVER

24.      Defendants have additional defenses to this action and do not waive any defenses.[1]

Defendants therefore give notice that the above-entitled action is removed from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington at Seattle.

---

[1] Defendant expressly preserves all Rule 12(h) objections.  *See* Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1395 (3d ed. 2004) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'") (quoting *Greenberg* v. *Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)).

AMENDED NOTICE OF REMOVAL - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  DATED this 21st day of May, 2021.

2

3                                    Davis Wright Tremaine LLP
                                     Attorneys for Defendants Amazon Web Services,
4                                    Inc. and Amazon.com, Inc.

5                                    By *s/Ambika K. Doran*
6                                          Ambika Kumar Doran, WSBA #38237
                                           Robert E. Miller, WSBA #46507
7                                          Caesar Kalinowski IV, WSBA #52650
                                           920 Fifth Avenue, Suite 3300
8                                          Seattle, WA 98104
                                           Telephone: 206-622-3150
9                                          E-mail:   AmbikaDoran@dwt.com
10                                                   RobertMiller@dwt.com
                                                     CaesarKalinowski@dwt.com
11
                                           Alonzo Wickers IV (*pro hac vice*)
12                                         865 S. Figueroa Street, Suite 2400
                                           Los Angeles, CA 90017
13                                         Telephone: 213-633-6800
                                           E-mail:    AlonzoWickers@dwt.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

AMENDED NOTICE OF REMOVAL - 7

# EXHIBIT B

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARLER LLC,

                              Plaintiff,

        v.

AMAZON WEB SERVICES, INC., and AMA-
ZON.COM, INC.,

                              Defendants.

No. ———————— 2:21-cv-
00270-BJR

DEFENDANTS' AMENDED
NOTICE OF REMOVAL

King County Superior Court
Case No. 21-2-02856-6 SEA

TO:———————— Clerk, United States District Court for the Western District of Washington;

AND TO:      Parler LLC

        Defendants Amazon Web Services, Inc. ("AWS") and Amazon.com, Inc. remove this case,

originally filed in the Superior Court of the State of Washington for King County under case num-

ber 21-2-02856-6 SEA, to the United States District Court for the Western District of Washington

at Seattle.  Defendants remove this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the

grounds described below.

## I.      INTRODUCTION

        Parler's state court complaint is an extreme attempt to forum shop.  After suffering an

unequivocal defeat on its motion for preliminary injunction before this Court and then agreeing to

amend its federal court complaint, Parler instead dismissed the federal complaint and filed a new

complaint in state court involving the same nucleus of facts.  This gamesmanship is nothing more

AMENDED NOTICE OF REMOVAL - 1

than a transparent effort to evade this Court's dim view of the merits of Parler's claims. But Parler's scheme is futile. The parties are diverse, the amount in controversy exceeds $75,000, and thus Defendants file this notice of removal of this case back to federal court.

## II.       STATEMENT OF FACTS

1.       Parler initially filed suit in this Court on January 11, 2021. Case No. 2:21-cv-31-BJR Dkt. 1. Attached as **Exhibit 1** is a true and correct copy of the complaint in that action ("Federal Complaint").

2.       On January 21, 2021, Judge Rothstein denied Parler's motion for preliminary injunction, finding Parler had failed to show a likelihood of prevailing on its claims, including its claim that AWS breached the parties' contract by allegedly terminating the contract without sufficient notice. In particular, the Court found Parler "has not denied that … [it] was in violation of [its] Agreement" with AWS, *id.* at 9, and had "failed to demonstrate the likelihood that AWS breached the CSA" because "the evidence at this point suggests that AWS's termination … was in response to Parler's material breach," *id.* at 10. Attached as **Exhibit 2** is a true and correct copy of Judge Rothstein's order (the "Federal Order") (Case No. 2:21-cv-31-BJR Dkt. 34).

3.       ~~Parler has~~At the time the Notice of Removal was filed, Parler had not served Defendants in the State Action.

4.       After receiving the order denying its request for preliminary injunction, Parler informed AWS that it intended to amend the Federal Complaint. Parler asked AWS to stipulate to allow Parler to file the amendment by February 16, 2021, and accordingly, AWS agreed not to respond to the Federal Complaint. The stipulation was entered January 28, 2021. *See* W.D. Wash. Case No. 2:21-cv-31-BJR, Dkt. 38 (Joint Stipulation for Amendment and Response Schedule) (attached as **Exhibit 3**). On February 15, 2021, Parler's counsel contacted AWS's counsel, asking for additional time to file its amended complaint. AWS agreed, and Parler and AWS stipulated that Parler would file the amended complaint by March 2, 2021. *See* W.D. Wash. Case No. 2:21-

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

cv-31-BJR, Dkt. 40 (Stipulated Motion and Proposed Order for Amendment and Response Schedule) (attached as **Exhibit 4**).

5.      On March 2, 2021, Parler filed a lawsuit based on the same facts and alleging at least one of the same claims in King County Superior Court, 21-2-02856-6 SEA (the "State Complaint").  Attached as **Exhibit 5** is a true and correct copy of the State Complaint.

6.      In the State Complaint, Parler asserts that "as a result of the unlawful actions of Amazon and AWS, Parler has permanently lost … hundreds of millions of dollars in annual advertising revenue," among other damages, and also demands treble damages and attorneys' fees on several of its claims.  State Complaint ¶ 11; *see also id.* ¶¶ 86, 114, 130, 142, 149, 165, 222, 229, 237, 250; *id.* p. 65.

7.      Defendants are entitled to remove this action under 28 U.S.C. § 1332 because ~~complete diversity of citizenship exists and~~ the total amount in controversy exceeds $75,000 and, on information and belief, complete diversity of citizenship exists.  *See* 28 U.S.C. § 1446(a) (requiring a "short and plain statement of the grounds for removal").

### III.      DIVERSITY JURISDICTION EXISTS

**A.      Complete Diversity Exists**

~~1.      This case satisfies the complete diversity requirement.  A person's state of domicile determines his or her state citizenship.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Under 28 U.S.C. § 1332, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities," which is generally "the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).~~

~~2.      Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada.  *See* Federal Complaint ¶ 10.  Parler therefore is a citizen of Nevada.~~

8.      On information and belief, this case satisfies the complete diversity requirement.

AMENDED NOTICE OF REMOVAL - 3

9.      On information and belief, Parler is neither a citizen of Delaware nor Washington.

8.10.   Defendants are incorporated in Delaware with their principal places of business in Seattle, Washington.  *See* State Complaint ¶¶ 13, 14; Federal Complaint ¶ 11.

9.11.   Because, on information and belief, Defendants are not citizens of the same state as Parler, the parties are completely diverse.

10.12.   BecauseAs Defendants havehad not been served in the State Action upon filing of the Notice of Removal, 28 U.S.C. §- 1441(b)(2) does not bar removal.  *See, e.g.*, *Gibbons v. Bristol-Myers Squibb*, 919 F.3d 699, 705 (2d Cir. 2019); *Texas Brine Company v. American Arbitration Association*, 955 F.3d 482, 487 (5th Cir. 2020); *Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153 (3d Cir. 2018).

**B.      Plaintiffs Demand More than $75,000**

11.13.   The State Complaint avoids specifying a damage amount, but the allegations make clear that the amount in controversy exceeds $75,000.  In evaluating the amount in controversy, a court considers "the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  *Gierke v. Allstate Prop. & Cas. Ins. Co.*, No. C19-0071JLR, 2019 WL 1434883, at *2 (W.D. Wash. Apr. 1, 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015)).

12.14.   Under Local Civil Rule 101(a), where the complaint does not "set forth the dollar amount prayed for," a removal petition shall "set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court."  As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

13.15.   It is facially apparent from the State Complaint that Parler is seeking damages in excess of $75,000 because Parler alleges that "millions" of dollars are at stake.  For instance, the

AMENDED NOTICE OF REMOVAL - 4

State Complaint alleges:

- "As a result of the unlawful actions of Amazon and AWS, Parler has permanently lost tens of millions of current and prospective future users—many of whom have migrated to other platforms—and hundreds of millions of dollars in annual advertising revenue.  Parler therefore brings this suit for multiple violations of Washington's contract, tort, unfair-competition, and consumer protection laws." State Complaint ¶ 11.

- "AWS's unfair and deceptive acts and practices have resulted in substantial damages to Parler, including but not limited to the loss of millions of dollars of revenue from advertisements."  State Complaint ¶ 86.

- "AWS caused severe economic injury to Parler by depriving it of millions of dollars of advertising revenues and by making it extremely difficult for Parler to get back online with another service provider, which injury AWS knew would occur given the reputational injury Parler had suffered at AWS's hands." State Complaint ¶ 250.

*See also* State Complaint ¶¶ 114, 130, 142, 149, 165, 222, 229, 237.

~~14.~~16.  "The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute[.]" *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Treble damages are also considered.  *See, e.g.*, *Nw. Ry. Museum v. Indian Harbor Ins. Co.*, No. C17-1060JLR, 2017 WL 4466619, at *3 (W.D. Wash. Oct. 5, 2017) (when plaintiffs requested treble damages, the court trebled the amounts alleged to determine the amount in controversy and denied remand); *Lim v. Nat'l Gen. Ins. Co.*, No. C15-383 RSL, 2015 WL 12025326, at *1 (W.D. Wash. Apr. 30, 2015) (plaintiff sought actual damages, treble damages under statute, and reasonable attorney's fees and costs, which court considered in determining the amount in controversy in denying remand); *Rain v. Ameriprise Auto & Home Ins. Agency, Inc.*, No. C14-5088 RJB, 2014 WL 1047244, at *3 (W.D. Wash. Mar. 18, 2014) (when plaintiffs requested treble damages and

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

defendants showed that plaintiffs' damages would be at least $41,000.00 before trebling, court denied remand).

~~15.~~17.  The State Complaint seeks "damages, including trebled and exemplary damages, in an amount to be determined at trial," in addition to "attorney's fees and costs."  State Complaint p. 65.  The State Complaint includes fifteen separate causes of action, including six under the Washington Consumer Protection Act, which provides for treble damages and attorneys' fees and costs to a prevailing plaintiff.  *See* RCW 19.86.090.

~~16.~~18.  Thus, the State Complaint alleges Amazon caused "millions" of dollars in damages, and requests that the Court treble those damages and award statutory attorneys' fees.  The amount in controversy far exceeds $75,000.

## IV.    REMOVAL IS TIMELY

~~17.~~19.  Parler filed the State Complaint on March 2, 2021.  The ~~notice~~Notice of ~~removal is~~Removal was timely pursuant to 28 U.S.C. § 1446.

## V.    INTRADISTRICT ASSIGNMENT

~~18.~~20.  This action is properly removed to the Seattle Division of the Western District of Washington.  Under LCR 3(e), cases where the claims arose in King County are properly removed to Seattle.  Parler elected to file this action in King County.  For these reasons, Defendants have properly removed this case to the Seattle Division.  *See* LCR 3(e).

## VI.    DEFENDANT HAS SATISFIED
## THE REMAINING PROCEDURAL REQUIREMENTS

~~19.~~21.  The United States District Court for the Western District of Washington is the federal judicial district embracing the superior courts of King County, where Parler filed the State Action.  28 U.S.C. § 128(b).

~~20.~~22.  A copy of State Complaint ~~is~~was attached to the Notice of Removal as **Exhibit 5**~~.~~ (Dkt. 1-5).  Defendants separately ~~will file~~filed a Verification of State Court Records under LCR 101(c) (Dkt. 17).

~~21.~~23.  Promptly after filing this Notice of Removal, Defendants ~~will give~~provided written

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

notice to Parler's counsel and ~~will file~~filed a copy of ~~this~~the Notice with the Clerk of King County

Superior Court pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Filing a

Notice of Removal ~~is~~was attached to the Notice of Removal as **Exhibit 6**.

## VII.   NO WAIVER

~~22.~~24.  Defendants have additional defenses to this action and do not waive any defenses.[1]

Defendants therefore give notice that the above-entitled action is removed from the Supe-

rior Court of the State of Washington for King County to the United States District Court for the

Western District of Washington at Seattle.

DATED this ~~3rd~~21st day of ~~March~~May, 2021.

Davis Wright Tremaine LLP
Attorneys for Defendants Amazon Web Services,
Inc. and Amazon.com, Inc.

By *s/Ambika K. Doran*
Ambika Kumar Doran, WSBA #38237
Robert E. Miller, WSBA #46507
Caesar Kalinowski IV, WSBA #52650
920 Fifth Avenue, Suite 3300
Seattle, WA -98104-~~1610~~
Telephone: 206-622-3150
~~E-mail: ambikadoran@dwt.com~~

E-mail:   AmbikaDoran@dwt.com
            RobertMiller@dwt.com
            CaesarKalinowski@dwt.com

Alonzo Wickers IV~~, Cal. State Bar #169454~~
—— (*pro hac vice* ~~application forthcoming~~)

---

[1] Defendant expressly preserves all Rule 12(h) objections.  *See* Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1395 (3d ed. 2004) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'") (quoting *Greenberg* v. *Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)).

AMENDED NOTICE OF REMOVAL - 7

865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: -213-633-6800
E-mail: alonzowickers@dwt.comE-mail:
    AlonzoWickers@dwt.com

AMENDED NOTICE OF REMOVAL - 8