THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON WEB SERVICES, INC., and AMAZON.COM, INC., <br><br> Defendants. | Case No. 21-cv-00270 <br><br> PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS |

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224


I. **INTRODUCTION**

Defendants Amazon Web Services, Inc. and Amazon.com, Inc. (collectively, "Amazon") removed this case under false pretenses. In its haste to achieve a "snap removal" before it was served, Amazon made a snap judgment when alleging this Court's subject matter jurisdiction. Specifically, Amazon premised its Notice of Removal solely on the following purported basis for diversity jurisdiction:

> 9. Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada. *See* Federal Complaint ¶ 10. Parler therefore is a citizen of Nevada.
>
> 10. Defendants are incorporated in Delaware with their principal places of business in Seattle, Washington. *See* State Complaint ¶¶ 13, 14; Federal Complaint ¶ 11.
>
> 11. Because Defendants are not citizens of the same state as Parler, the parties are completely diverse.

Amazon's Notice of Removal, Dkt. 1, at 3. On March 11, 2021, Parler informed Amazon that the critical premise of this argument—the allegation that Parler is solely a citizen of Nevada because that is its principal place of business—was legally and factually false. Declaration of Angelo J. Calfo ("Calfo Decl."), ¶ 11, Ex. 1 (3/11/21 Email from Angelo J. Calfo to Ambika Kumar Doran). Amazon has never disputed the falsity of this allegation—nor has Amazon identified *any* good faith basis for having made the allegation—but Amazon nonetheless refused to stipulate to remand. Calfo Decl., ¶ 20. Likewise, after Parler moved for remand, Amazon did not even try to defend the accuracy of this allegation in its opposition. *See generally* Dkt. No. 28. Instead, Amazon simply asked the Court to overlook its defective Notice of Removal and to permit jurisdictional discovery based on information contained in Parler's corporate disclosure statement so Amazon could try to fish for a *new* basis for removal after manipulating its way into federal court with a false statement. *Id.* Moreover, Amazon's 11th hour Motion for Leave to Amend its Notice of

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

Removal (the "Motion to Amend") (Dkt. 33), which was filed on the last day of the Rule 11 "safe harbor" 21-day period, fails to appropriately correct Amazon's unfounded allegations that complete diversity of jurisdiction exists. That is a serious abuse of the judicial process.

While Parler recognizes that sanctions under Rule 11 are an extraordinary remedy, they are necessary and justified in this case in light of Amazon's unsupported and bad-faith factual assertions and legal contentions concerning Parler's citizenship, and its dogged resistance to rectifying its error by stipulating to a remand.

It is clear that Amazon did not conduct a reasonable inquiry into the facts and the test used to determine Parler's citizenship when it removed *less than 24 hours* after Parler filed its complaint in state court.  It is equally obvious that, had Amazon conducted a reasonable inquiry, it would have understood that the allegations in its Notice of Removal were false.  Amazon skipped a reasonable inquiry in its quest to obtain an accelerated "snap removal"—less than 24 hours after it became aware of Parler's state court complaint—which is a questionable basis for defeating state court jurisdiction when the forum defendant rule would normally prevent a forum-based defendant from removing the case to federal court.  In Amazon's Response to Parler's Amended Motion to Remand, it essentially admits that it did not conduct a reasonable inquiry into Parler's citizenship when it alleges that "Parler controls the information that the Court needs to ascertain citizenship," (Dkt. 28, at 4), which implies that Amazon did not possess such information when it filed its erroneous and frivolous Notice of Removal.

Worse, Amazon has refused to "appropriately correct" its error.  Parler has offered Amazon several safe harbor opportunities to withdraw its flawed Notice of Removal and stipulate to a remand of this action to state court.  Amazon has repeatedly refused.  Instead, Amazon filed a Motion for Leave to Amend its Notice of Removal, belatedly alleging, on only information and belief, that Parler is not a citizen of Delaware and that therefore, complete diversity exists.  But this action does not in any way remedy Amazon's use of a false allegation to justify its snap

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

removal. Indeed, Amazon, which has the burden of surmounting the strong presumption against removal jurisdiction, openly *continues* to have no factual basis for its allegations of diversity jurisdiction whatsoever. Sanctions are necessary to correct Amazon's behavior, to compensate Parler for the resulting legal costs, and to deter Amazon from taking such speculative, unsupported, and unwarranted positions concerning the Court's jurisdiction in the future.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Parler LLC originally brought both federal and state-based claims against AWS in this Court in a complaint filed on January 11, 2021. Case No. 2:21-cv-31-BJR, Dkt. 1 (the "Federal Action"). On the same day, Parler filed a corporate disclosure statement indicating that one of its members was from Delaware. *See id.*, Dkt. 3 at 2.

On March 2, 2021, at 4:27 p.m., Parler filed a complaint in the Superior Court of the State of Washington for King County (the "State Complaint") bringing solely Washington state-based claims against AWS and Amazon.com, Inc. (the "State Action"). On the same day, Parler dismissed the Federal Action. Calfo Decl. ¶ 5.

On March 3, 2021, Amazon filed a Notice of Removal of the State Action, 24 minutes prior to being served by Parler with the complaint in the State Action. Dkt 1. In its Notice of Removal, Amazon alleged that "Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada," that "Parler therefore is a citizen of Nevada," and that "this case [therefore] satisfies the complete diversity requirement because Defendants are not citizens of the same state as Parler. . . ." Dkt. 1, Notice of Removal, at 3. Both defendants acknowledge in the Notice of Removal that they are residents of both Washington and Delaware. *Id.* at 3.

Parler is a limited liability company. Calfo Decl. ¶ 9. Parler's corporate disclosure statement in the Federal Action—filed almost two months before Amazon's Notice of Removal— put Amazon on notice that Parler had members, one of which was a Delaware entity. Federal Action, Dkt. 3. Parler listed its members as "John Matze and NDM Ascendant LLC." *Id.* at 2. It

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

further listed NDM Ascendant LLC's members as Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust. *Id.* at 2.

Amazon's Notice of Removal failed to identify the citizenship of all of Parler's members, as required by LCR 101(f). Instead, Amazon applied a citizenship test for ordinary corporations in its Notice of Removal, rather than for limited liability companies. Notice of Removal, Dkt. 1 at 3. Amazon compounded its error in assuming Parler's status as an ordinary corporation when it cited several standards for determining the citizenship of such a corporation, rather than an LLC. It cited 28 U.S.C. §1332 for the proposition that "a *corporation* shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." Dkt. 1 at 3 (emphasis supplied). But Amazon was obviously fully aware that Parler, LLC is in fact an LLC, not an ordinary corporation.

Following Amazon's Notice of Removal, counsel for Parler conferred with counsel for Amazon to address Amazon's erroneous assertion of complete diversity, during which counsel for Amazon acknowledged that its Notice of Removal applied the wrong standard for determining Parler's citizenship. Calfo Decl., ¶¶ 14, 15, and 16 & Ex.'s 2 and 3. Since then, Parler has demanded on at least 3 separate occasions via emails on March 11, 13 and 18, 2021, respectively, that Amazon stipulate to remand. *Id.* at ¶ 17. On April 7, 2021, counsel for Parler also wrote a letter to counsel for Amazon concerning potential Rule 11 sanctions requesting again that Amazon stipulate to a remand or provide an explanation for its claimed basis of diversity jurisdiction. Calfo Decl. Ex. 4.

To date, Amazon has refused to stipulate to remand, and on April 12, 2021, Amazon opposed Parler's amended motion for remand. *See* Dkt. 28, Resp. to Am. Mot. to Remand (the "Response"). Amazon's Response did not provide any facts substantiating its erroneous claim that Parler is solely a citizen of Nevada and that complete diversity of jurisdiction exists. Indeed, Amazon does not even try to argue that its Notice of Removal was accurate. Instead, Amazon

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

sought leave to issue discovery in order to try to fish for information on which it might try to base a *new* theory for diversity jurisdiction.  Dkt. 28, 5-8, 15.

On April 30, 2021, Parler served Amazon with a draft of its Motion for Rule 11 sanctions.  Calfo Decl., ¶ 19.  On May 21, 2021, two and a half months after filing its Notice of Removal, Amazon filed a Motion for Leave to Amend Notice of Removal (Dkt. 33), to remove its erroneous allegation that Parler was solely a Nevada citizen, instead alleging "on information and belief" that "Parler is neither a citizen of Delaware nor Washington."  Dkt. 33, 11:14.  But Amazon's motion does not even try to correct its unsupported statement that "complete diversity of citizenship exists."  *Id.*, 11:9-10.  Instead, Amazon decided to double down on that allegation notwithstanding the absence of a good faith basis for its assertion.

### III.  LEGAL STANDARD

Fed. R. Civ. Proc. Rule 11 provides:

> "**(b) Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper . . .  an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed *after an inquiry reasonable under the circumstances*: . . . (2) the . . . legal contentions are warranted by existing law . . . [and] (3) the factual contentions have evidentiary support[.]"

If Rule 11(b) is violated, the district court may impose an appropriate sanction.  *See* Fed. R. Civ. P. 11(c); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).  Rule 11 is intended to be applied vigorously to curb the filing of documents that are frivolous, legally unreasonable, or without factual foundation.  *United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., Loc. No. 32 v. Lockheed Shipbuilding Co.*, 1986 WL 15664, at *3 (W.D. Wash. Oct. 17, 1986).  As another district court in this Circuit has observed, "Rule 11 is governed by an objective standard of reasonableness."  *William Villa v. Heller*, 885 F. Supp. 2d 1042, 1055 (S.D. Cal. 2012) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx, Corp.*, 496 U.S. 384 (1990)).

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

### IV.   ARGUMENT

**A.   Amazon's Allegations of Parler's Citizenship Are Frivolous Because Amazon Does Not have a Legal or Factual Basis for Alleging Parler's Citizenship**

In seeking removal, Amazon—not Parler—bears the burden of establishing that diversity jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  In Amazon's response to the Amended Motion for Remand, it put the cart before the horse when it argued that "Parler's remand motion lacks the information necessary for the Court to make [a determination that there is no diversity jurisdiction]." Dkt. 28, at 5.  In reality, because Amazon lacked such information, it did not have a good faith basis for removal in the first place.

Precedent is unambiguous on that point.  As the Supreme Court has held, "Defendants may remove an action on the basis of diversity of citizenship [only] if there is complete diversity between *all* named plaintiffs and *all* named defendants, and no defendant is a citizen of the forum State."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (emphases added).  Further, "the plaintiff is the master of his complaint."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and quotation marks omitted).  Accordingly, federal courts should apply a "strong presumption against removal jurisdiction," which "means that *the defendant always has the burden of establishing that removal is proper*, and that the court resolves all ambiguity in favor of remand to state court."  *Id.* (emphasis added); *see also Naxos, LLC v. Am. Fam. Ins. Co.*, 2018 WL 11152150, at *1 (W.D. Wash. Sept. 19, 2018) ("The removal statute is strictly construed against removal jurisdiction, and a removing defendant bears the burden of establishing grounds for federal subject matter jurisdiction in the case.").

This is because federal courts are courts of limited jurisdiction that do not lightly assume the authority to resolve disputes.  By admitting that it lacks the information "necessary for the Court to make [a determination that there is diversity jurisdiction,]" Amazon has effectively

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

conceded that it did not have the information to allege that diversity jurisdiction existed in the first instance.

Amazon not only has failed to meet its burden of establishing diversity jurisdiction—it has removed based on diversity jurisdiction *without a good faith basis*.  The Ninth Circuit has held that a party may be sanctioned for filing in federal court absent a factual foundation for subject matter jurisdiction.  *See Orange Production Credit Ass'n v. Frontline Ventures, Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986).  Ninth Circuit precedent is clear that the current incarnation of Rule 11 no longer requires "subjective bad faith" to warrant sanctions.  *Id*. at 800 (cleaned up).  On the contrary, "[s]anctions under Rule 11 are appropriate when a pleading which has been filed is frivolous, legally unreasonable, or without factual foundation." *Id*. (cleaned up).  And, of course, "[t]he fact that the district court lacked jurisdiction to consider the merits of the case did not preclude it from imposing sanctions." *Id*. at 801 (cleaned up).

As Amazon knows well, the test for determining citizenship of an LLC is to determine the citizenship of its owners/members. *Tylt, Inc. v. Wireless Advocs., LLC*, 2020 WL 1286174, at *1 (W.D. Wash. Mar. 18, 2020).   Indeed, LCR 101(f) requires a removing party to allege the citizenship of all of the members of an LLC:

> If the removal is based on diversity, the notice of removal must also, to the extent possible, identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC), a limited liability partnership (LLP), or a partnership, identify the citizenship of the owners/partners/members of those entities to establish the court's jurisdiction.

Amazon did not comply with LCR 101(f) in its Notice of Removal *or* in its proposed Amended Notice of Removal.  Had it done so, it would have been obvious on its face that removal was improper.

Further, Amazon has repeatedly been put on notice that Parler had several members through the Corporate Disclosure statement that was filed in the original Federal Action. Pl.'s Corporate Disclosure Statement, Federal Action, Dkt. 3, at 2.  Remand would have been

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

appropriate on this basis *alone*. *See, e.g.*, *Naxos*, 2018 WL 11152150, at *1 (where notice of removal did not allege the citizenship of all the LLC's members, ordering the <u>defendant</u> to produce such information within 14 days or the case would be remanded). Everything else merely fortifies the conclusion that Amazon acted in bad faith.

Indeed, more than two months before filing its Motion to Amend, Amazon conceded to counsel that it used the wrong test to determine Parler's citizenship. During a March 11, 2021, meet and confer with Amazon's counsel, in which counsel for Parler asked counsel for Amazon to explain the inquiry it conducted prior to filing its Notice of Removal, Amazon's counsel conceded it had not applied the right test for determining Parler's citizenship. Calfo Decl., ¶ 14, 16. Amazon's counsel also wrote to counsel for Parler acknowledging that an LLC's citizenship is determined by the citizenship of its members. *Id.*, Ex. 3. Yet, Amazon has not produced any facts that establish there is complete diversity of citizenship, despite numerous requests and a 21-day safe-harbor period. *Id.*, ¶ 21.

Notably, although it had no burden to do so, Parler has produced facts through its Corporate Disclosure Statement that establish that Amazon and Parler share common citizenship in Delaware—and thus, there is not complete diversity. One of Parler's members is NDM Ascendant LLC, a Delaware limited liability company. Dkt. No. 15, ¶ 3. In turn, NDM Ascendant LLC's citizenship is determined by the citizenship of its members, which include the Rebekah Mercer 2020 Irrevocable Trust (the "Trust"), which was formed under the laws of Delaware. *See id.* ¶ 4. And, for diversity purposes, the citizenship of a traditional trust, such as the Trust, is similarly determined by the citizenship of its trustees. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016)). As Parler's Corporate Disclosure Statement makes clear, one of the trustees of the Trust is the J.P. Morgan Trust Company of Delaware, a company headquartered and incorporated in Delaware, making it a citizen of Delaware. *See* Calfo Decl. ¶ 4. At the time this action was

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

commenced (and now), the Trust was a Delaware citizen, which made NDM Ascendant LLC a Delaware citizen, which in turn made Parler a Delaware citizen. *See, e.g.*, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("the jurisdiction of the Court depends upon the state of things at the time of the action brought") (quotation marks and citation omitted). Since Delaware is a common state of citizenship between Parler and the Defendants, complete diversity is absent, and the Court lacks jurisdiction. *See Wescott v. Upshaw*, 2020 WL 3469362, at *2 (W.D. Wash. June 25, 2020) ("As Plaintiff and one Defendant are citizens of the same state, there is not complete diversity and this Court lacks jurisdiction to hear this case.").

In sum, Amazon never had any factual or legal basis for alleging in its removal papers that (1) Parler is not a Delaware citizen, or (2) that there is complete diversity. Sanctions are necessary and appropriate here, in light of Amazon's flagrant decision to remove based on incomplete and false allegations, as well as its subsequent and recalcitrant refusal to stipulate to remand or "appropriately correct" its allegations of jurisdiction when the falsity of those allegations was pointed out.

**B.   Amazon Did Not Conduct a Reasonable Inquiry Before Filing Its Notice of Removal**

The need for sanctions is particularly clear in the context of Amazon's "snap removal" tactics. Amazon rushed to file its Notice of Removal before it was served by Parler, less than 24 hours after Parler filed its complaint in the State Action. Amazon obviously knew that, if it waited and found a basis for diversity jurisdiction through discovery in state court, it would no longer be able to remove in light of the forum-defendant rule. As a result, Amazon knowingly chose to file its Notice of Removal *without a reasonable inquiry* in the rush to get into federal court before it was served with the state court complaint.

The Ninth Circuit, moreover, has held that a failure to conduct a reasonable investigation of a party's domicile can result in Rule 11 sanctions. *See, e.g.*, *Hendrix v. Naphtal*, 971 F.2d 398, 399 (9th Cir. 1992) (where plaintiff's counsel failed to investigate client's domicile and plaintiff

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 9

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

had moved his domicile to a state that destroyed complete diversity). As explained above, a reasonable inquiry would have revealed that Parler is a limited liability company, not a corporation. In fact, a reasonable inquiry was not even needed—Amazon was already fully on notice of that fact. Complaint, Federal Action, Dkt. 1, at 3-4; Pl.'s Corporate Disclosure Statement, Federal Action, Dkt. 3, at 2.

A reasonable inquiry also should have revealed the proper test for determining the citizenship of a limited liability company. It is long-standing, black-letter law that the citizenship of an LLC is determined by the citizenship of its members. *See*, *e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Moreover, this principle is embedded in this District's local rules, including LCR 101(f)'s requirement that a removing defendant allege the citizenship of each member of a limited liability company—with which Amazon did not comply. *See infra,* at 7. It is therefore unsurprising that, when Parler confronted Amazon about the lack of a good faith basis for its allegations regarding citizenship, Amazon did not try to defend them. Calfo Decl., ¶¶ 17, 19, and 20. What is surprising, however, is Amazon's subsequent refusal to stipulate to remand. Amazon's brazen decision to stand on its *admittedly* false Notice of Removal—in which it included knowingly or recklessly false information for the sole purpose of beating Parler to the punch with its "snap removal"— and then unfounded jurisdictional allegations on information and belief in its proposed amended notice of removal, makes sanctions particularly necessary and appropriate here.

**D.    Amazon's Proposed Amended Notice of Removal Fails to "Appropriately Correct" Its Jurisdictional Allegations**

On May 21, 2021, Amazon filed its Motion to Amend, explicitly stating that it was seeking to obtain "safe harbor" from this Rule 11 motion. Dkt. 33. But Fed. R. Civ. P. Rule 11(c)(2) provides a "safe harbor" for litigants only "if the challenged paper, claim defense, contention, or denial *is withdrawn or appropriately corrected* within 21 days after service. . . ." (emphasis added).

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 10

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

In its proposed amended notice of removal that is attached to its Motion to Amend, Amazon revised its allegations from the erroneous statement that Parler was solely a citizen of Nevada to the unfounded allegation that Parler was "not a citizen of Delaware" and that complete diversity existed. In other words, Amazon affirmatively decided to *stand on* its unfounded contention that there is complete diversity of citizenship, alleging on "information and belief" that Parler is "not a citizen of Delaware." Dkt. 33, 11. Yet Amazon offers no supporting facts to support its contention that Parler is "not a citizen of Delaware," and Amazon continues to flout the requirement to affirmatively plead the Parler's citizenship pursuant to LCR 101(f). Given that removal jurisdiction is strictly construed, and the fact that Parler has already alleged its Delaware citizenship, Amazon has failed to rectify its sanctionable conduct by filing its belated and unsupported Motion to Amend. *See EB-Bran Productions, Inc. v. Warner Elektra Atlantic, Inc.*, 2006 WL 932085 (E.D. Mich. 2006) (awarding sanctions after objectionable conduct described in defendants' Rule 11 motion was not appropriately corrected by plaintiff's amended complaint).

In short, by filing its Motion to Amend, Amazon again concedes that the original allegations in its removal notice were false and made without appropriate investigation. Amazon also concedes in its Motion to Amend that Parler demanded that Amazon cure its Rule 11 violation by withdrawing its Notice of Removal, which contained a false allegation, and stipulate to a remand. Dkt. 33, 4:13-17. Instead of stipulating to a remand, Amazon's Motion to Amend seeks to leverage the false statement it made in its Notice of Removal to obtain discovery that it speculates might provide it another basis for removal that it could not have known existed at the time of the original removal because it had no knowledge that a trust's citizenship was an issue— it failed to perform the investigation necessary to make that determination. If it were to be successful in this effort, Amazon would achieve "snap removal" based on a knowingly false allegation, and then would be permitted to make arguments to stay in federal court based on new allegations that it discovered *after* it was served with the Complaint. Amazon's proposal to take

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 11

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

advantage of its Rule 11 violation to obtain discovery seeking to remain in federal court should not be considered a way of obtaining "safe harbor" from this Rule 11 motion.

### E.     Amazon Should Be Sanctioned by a Penalty Sufficient to Deter Repetition

Fed. R. Civ. P. 11(c)(4) allows a court wide latitude to fashion an appropriate sanction for Amazon's conduct, but the sanction imposed should be sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated."  The Rule defines different types of sanctions that can be applied to achieve the deterrent effect: nonmonetary directives, an order to pay a penalty to the court, or an order directing payment to the movant of all the reasonable attorney's fees and other expenses incurred directly resulting from the violation.  Fed. R. Civ. P. 11(c)(4).

Here, it would be appropriate for the court to sanction Amazon by awarding Parler all the reasonable attorney's fees and other expenses incurred as a result of Amazon's frivolous Notice of Removal—*i.e.*, all of the fees and costs that Parler has incurred in litigating this case in federal court, since Amazon removed.  *See Breckenridge Prop. Fund 2016, LLC v. Eriks*, 2018 WL 4772085, at *4 (W.D. Wash. Oct. 3, 2018) (court awarded fees and costs due to improper removal and set briefing schedule for plaintiff's fee petition).

### V.     CERTIFICATION OF COMPLIANCE WITH  FRCP 11(c)(2) AND CONFERRAL

Parler has complied with the "safe harbor" provision under Fed. R. Civ. Proc. 11(c)(2) by serving Amazon's counsel with a draft of this motion 21 days prior to filing, on April 30, 2021. Calfo Decl., ¶ 19.  In the draft Rule 11 Motion that was served on Amazon's counsel, Parler challenged two of Amazon's contentions, claiming that they violated Rule 11(b): (1) that Parler was not solely a citizen of Nevada, and (2) that complete diversity existed.  *Id.*  In addition, Parler's counsel previously demanded that Amazon withdraw its Notice of Removal and agree to remand on two other occasions.  *Id.* at ¶ 16.  As of the date of filing this motion, Amazon has refused to withdraw or amend its Notice of Removal to correct all of the contentions challenged by Parler.

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 12

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

Pursuant to the Court's Standing Order on all Civil Cases, Section II(C), the parties met and conferred concerning this motion on March 12, 2021 to discuss the substance of this motion. Calfo Decl., ¶ 12, 20. Angelo Calfo, Andrew DeCarlow, and Henry Phillips from Calfo Eakes LLP and Ambika Kumar and Alonzo Wickers from Davis Wright Tremaine LLP attended the conference via Zoom video. *Id*. Following the meeting, the parties exchanged emails and correspondence on this same subject matter. On April 30, 2021, the parties agreed that their meet and confer obligations had been met. *Id.* Prior to Amazon's filing of its Motion to Amend, the parties also met and conferred by email as set forth in the Declaration of Ambika K. Doran in Support of Motion for Leave to Amend Notice of Removal (Dkt. 34). *Id.*

## VI. CONCLUSION

For these reasons, Parler requests that this Court award an appropriate sanction against Amazon pursuant to Fed. R. Civ. P. 11(c) sufficient to deter Amazon and other parties from filing (or standing on) notices of removal containing knowingly or recklessly false information. These sanctions should include, at a minimum, all fees and costs incurred by Parler in connection with Amazon's removal to federal court and in bringing this instant motion.

DATED this 28th day of May, 2021.

**CALFO EAKES LLP**

By   /s/*Angelo J. Calfo*
Angelo J. Calfo, WSBA # 27079
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 407-2200
Fax: (206) 407-2224
Email: angeloc@calfoeakes.com

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 13

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224

**DAVID J. GROESBECK, P.S.**

David J. Groesbeck, WSBA # 24749
1333 E. Johns Prairie Rd.
Shelton, WA 98584
Phone: (509) 747-2800
Email: david@groesbecklaw.com

**SCHAERR |JAFFE LLP**

Gene C. Schaerr (*pro hac vice application to be submitted*)
H. Christopher Bartolomucci (*pro hac vice application to be submitted*)
1717 K Street NW, Suite 900
Washington, DC 20006

*Counsel for Plaintiff Parler LLC*

PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270) - 14

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200  FAX (206) 407-2224