THE HONORABLE BARABARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON WEB SERVICES, INC., and AMAZON.COM, INC., <br><br> Defendants. | Case No. 21-cv-00270-BJR <br><br> [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS |

### [PROPOSED] ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Rule 11 Sanctions. Pursuant to Fed. R. Civ. Proc. 11(c)(6), the Court enters the following findings of fact and conclusions of law:

**FINDINGS OF FACT**:

1. On March 2, 2021, at 4:27 p.m., Parler filed a complaint in the Superior Court of the State of Washington for King County (the "State Complaint") bringing solely Washington state-based claims (the "State Action") against AWS and Amazon.com, Inc. ("Amazon").

2. On March 3, 2021, Amazon filed a Notice of Removal of the State Action, 24 minutes prior to being served by Parler with the complaint in the State Action.

[PROPOSED] ORDER RE: PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

3. In its Notice of Removal, Amazon alleged that "Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada," that "Parler therefore is a citizen of Nevada," and that "this case [therefore] satisfies the complete diversity requirement because Defendants are not citizens of the same state as Parler. . . ."

4. Defendants are citizens of both Washington and Delaware.

5. Parler is a limited liability company.

6. Amazon's Notice of Removal failed to identify the citizenship of Parler's members, as required by LCR 101(f). Instead, Amazon applied the citizenship test for ordinary corporations in its Notice of Removal, rather than for limited liability companies.

7. Amazon compounded its error in treating Parler's status as an ordinary corporation when it cited several standards for determining the citizenship of such a corporation, rather than an LLC. It cited 28 U.S.C. §1332 for the proposition that "a *corporation* shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

8. Following Amazon's Notice of Removal, counsel for Parler conferred with counsel for Amazon to address Amazon's erroneous assertion of complete diversity, during which counsel for Amazon acknowledged via email that its Notice of Removal applied the wrong standard for determining Parler's citizenship.

9. Since then, Parler has demanded on at least 3 separate occasions via emails on March 11, 13 and 18, 2021, respectively, that Amazon stipulate to remand.

10. On April 7, 2021, counsel for Parler also wrote a letter to counsel for Amazon concerning potential Rule 11 sanctions requesting again that Amazon stipulate to a remand or provide an explanation for its claimed basis of diversity jurisdiction.

11. On April 30, 2021, Parler served Amazon with a draft of its Motion for Rule 11 sanctions. In the draft Rule 11 Motion that was served on Amazon's counsel, Parler challenged

[PROPOSED] ORDER RE: PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

two of Amazon's contentions, claiming that they violated Rule 11(b): (1) that Parler was not solely a citizen of Nevada, and (2) that complete diversity existed.

12. On May 21, 2021, two and a half months after filing its Notice of Removal, Amazon filed a Motion for Leave to Amend Notice of Removal (Dkt. 33), to remove its erroneous allegation that Parler was a Nevada citizen, instead alleging "on information and belief" that "Parler is neither a citizen of Delaware nor Washington."

13. Parler's proposed amended notice of removal also alleges that, "on information and belief," "complete diversity exists."

14. Amazon's proposed amended notice of removal does not even try to correct its unsupported statement that "complete diversity of citizenship exists."

15. One of Parler's members is NDM Ascendant LLC, a Delaware limited liability company.

16. In turn, NDM Ascendant LLC's citizenship is determined by the citizenship of its members, which include the Rebekah Mercer 2020 Irrevocable Trust (the "Trust"), which was formed under the laws of Delaware.

17. According to Parler's Corporate Disclosure Statement, one of the trustees of the Trust is the J.P. Morgan Trust Company of Delaware, a company headquartered and incorporated in Delaware, making it a citizen of Delaware.

18. Amazon bears the burden to show that it does not share common citizenship with Parler, but it has offered no good faith basis to meet that burden.

19. Amazon has admitted it is not in possession of any facts that support its claim that Parler is not a Delaware Citizen or that there is complete diversity of citizenship. Instead, it has repeatedly requested this court to allow it to conduct jurisdictional discovery.

[PROPOSED] ORDER RE: PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

**CONCLUSIONS OF LAW:**

1. Parler has complied with the "safe harbor" provision under Fed. R. Civ. Proc. 11(c)(2) by serving Amazon's counsel with a draft of its motion for Rule 11 Sanctions 21 days prior to filing its Motion for Rule 11 Sanctions. In response to the safe harbor motion, Amazon failed to withdraw or appropriately correct the conduct challenged by Parler. *See EB-Bran Productions, Inc. v. Warner Elektra Atlantic, Inc.*, 2006 WL 932085 (E.D. Mich. 2006) (sanctions awarded after party failed to appropriately correct challenged conduct). Indeed, Amazon's proposed amended notice of removal still asserts that there is complete diversity of citizenship between the parties without a good faith basis and without complying with LCR 101.

2. Among other things, Amazon failed to appropriately correct its unsupported conclusion that complete diversity of citizenship exists. Amazon has no objective basis for meeting its substantial burden of showing that this court has jurisdiction under 28 U.S.C. 1441(b). Amazon bears the burden of establishing that diversity jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts apply a "strong presumption against removal jurisdiction," which "means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Amazon's proposed amended notice of removal fails to appropriately correct the challenged assertion that "complete diversity exists" because that conclusion does not have any evidentiary support and that contention is not supported by existing law. Amazon's Notice of Removal, and its proposed amended notice of removal, fail to identify any facts that support its assertion that "complete diversity of jurisdiction exists." Amazon's Notice of Removal and proposed amended notice of removal failed to comply with LCR 101(f), because it does not identify the citizenship of *any* of Parler's members.

3. By filing its Notice of Removal in an attempt to take advantage of "snap removal," Amazon failed to conduct a reasonable investigation of Parler's citizenship and applied the wrong

[PROPOSED] ORDER RE: PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

test to determine Parler's citizenship. If Amazon had taken the time to complete a reasonable inquiry, then it would have been served with Parler's complaint in the State Action, which would have completely foreclosed a removal attempt by Amazon.

4. The Court holds that Rule 11(b) has been violated because Amazon did not conduct a reasonable inquiry prior to filing its notice of removal, Amazon's contention that there is complete diversity of citizenship is not warranted by existing law strictly construing removal jurisdiction and does not have a good faith factual basis.

WHEREFORE, upon consideration of Plaintiff's Motion for Rule 11 Sanctions, and the arguments and materials presented in support thereof and in opposition thereto, and it appearing proper to do so, it is hereby ORDERED that the motion is GRANTED. The Court sanctions Amazon's counsel, Ambika K. Doran, Robert E. Miller, Caesar Kalinowsk and Alonzo Wickers IV and the law firm of Davis Wright Tremaine LLP, by awarding all reasonable attorney's fees and expenses to Plaintiff in connection with litigating this matter in federal court, including opposing Defendants' Notice of Removal, bringing a Motion for Remand, opposing Defendants' Motion for Leave to Amend the Notice of Removal, and for seeking and filing the present Motion for Rule 11 Sanctions. *See Breckenridge Prop. Fund 2016, LLC v. Eriks*, 2018 WL 4772085, at *4 (W.D. Wash. Oct. 3, 2018). The court finds that such a sanction is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated.

Plaintiff's counsel is permitted to file, within 14 days of the entry of this order, a fee petition to approve an award of all attorney's fees awarded above. Amazon may file a response per this Court's normal chambers procedures. In support of its fee petition, Plaintiff's counsel must attach the invoices for which it is seeking reimbursement, but Plaintiff's counsel are expressly authorized to file a redacted version of any time entry descriptions that reveal any internal matters, confidential research topics, strategy, time entries that are irrelevant to this analysis or other attorney-client or work product privileged materials. Plaintiff is authorized to file such materials

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

1 under seal pursuant to LCR 5(g)(2)(A), without any need to further comply with the provisions of
2 LCR 5(g).

3        DATED this ____ day of _____, 2021.

_____
HONORABLE BARABARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

*Prepared by:*

**CALFO EAKES LLP**

By    *s/Angelo J. Calfo*
Angelo J. Calfo, WSBA# 27079
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 407-2200
Fax: (206) 407-2224
Email: angeloc@calfoeakes.com

**DAVID J. GROESBECK, P.S.**

David J. Groesbeck, WSBA # 24749
1333 E. Johns Prairie Rd.
Shelton, WA 98584
Phone: (509) 747-2800
Email: david@groesbecklaw.com

**SCHAERR |JAFFE LLP**

Gene C. Schaerr (*pro hac vice to be submitted*)
H. Christopher Bartolomucci (*pro hac vice to be submitted*)
1717 K Street NW, Suite 900
Washington, DC 20006

*Counsel for Plaintiff Parler LLC*

[PROPOSED] ORDER RE: PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224