THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARLER, LLC,

Plaintiff,

vs.

AMAZON WEB SERVICES, INC., and AMAZON.COM, INC.,

Defendants.

Case No. 21-cv-00270-BJR

DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

I, Angelo J. Calfo, declare as follows:

1. I am a practicing attorney in the State of Washington and a partner at Calfo Eakes LLP. I am competent to testify and have personal knowledge of the matters described herein.

2. On January 11, 2021, Plaintiff Parler LLC brought both federal and state-based claims against Amazon Web Services, Inc. ("AWS") in this Court in a prior lawsuit (the "Federal Action").

3. On February 13, 2021, Parler retained me and the law firm Calfo Eakes LLP to represent it in connection with its dispute with Amazon.com, Inc. and AWS (collectively, "Amazon").



LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

4. On March 2, 2021, at 4:27 p.m., Parler filed its state court complaint in the Superior Court of the State of Washington for King County, bringing solely Washington state-based claims against AWS and Amazon.com, Inc.

5. On the same day, Parler dismissed the Federal Action.

6. Within 24 hours after Parler filed in state court, Amazon removed this case to federal court, purportedly based on diversity jurisdiction, even though it is a "forum defendant" based in Washington. Its removal was based on the questionable "snap removal" theory, and based on Amazon's critical factual allegation that Parler that Parler was specifically a Nevada citizen because its principal place of business was Nevada and because that was its state of formation, applying the standard for ordinary corporations even though Amazon was on notice that Parler was a limited liability company. Dkt. 1.

7. After Amazon removed this case to federal court, the Court ordered Parler to file a corporate disclosure statement by March 11, 2021. As jurisdiction was now purportedly based on diversity of citizenship, the Court's local rules required Parler to state the citizenship of the LLC's members in the corporate disclosure statement. As we gathered information on Parler's citizenship in order to file the corporate disclosure statement, we learned that the legal and factual assertion by Amazon in the removal notice that Parler was solely a citizen of Nevada, and thus not a citizen of Delaware, was inaccurate. For one thing, the leading Ninth Circuit cases on the matter make it clear that an LLC's citizenship for diversity purposes is based on the citizenship of its members and, if a traditional trust is a member, on the citizenship of the trustees. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Demarest v. HSBC Bank USA,* 920 F.3rd 1223, 1228 (9th Cir. 2019). For another, we learned that not all members of Parler were citizens of Nevada. In fact, we learned that one of Parler's members was a citizen of Delaware.

8. On March 11, 2021, as directed by the Court, Parler filed a corporate disclosure statement identifying all the members of Parler. This disclosure statement was filed in redacted



LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

form to avoid public identification of Parler's owners, with Amazon's consent and on court order. While the identity of Parler's members was redacted from the public court file, Amazon received a copy of the disclosure statement without redactions and is fully aware of the identity of Parler's members.

9. As the corporate disclosure statement showed, one of Parler's members is NDM Ascendant LLC ("NDM"), a Delaware limited liability company. The members of NDM included a resident of New York and an irrevocable trust, one of whose trustees was incorporated in Delaware with its principal place of business in Delaware. Thus, under the Ninth Circuit precedent referenced above, Parler was clearly not just a citizen of Nevada based on its place of incorporation, as Amazon had recklessly alleged, but rather was also a citizen of Delaware. This showed that, contrary to the allegation in Amazon's removal notice, there was not complete diversity of the parties and thus diversity jurisdiction did not and does not exist.

10. It became clear to us that Amazon had deliberately or recklessly alleged that Parler was only a Nevada citizen because it did not have sufficient time upon which to conduct a reasonable investigation and still be able to employ the questionable "snap removal" procedure.

11. Exhibit 1 is a true and correct copy of a set of the email dated March 11, 2021 from me to Amazon's counsel informing Amazon that its allegation was legally and factually false, and seeking to schedule a meet and confer conference to address our concerns.

12. On March 12, 2021, we met and conferred with counsel for Amazon to discuss our concerns in Ex. 1 that Amazon's Notice of Removal applied the wrong standard for determining Parler's citizenship, and to learn more about Amazon's reasonable investigation into Parler's citizenship.

13. A true and correct copy of an email dated March 13, 2021, from me to Ambika Kumar Doran and Alonzo Wickers IV confirming the substance of the March 12, 2021 meet and confer conference is attached hereto as Exhibit 2.



LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

14. Prior to the meet and confer with Amazon's counsel, Amazon's counsel conceded that Amazon had not applied the right test for determining citizenship in its Notice of Removal. A true and correct copy of an email dated March 12, 2021 from Amazon's counsel to counsel for Parler, acknowledging that "the citizenship of an LLC is determined by the citizenship of its members at the time of removal," is attached hereto as Exhibit 3.

15. On several occasions—on March 11, 13, and 18, 2021—I wrote emails to counsel for Amazon demanding that they withdraw their incomplete and inaccurate statement concerning Parler's citizenship and diversity jurisdiction, and stipulate to remand of the case to state court. In these emails, I repeatedly asked counsel for Amazon to identify what due diligence, or reasonable investigation, they undertook prior to alleging that Parler was only a citizen of Nevada and that there was diversity of citizenship. Counsel for Amazon has never stated the details of their investigation, but in their recent Response to Parler's Amended Motion to Remand, counsel for Amazon has suggested that Parler alone is in possession of all the relevant facts, which suggests that they did not conduct any investigation into Parler's citizenship prior to filing.

16. As counsel refused to stipulate to remand, or to correct its incomplete and false allegations of citizenship and diversity jurisdiction, on April 7, 2021, I wrote counsel for Amazon a letter setting forth again all of the reasons why Amazon's Notice of Removal violated the letter and spirit of Fed. R. Civ. Proc. Rule 11, a true and correct copy of which is attached hereto as Exhibit 4. In this letter, I again requested that Amazon stipulate to a remand or provide an explanation for its claimed basis of diversity jurisdiction. Also, I informed counsel of Parler's intent to seek Rule 11 sanctions if Amazon did not withdraw its Notice of Removal that was based on a false premise.

17. Counsel for Amazon has not directly responded to my April 7, 2021 letter.

18. Amazon has never disputed the incompleteness and falsity of the allegations in its Notice of Removal—nor has Amazon identified any good faith basis or any facts supporting those



LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224

allegations—but to date, Amazon has refused to stipulate to a remand. It has likewise refused to admit that its "snap removal" was the product of an erroneous, snap judgment.

**Compliance with the "Safe Harbor" Provision and this Court's Conferral Requirement**

19. Parler has complied with Fed. R. Civ. Proc. 11(c)(2) by serving Amazon's counsel with a draft of this motion 21 days prior to filing, on April 30, 2021. In the draft Rule 11 Motion that was served on Amazon's counsel, Parler challenged two of Amazon's contentions, claiming that they violated Rule 11(b): (1) that Parler was not solely a citizen of Nevada, and (2) that complete diversity existed.

20. The parties met and conferred concerning the substance of this motion on March 12, 2021. Angelo Calfo, Andrew DeCarlow, and Henry Phillips from Calfo Eakes LLP and Ambika Kumar and Alonzo Wickers from Davis Wright Tremaine LLP attended the conference via Zoom video. Following the meeting, the parties exchanged emails and correspondence on this same subject matter. On April 30, 2021, the parties agreed via email that their meet and confer obligations had been met. Prior to Amazon's filing of its Motion to Amend, the parties also met and conferred by email as set forth in the Declaration of Ambika K. Doran in Support of Motion for Leave to Amend Notice of Removal (Dkt. 34).

Signed under penalty of perjury under the laws of the United States of America, at Seattle, Washington, this 28th day of May, 2021.

By /s/ Angelo J. Calfo
Angelo J. Calfo, WSBA# 27079



LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200 FAX (206) 407-2224