**EXHIBIT 1**

| | |
|---|---|
| **From:** | Angelo Calfo |
| **To:** | Kumar, Ambika; Wickers, Alonzo |
| **Cc:** | Henry Phillips (HenryP@calfoeakes.com); Andrew DeCarlow (andrewd@calfoeakes.com) |
| **Subject:** | Further meet and confer |
| **Date:** | Thursday, March 11, 2021 3:31:09 PM |
| **Attachments:** | image001.png |

Ambika & Alonzo,

We write to schedule another meet and confer relating to our motion to remand.

Your notice of removal makes the following allegation:

> 21   9.   Parler is a Nevada limited liability corporation with its principal place of business
> 22   in Henderson, Nevada.  *See* Federal Complaint ¶ 10.  Parler therefore is a citizen of Nevada.

You do not cite a case for this proposition and it also appears that it is an incorrect statement of the law and of fact, which would have been evident had the most basic legal research and investigation been performed.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As you know, it is necessary that Amazon have had an "objectively reasonable basis" for removal of a matter to federal court.  It is quite clear that it did not, and its notice of removal concealed that.  Please advise us of the investigation conducted by Amazon to determine the veracity of paragraph 9 both respect to law and fact.

We would like to meet and confer either today or tomorrow.  I'm available the rest of the afternoon and most all of tomorrow as well.

Best regards,

Angelo

Angelo J. Calfo
**CALFO EAKES LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
T: 206 407 2210 | C: 206 229 3441 | www.calfoeakes.com

*Notice:  this internet e-mail message may contain confidential, privileged information that is intended only for the addressee. If you have received this e-mail message in error, please call us immediately at (206) 407-2210 and ask to speak to the message sender. Thank you. We appreciate your assistance in correcting this matter.*

**EXHIBIT 2**

| | |
|---|---|
| **From:** | Angelo Calfo |
| **To:** | Kumar, Ambika; Wickers, Alonzo |
| **Cc:** | Henry Phillips; Andrew DeCarlow; Smith, Lesley |
| **Subject:** | RE: Further meet and confer |
| **Date:** | Saturday, March 13, 2021 10:41:18 AM |
| **Attachments:** | image001.png |

Hi Ambika and Alonzo,

Thank you for agreeing to confer with us yesterday afternoon.

As we mentioned, Parler intends to file an amended notice of remand on additional two grounds.  First, as noted in our email below, Defendants Amazon.com and Amazon Web Services removed this case to federal court based on an allegation that they knew or should have known was inaccurate—namely, that, for diversity purposes, Parler's state of citizenship was Nevada because it is an LLC organized under the laws of that state.  It is well-established that an LLC's citizenship for diversity purposes is determined by the citizenship of its members and not by the state in which it was formed.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  We are concerned that Defendants decided to make this inaccurate allegation in order to take advantage of the questionable "snap removal" procedure.  Had Defendants taken the time to conduct due diligence into Parler's citizenship for purposes of determining diversity jurisdiction, they would not have been able to file their notice of removal prior to being served with Parler's state court complaint.  We asked yesterday what due diligence Defendants performed into Parler's citizenship for diversity purposes prior to filing the notice of removal and you declined to answer.

The second basis for Parler's amended motion to remand is that there is not, in fact, complete diversity of the parties.  As the corporate disclosure statement we provided on March 11 shows, one of Parler's members, NDM Ascendant LLC, is a Delaware LLC, and one member of that LLC is a trust formed under Delaware law.  One of the trustees, J.P. Morgan Trust Company of Delaware, is both headquartered and incorporated in Delaware, making it a citizen of Delaware.  *See Johnson*, 437 F.3d at 899 (holding that a "trust has the citizenship of its trustee or trustees").  Because Defendants are also Delaware citizens for diversity purposes, there is not complete diversity of the parties, which is a requirement for the exercise of federal jurisdiction in this case.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 609, 163 L. Ed. 2d 415 (2005) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806) (noting that the statutory formulation "between ... citizens of different States" requires complete diversity between all plaintiffs and all defendants).

We do intend to request attorneys' fees for our efforts to have this matter remanded to state court because we do not believe there was an objectively reasonable basis for Defendants to file a notice of removal.

During our conversation, you asked whether NDM Ascendant LLC's citizenship had changed since the filing of the state court complaint. The suggestion was that the composition of NDM Ascendant's members changed since the filing of the notice of removal in order to defeat diversity jurisdiction. As I told you, it is not our burden to prove diversity—it is Defendants'. Notwithstanding, I represented to you during our call and I represent to you now that NDM Ascendant's citizenship is the same today as it was on the date the state court complaint was filed.

You asked why we hadn't identified this issue earlier. As I mentioned, we took Defendants notice of removal at face value. It represented that Parler's citizenship for diversity purposes was Nevada. As we gathered the information relating to Parler's members citizenship, and reviewed Ninth Circuit law, we determined that our trust in the legal and factual representations in Defendants' notice of removal was misplaced. Once we had done our due diligence and determined the inaccuracy of the assertion in the notice of removal, we notified you immediately. We respectfully suggest that Defendants should have engaged in that same due diligence prior to filing a notice of removal.

Our request is that Defendants stipulate to an order remanding the case. If you so stipulate, we will agree to waive our right to attorneys' fees. You stated that you would not be able to respond until early next week, as you needed time to confer with your clients. We hope to hear from you by Tuesday close of business.

Thank you for engaging in the meet and confer and for considering our position set forth above.

Angelo

---

**From:** Kumar, Ambika <AmbikaKumar@dwt.com>
**Sent:** Friday, March 12, 2021 12:41 PM
**To:** Angelo Calfo <angeloc@calfoeakes.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Smith, Lesley <LesleySmith@dwt.com>
**Subject:** RE: Further meet and confer

Angelo,
Thanks for your email. We're not sure what motion you are asking to confer about (since a motion for remand is already pending), but we can respond to the substance of your email.

The basis for the allegation is Parler's original complaint in the federal action, in which it alleged that "Plaintiff Parler LLC is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada."

That said, we recognize the citizenship of an LLC is determined by the citizenship of its members at the time of removal. Parler's corporate disclosure statement in the federal action stated that its members are John Matze and NDM Ascendant LLC, and that NDM Ascendant LLC's members are Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust. Public reports suggest Ms. Mercer resides in New York, and we have no reason to believe the Trust destroys diversity.

If you still intend to file a motion of some sort, let's have a call.

Finally, with regard to the extension request, we no longer need it. Judge Rothstein's orders require a response within 21 days, so our response will be due March 25, not March 22.

Regards,
Ambika

**Ambika Kumar | Davis Wright Tremaine LLP**
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Thursday, March 11, 2021 3:31 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>
**Subject:** Further meet and confer

Ambika & Alonzo,

We write to schedule another meet and confer relating to our motion to remand.

Your notice of removal makes the following allegation:



You do not cite a case for this proposition and it also appears that it is an incorrect statement of the law and of fact, which would have been evident had the most basic legal research and investigation been performed. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As you know, it is necessary that Amazon have had an "objectively reasonable basis" for removal of a matter to federal court. It is quite clear that it did not, and its notice of removal concealed that. Please advise us of the investigation conducted by Amazon to determine the

veracity of paragraph 9 both respect to law and fact.

We would like to meet and confer either today or tomorrow.  I'm available the rest of the afternoon and most all of tomorrow as well.

Best regards,

Angelo

Angelo J. Calfo
**CALFO EAKES LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
T: 206 407 2210 | C: 206 229 3441 | [www.calfoeakes.com](http://www.calfoeakes.com)

*Notice:  this internet e-mail message may contain confidential, privileged information that is intended only for the addressee. If you have received this e-mail message in error, please call us immediately at (206) 407-2210 and ask to speak to the message sender. Thank you. We appreciate your assistance in correcting this matter.*

**EXHIBIT 3**

| | |
|---|---|
| **From:** | Kumar, Ambika |
| **To:** | Angelo Calfo; Wickers, Alonzo |
| **Cc:** | Henry Phillips; Andrew DeCarlow; Smith, Lesley |
| **Subject:** | RE: Further meet and confer |
| **Date:** | Friday, March 12, 2021 12:41:16 PM |
| **Attachments:** | image001.png |

Angelo,

Thanks for your email. We're not sure what motion you are asking to confer about (since a motion for remand is already pending), but we can respond to the substance of your email.

The basis for the allegation is Parler's original complaint in the federal action, in which it alleged that "Plaintiff Parler LLC is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada."

That said, we recognize the citizenship of an LLC is determined by the citizenship of its members at the time of removal. Parler's corporate disclosure statement in the federal action stated that its members are John Matze and NDM Ascendant LLC, and that NDM Ascendant LLC's members are Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust. Public reports suggest Ms. Mercer resides in New York, and we have no reason to believe the Trust destroys diversity.

If you still intend to file a motion of some sort, let's have a call.

Finally, with regard to the extension request, we no longer need it. Judge Rothstein's orders require a response within 21 days, so our response will be due March 25, not March 22.

Regards,
Ambika

**Ambika Kumar** | Davis Wright Tremaine LLP
Partner | Co-Chair, Media Law Practice
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8030 | Fax: (206) 757-7030 | Mobile: (206) 356-0397
Email: ambikakumar@dwt.com | Bio: https://www.dwt.com/people/k/kumar-ambika

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Angelo Calfo <angeloc@calfoeakes.com>
**Sent:** Thursday, March 11, 2021 3:31 PM
**To:** Kumar, Ambika <AmbikaKumar@dwt.com>; Wickers, Alonzo <alonzowickers@dwt.com>
**Cc:** Henry Phillips <HenryP@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>
**Subject:** Further meet and confer

Ambika & Alonzo,

We write to schedule another meet and confer relating to our motion to remand.

Your notice of removal makes the following allegation:

> 21  9.  Parler is a Nevada limited liability corporation with its principal place of business
> 22  in Henderson, Nevada. *See* Federal Complaint ¶ 10. Parler therefore is a citizen of Nevada.

You do not cite a case for this proposition and it also appears that it is an incorrect statement of the law and of fact, which would have been evident had the most basic legal research and investigation been performed. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As you know, it is necessary that Amazon have had an "objectively reasonable basis" for removal of a matter to federal court. It is quite clear that it did not, and its notice of removal concealed that. Please advise us of the investigation conducted by Amazon to determine the veracity of paragraph 9 both respect to law and fact.

We would like to meet and confer either today or tomorrow. I'm available the rest of the afternoon and most all of tomorrow as well.

Best regards,

Angelo

Angelo J. Calfo
**CALFO EAKES LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
T: 206 407 2210 | C: 206 229 3441 | www.calfoeakes.com

*Notice: this internet e-mail message may contain confidential, privileged information that is intended only for the addressee. If you have received this e-mail message in error, please call us immediately at (206) 407-2210 and ask to speak to the message sender. Thank you. We appreciate your assistance in correcting this matter.*

**EXHIBIT 4**



**Angelo J. Calfo**
angeloc@calfoeakes.com
(206) 407-2210

April 7, 2021

<u>Via Email</u>

Ambika Kumar Doran
Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
ambikadoran@dwt.com

    Re:    *Parler v. Amazon Web Services, Inc. et al.*: Case No. 21-cv-00270-BJR—
            Rule 11 Letter

Dear Ambika:

    We have exchanged several emails regarding the improper filing of a notice of removal by Amazon.com, Inc. and Amazon Web Services, Inc. (collectively, "Amazon"), which resulted in Parler's state court complaint—which only contains state law claims against forum defendants—being removed to federal court without a good faith basis.

    In those prior emails, we asked Amazon to describe the investigation it conducted into the following legal and factual assertions in its March 3, 2021 notice of removal: "Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada. . . Parler therefore is a citizen of Nevada." Dkt. 1, p. 3, ¶ 9.  The removal notice also alleges, based on this assertion, that "[t]his case satisfies the complete diversity requirement" and, "[b]ecause Defendants are not citizens of the same state as Parler, the parties are completely diverse." *Id.* at ¶¶ 8 and 11.  Your most recent communications with us are an acknowledgment that these assertions in the removal notice are false and do not support your diversity jurisdiction allegations.  However, you have declined our repeated requests that Amazon stipulate to a remand order.

    At the time it filed its removal notice, Amazon knew or should have known that its allegation regarding Parler's citizenship was false.  When Amazon asserted that the citizenship of Parler LLC for diversity purposes depended on the state of its formation or its principal place of business, on what authority did it rely to make that assertion?  The fact is there is *no* authority to support this assertion.  Moreover, the local rules explicitly state that a removing defendant must

Ambika Kumar Doran
April 7, 2021
Page 2

allege the citizenship *of an LLC's members*. *See* LCR 101. Clearly, Amazon's inaccurate allegation was made deliberately or with reckless disregard for its accuracy.

In the short time after Parler provided Amazon a courtesy copy of the state court complaint, but before Amazon was served, Amazon *did* take the time to uncover an esoteric pathway to removal, called "snap removal." Pursuing snap removal, Amazon filed the notice of removal claiming diversity jurisdiction *even though* it was a forum defendant. As we have explained in our motion, the snap-removal procedure has been described as "questionable" and as "gamesmanship" by a majority of courts. But, more to the point, is it Amazon's contention that, prior to filing its removal notice, it conducted legal research that allowed it to identify this esoteric snap-removal procedure, but it did *not* conduct research into the proper method of determining citizenship of an LLC for purposes of removal? It seems implausible, to say the least, that Amazon would explore the avenue of an esoteric legal technique (snap removal) but not also observe the local rules on alleging diversity citizenship or address a core issue purporting to support subject-matter jurisdiction.

We note that Amazon chose not to cite a single court decision or any other authority in its removal notice to support its claim that Parler's citizenship for diversity purposes was to be determined by the state of its formation or its principal place of business, even though its removal notice contains citations for its other assertions. Is it Amazon's contention that its lawyers, prior to filing its removal notice, utterly failed to determine the proper legal test for citizenship of an LLC to determine diversity? We do not believe that to be the case.

The reason Amazon chose to proceed with its false legal assertion in the removal notice—deliberately or otherwise—seems clear: To take advantage of the snap removal procedure, Amazon had to file its removal notice *immediately*. If it had waited even another hour to conduct appropriate legal and factual due diligence, it would have been served with Parler's state court complaint before filing its removal notice, and its ability to employ the questionable snap removal procedure would have been lost. In short, Amazon deliberately or recklessly alleged that Parler was a Nevada citizen for diversity purposes and it knew that in order to quickly file its notice of removal, it had to make that inaccurate allegation. This conduct is highly improper and, in our view, sanctionable.

Despite this sanctionable conduct, which landed Parler in federal court without a legal or factual basis, Amazon now seeks jurisdictional discovery from Parler. We address that request by separate correspondence. Suffice to say that Amazon's effort to leverage its false statements regarding Parler's citizenship in its removal notice to gain jurisdictional discovery is as improper as its original false filing. Amazon should not be rewarded with discovery after making false statements in its removal notice.

Ambika Kumar Doran
April 7, 2021
Page 3

     Amazon's assertion in its removal notice that Parler is a citizen of Nevada, and that therefore, there is complete diversity of citizenship, runs afoul of Rule 11(b).  That rule provides:

> [B]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information and belief, *formed after an inquiry reasonable under the circumstances*:  . . . (2) the . . . *legal contentions are warranted by existing law* . . . [and] (3) the *factual contentions have evidentiary support*[.]

(emphasis added).  Amazon did not conduct a reasonable inquiry into Parler's members' citizenship, as is required by LCR 101.  Indeed, the removal notice is devoid of those required allegations concerning members' citizenship, which, as you know, determines citizenship of Parler. Instead, it rushed to file its removal notice to create the appearance of diversity jurisdiction, when there is in fact none.

     The Ninth Circuit has held that a party may be sanctioned for filing a complaint in federal court that the plaintiff must have known lacked a factual foundation for federal court subject matter jurisdiction.  *See Orange Production Credit Ass'n v. Frontline Ventures, Ltd.*, 792 F.2d 797, 801 (9th Cir.1986).  Moreover, the duty to assess the validity of a claim is a continuing one.  *See Gambello v. Time Warner Communications, Inc.*, 186 F. Supp. 2d 209 (S.D.N.Y. 2002) (sanctions appropriate where a defendant persisted in argument flatly contradicted by plaintiff's deposition testimony); *Perry v. S.Z. Rest. Corp.*, 45 F. Supp. 2d 272, 274-75 (S.D.N.Y.) (sanctions appropriate for pursuing claim after information plaintiffs received from defendants would have prompted an objectively reasonable attorney to make a more thorough investigation of his client), appeal dismissed, 201 F.3d 432 (2d Cir. 1999).  Defendants have repeatedly been put on notice that their notice of removal contained an inaccurate assertion of Parler's citizenship, and yet Defendants have failed to take action to correct the inaccurate allegations.

     We again request that Amazon agree to stipulate to a remand immediately.  Should Amazon fail to do so, Parler intends to seek all sanctions available under Rule 11(c), in addition to the penalties afforded for an unsuccessful removal under 28 U.S.C. § 1447.

                                          Sincerely,

                                          CALFO EAKES LLP

                                          Angelo J. Calfo

cc:     Alonzo B. Wickers, IV