THE HONORABLE BARBARA J. ROTHSTEIN

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10 | PARLER, LLC,

| Case No.  21-cv-00270-BJR

11 |                Plaintiff,

| PLAINTIFF PARLER LLC'S
RESPONSE TO DEFENDANTS'
12 |    vs.

| MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
13 | AMAZON WEB SERVICES, INC., and
AMAZON.COM, INC.,

14

15 |              Defendants.

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## I.     **INTRODUCTION**

Plaintiff Parler, LLC respectfully requests that the Court deny Defendants' futile, untimely, and otherwise meritless Motion to Amend, which only compounds the Rule 11 violations in Defendants' original Notice of Removal.  Amazon Web Services, Inc. and Amazon.com, Inc. (collectively, "Amazon") contend that the purpose of their Motion to Amend is to "moot" Rule 11 sanctions, but it accomplishes no such purpose.

Defendants knowingly filed a defective and misleading Notice of Removal based on diversity jurisdiction.  Amazon's original Notice specifically alleged Parler LLC's citizenship, for purposes of diversity, based on the state where Parler is incorporated. Dkt. 1 at 3.  Shortly after removing, however, Amazon's own counsel expressly admitted in correspondence that they knew this was wrong, stating: "<u>we [Amazon's counsel] recognize the citizenship of an LLC is determined by the citizenship of its members at the time of removal</u>." Email from A. Kumar to A. Calfo (Mar. 11, 2021), Dkt. 36-1, at 9 (emphasis added).  Amazon therefore lacked a good faith legal basis for removal, in violation of Rule 11.

In the same email, Amazon's counsel also admitted that they knew that the presence or absence of diversity in this case would turn on the citizenship of the Rebekah Mercer 2020 Irrevocable Trust (the "Trust").  The Trust is a member of NDM Ascendant LLC, which, in turn, is a member of Parler.  *Id.*  Further, Amazon's counsel implicitly admitted that they had no factual basis to allege diversity based on the citizenship of the Trust.  Instead, when Parler requested Amazon's basis for alleging that the Trust was diverse from Amazon, they stated only: "we have no reason to believe the Trust destroys diversity." *Id.*  Amazon simply ignored the fact that Parler's corporate disclosure statement identified the Trust as a citizen of Delaware, and Amazon offered no basis on which to dispute that status.  Amazon therefore lacked a good faith *factual* basis for removal as well.

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

1    Amazon filed its misleading Notice of Removal, without a good faith basis, within 24 hours
2    after Parler filed its Complaint in state court.  Amazon did so for the express purpose of obtaining
3    "snap removal" 24 minutes before Amazon was served with the Complaint.  Parler subsequently
4    put Amazon on notice that its Notice of Removal violated Rule 11, and it offered Amazon the
5    opportunity to avoid a Rule 11 motion by stipulating to remand.  Letter from A. Calfo to A. Kumar
6    (Apr. 7, 2021), Dkt. 36-1, at 12.  Instead, Amazon filed this Motion to Amend its Notice of
7    Removal, with the express purpose of trying to "moot" Parler's Rule 11 motion.

8        Amazon's Motion lacks merit and fails to accomplish Amazon's stated purpose of trying
9    to "moot" Rule 11 sanctions.  As an initial matter, the proposed amendment is futile because it
10   would not even cure Amazon's original Notice of Removal in the first place.  Amazon's Amended
11   Notice *still* violates this Court's local rules and the Ninth Circuit's requirements for pleading
12   diversity, as it does not purport to identify the citizenship of Parler's members.  *See, e.g.*, LCR
13   101(f).  The absence of any such allegations in the Amended Notice also reinforces the conclusion
14   that Amazon lacked and continues to lack any good faith basis to plead diversity.  And, even
15   putting aside the plainly deficient merits of Amazon's Amended Notice, Amazon's Motion is
16   fundamentally untimely, as it was filed *long* after the removal deadline.  For these reasons and
17   others set forth below, Amazon's Motion should be denied.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

18
19       Plaintiff Parler, LLC originally brought both federal and state law-based claims against
20   Amazon in this Court in a complaint filed on January 11, 2021.  Case No. 2:21-cv-31-BJR, Dkt. 1
21   (the "Federal Action").  On March 2, 2021, at 4:27 p.m., Parler filed a complaint in the Superior
22   Court of the State of Washington for King County (the "State Complaint") bringing solely
23   Washington state-based claims against AWS and Amazon.com, Inc. (the "State Action").  On the
24   same day, Parler dismissed the Federal Action.

25

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 2

Since January 2021, Parler has consistently disclosed to Amazon its status as an LLC and the identities of its members. Parler's corporate disclosure statement in the original Federal Action—filed almost two months before Amazon's Notice of Removal—put Amazon on such notice. Federal Action, Dkt. 3. Parler listed its members as "John Matze and NDM Ascendant LLC." *Id.* at 2. It further listed NDM Ascendant LLC's members as Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust. *Id.* at 2. On March 11, 2021, Parler disclosed that the Rebekah Mercer 2020 Irrevocable Trust was a citizen of Delaware because one of its Trustees, J.P. Morgan Trust Company of Delaware, was incorporated in, and had its principal place of business in, Delaware. *See* Pl.'s Corporate Disclosure Statement, Dkt. 15 (filed under seal).

On March 3, 2021, Amazon filed a Notice of Removal of the State Action, 24 minutes prior to being served by Parler with the State Complaint, for the purpose of accomplishing a "snap removal." Dkt 1. In its Notice of Removal, Amazon alleged that "Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada," that "Parler therefore is a citizen of Nevada," and that "this case [therefore] satisfies the complete diversity requirement because Defendants are not citizens of the same state as Parler. . . ." Dkt. 1, Notice of Removal, at 3. Both defendants acknowledge in the Notice of Removal that they are residents of both Washington and Delaware. *Id.* at 3.

Amazon's Notice of Removal failed to identify the citizenship of Parler's members, as required by LCR 101(f). Instead, Amazon incorrectly applied a citizenship test for ordinary corporations. Notice of Removal, Dkt. 1 at 3.

The day after Amazon filed its Notice of Removal, Parler filed a Motion for Remand, (Dkt. 3), which it later amended on March 22, 2021 (Dkt. 20). In Parler's correspondence with Amazon's counsel and in the Amended Motion for Remand, Parler identified jurisdictional defects in Amazon's Notice of Removal, namely, that Parler was an LLC, Amazon had applied the wrong

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 3

LAW OFFICES
CALFO EAKES LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

test for determining Parler's citizenship, Parler was *not* solely a Nevada citizen, and Amazon failed to identify the citizenship of Parler's members in its Notice.  *See* Dkt. 36, at 3-4.

In responsive emails, Amazon's counsel openly admitted that they knew the Notice of Removal was based on a false premise, stating:

> The basis for the allegation [of diversity jurisdiction] is Parler's original complaint in the federal action, in which it alleged that "Plaintiff Parler LLC is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada."

> That said, we recognize the citizenship of an LLC is determined by the citizenship of its members at the time of removal.  Parler's corporate disclosure statement in the federal action stated that its members are John Matze and NDM Ascendant LLC, and that NDM Ascendant LLC's members are Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust.  Public reports suggest Ms. Mercer resides in New York, and we have no reason to believe the Trust destroys diversity. . . .

Email from A. Kumar to A. Calfo (Mar. 11, 2021), Dkt. 36-1, 9.  Amazon did not then identify, nor has it since identified, *any basis for affirmatively believing* there is actual diversity in this case.

As of April 30, 2021, Amazon had still failed to withdraw or amend its defective Notice of Removal, despite having admitted that it used the wrong citizenship test 50 days earlier.  Parler therefore served Amazon with a draft Motion for Rule 11 Sanctions in order to satisfy Rule 11's "safe harbor" provisions.  Dkt. 36, Calfo Decl., ¶ 19.  Parler made clear that its sanctions motion would only be remedied by a stipulated remand.  Letter from A. Calfo to A. Kumar (Apr. 7, 2021), Dkt. 36-1, at 12-14.  Nevertheless, Amazon continues to insist on delaying the inevitability of remand with the present motion.  Amazon filed its Motion to Amend on May 21, 2021, 79 days after filing its Notice of Removal and service of the State Complaint, and on the last day of Rule 11's 21-day "safe harbor," Dkt. 33.  Amazon's proposed, Amended Notice deletes the erroneous allegation that Parler was solely a Nevada citizen, but replaces it with the more ambiguous and more conclusory allegation that diversity jurisdiction exists because, "on information and belief, Parler is neither a citizen of Delaware nor Washington." Dkt. 33, at 11.  This amendment does not

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

fix the fundamental problems with the original Notice.  Amazon's Amended Notice *still* does not allege the citizenship of Parler and its members.  *See* Pl.'s Mot. at Ex. A.  And, Amazon persists in alleging that, "on information and belief, complete diversity of citizenship exists," without citing any basis in law or fact.  *Id.*, at 11.

## III.   <u>LEGAL STANDARD</u>

Leave to amend a notice of removal should be "denied as futile" when the proposed amended notice is itself defective.  *See Allstate Property & Cas. Ins. Co. v. Staats*, 2016 WL 830035, at *2 (E.D. Wash. 2016); *see also, e.g.*, *Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 835, 842 (D. Haw. 2006) (denying motion to amend notice of removal in part because the amendment "would be futile").  There is a "strong presumption against removal jurisdiction," and the removing party has the burden of establishing that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

In addition, leave to amend should be denied as untimely if the defendant files the amended notice *after* the deadline for removal, unless the sole purpose of the amendment is to set out more specific grounds for the defendant's original theory of jurisdiction.  A removing defendant "may freely amend a notice of removal" *only* if it does so "prior to the expiration of the thirty-day period following defendant's receipt of the complaint." *Farmers Ins. Co. of Wash. v. Ferguson Enterprises, Inc.*, 2010 WL 3788956, at *1 (E.D. Wash. 2010).  After the period for seeking removal has passed, "the notice may be amended *only* to set out more specifically the grounds for removal that already have been stated, albeit imperfectly in the original notice."  *Id.* (emphasis added) (quoting 14 C Fed. Prac. & Proc. § 3733"); *see also, e.g., Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) ("[S]ince removal must be effected by a defendant within 30 days after receiving a copy of the complaint . . ., the removal petition cannot be thereafter

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made.").

## IV.   **ARGUMENT**

### A.   **Amazon's Ambiguous Allegations Do Not Satisfy Amazon's Burden of Establishing Removal Jurisdiction, Rendering the Amendment Futile.**

Amazon's proposed, Amended Notice of Removal is clearly defective because it does not allege the states of citizenship of Parler's members.  This Court should deny Amazon's Motion to Amend as futile.  *See, e.g.*, *Allstate Property & Cas. Ins. Co.*, 2016 WL 830035, at *2 (denying futile motion to amend notice of removal); *Watring v. Suntrust Mortg., Inc.*, 2016 WL 5496575, at *1 (N.D. Ga. 2016) (denying motion to amend notice of removal after finding that amendment would be futile); *New Jersey Prop. Liab. Ins. Guar. Ass'n v. Speciality Risk Servs., LLC*, 2016 WL 8674611, at *3 (D.N.J. 2016) (noting that proposed amended notice of removal failed to identify all members of association, and denying motion to amend after finding that it would be futile); *Nichols v. Golden Rule Ins. Co.*, 2010 WL 1769742, at *5 (D. Colo. 2010) (denying request to amend a notice of removal because it would be futile, as the party lacked evidence supporting citizenship); *Lehr's Ironworks, LLC v. Rembrandt Enterprises, Inc.*, 2011 WL 6182092, at *2 (M.D. Ala. 2011) (denying motion to amend where amended notice of removal failed to identify members of an LLC and thus failed to establish diversity); *Ricard v. Valujet Airlines, Inc.*, 1997 WL 187391, at *2 (E.D. La. 1997) (denying motion to amend and granting remand where proposed amendment is futile).

For purposes of diversity jurisdiction, a limited liability corporation is a citizen of all the states of which its members are citizens. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Accordingly, the Ninth Circuit has specifically held that defendants "failed to satisfy their burden to show complete diversity between the parties" where one of the parties was an LLC and the defendants' "notice of removal fails to state the citizenship of the . . .

LAW OFFICES
CALFO EAKES LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

[LLC's] members . . . ." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (finding, sua sponte, that party who had removed case failed to satisfy its burden when it failed to allege the citizenship of all members of defendant limited liability partnerships and limited liability corporations).  This requirement to plead the states of citizenship of the members of an LLC is also enshrined in this Court's local rules.  *See* LCR 101(f).

    Amazon's original Notice of Removal failed to satisfy this requirement because it erroneously pled that Parler is solely a citizen of Nevada based on its own state of residence and incorporation. Notice of Removal, Dkt. 1 at 3.  Amazon's counsel admitted to this defect in their correspondence with Parler's counsel.  Email from A. Kumar to A. Calfo (Mar. 11, 2021), Dkt. 36-1, at 9.  At the same time, they admitted that Parler's citizenship is based on the citizenship of its members.  *Id.*  Yet, Amazon *still* does not identify the citizenship of Parler's members in its proposed, Amended Notice of Removal.  *See* Ex. A to Pl.'s Mot., at 3.  Instead, Amazon's revisions to the Notice only sought to make it *more ambiguous*:  The Amended Notice deletes the original Notice's specific allegations regarding the State(s) in which Parler is a citizen, and replaces them with the generic statement that, "[o]n information and belief, Parler is neither a citizen of Delaware nor Washington."  *Id.*

    Even if this were the only defect in Amazon's Amended Notice, it would render the notice deficient, standing alone.  The Ninth Circuit's decision in *Lindley* is instructive.  There, on appeal from the District of Oregon, the defendants filed an amended notice of removal asserting diversity jurisdiction and alleging that the members of the defendant limited partnerships and limited liability corporations were "not citizens of Oregon." 414 Fed. Appx. 62, at 64-65.  The amended notice did not, however, specifically identify the states in which the defendants' members were in fact citizens.  *Id.*  The Ninth Circuit therefore held that the "conclusory statements" in the amended notice were "insufficient," and ordered remand based on the defendants' failure to meet their "burden to establish complete diversity."  *Id.*  This decision, although unpublished, is highly

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 7

LAW OFFICES
CALFO EAKES LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

persuasive and consistent with prior Ninth Circuit precedent. *See, e.g.*, *Kanter v. Warner-Labert Co.*, 265 F.3d 853 (9th Cir. 2001) (holding a defendant's notice of removal was defective because it did not affirmatively allege the state of citizenship of its co-defendants, but merely alleged that they were not citizens of California).

District courts in this Circuit have reached the same result. For example, in *Airtex Prods., L.P. v. Am. Home Assur. Co.*, 2011 WL 4527436 (C.D. Cal. 2011), the defendant's notice of removal asserted that the parties were citizens of different states, but failed to specifically identify the states of citizenship of the members of the plaintiffs, which were a limited partnership and a limited liability company. *Id.* at *1. The court ordered remand on this basis alone. As the court explained, the notice of removal "failed even to identify the members and partners of the respective Plaintiffs, much less to establish the citizenship of each individual member and partner," and thus "Defendant's bare assertions as to the citizenship of the parties fall short of meeting Defendant's burden to establish the propriety of removal." *Id.*

This defect in Amazon's Amended Notice of Removal should be the end of the story. The Amended Notice is legally insufficient because it does not even purport to identify the states of citizenship of Parler's members. Amazon's Motion cites no authority to the contrary, presumably because there is none.

**B.    Amazon's Attempt to Rely on Allegations of Diversity on "Information and Belief," Without a Good Faith Basis, is Likewise Futile.**

Moreover, to the extent Amazon now tries to plead that "Parler is neither a citizen of Delaware nor Washington," its amended notice is also futile because it is pled on "information and belief." *See* Ex. A to Pl.'s Mot., at 3. As recently as this year, district courts in this Circuit have recognized that a "Defendant's allegation of Plaintiff's citizenship, made on information and belief, is insufficient to establish Plaintiff's citizenship." *Bratschie v. Travelers Prop. Cas. Co. of Am.*, 2021 WL 1381234, at *1 (C.D. Cal. 2021); *see also, e.g.*, *Washington v. Mercedes-Benz USA*,

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1   *LLC*, 2020 WL 2991537, at *2 (C.D. Cal. 2020) (similar); *Balandra v. Kindred Healthcare*

2   *Operating, Inc.*, 2016 WL 6953430, at *1 (C.D. Cal. 2016) (similar).   This is a separate,

3   independently sufficient reason why the Amended Notice is defective and futile.

4        Amazon first tries to escape this result by relying on *Carolina Cas. Ins. Co. v. Team Equip.*

5   *Inc.*, 741 F.3d 1082 (9th Cir. 2014), but Amazon's reliance is misplaced.   Amazon suggests that

6   *Carolina Casualty* permits it to allege citizenship on "information and belief," *id.* at 1088, but

7   *Carolina Casualty* is inapposite because it did not arise in a removal setting.   Rather, *Carolina*

8   *Casualty* involved a plaintiff who, in connection with a complaint that it chose to file in federal

9   court, lacked the specific details of the defendants' citizenship.   *Id.* at 1084.   The district court *sua*

10  *sponte* dismissed the plaintiff's complaint after it failed to allege the citizenship of any members

11  of an LLC, and alleged the residences, rather than citizenship, of other individual defendants.   *Id.*

12  The Ninth Circuit reversed.   *Id.* at 1086.   In contrast, here, it is Amazon, a defendant, that is seeking

13  to remove a case that was filed by Parler in state court.

14       Since *Carolina Casualty*, courts in this Circuit have continued to hold that allegations upon

15  "information and belief" are insufficient in the removal context.   For example, in *Washington v.*

16  *Mercedes-Benz*, the court specifically distinguished *Carolina Casualty* because that case "did not

17  implicate the presumption against removal jurisdiction," and then held that an allegation of

18  diversity of citizenship upon "information and belief" is insufficient to support removal.   *See*

19  *Washington v. Mercedes-Benz USA, LLC*, 2020 WL 2991537, at *2 (C.D. Cal. 2020); *see also,*

20  *e.g.*, *Balandra v. Kindred Healthcare Operating, Inc.*, 2016 WL 6953430, at *1 (C.D. Cal. 2016)

21  (jurisdictional allegations in notice of removal "based on information and belief are insufficient to

22  confer jurisdiction") (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072,

23  1074 (7th Cir. 1992), which noted that allegations based on "to the best of my knowledge and

24  belief" are insufficient in a removal petition).   The same result is appropriate here.

25

1    Further, Amazon's interpretation of *Carolina Casualty* is particularly unreasonable

2    because it would put the Ninth Circuit in conflict with itself.  The Ninth Circuit has rejected past

3    bids to allow jurisdictional allegations in a notice of removal to be made solely "on information

4    and belief," due to the presumption against removal.  For example, in *Valdez v. Allstate Ins. Co.*,

5    372 F.3d 1115 (9th Cir. 2004), the Ninth Circuit affirmed a remand order after the defendant had

6    alleged in its notice of removal that "upon information and belief . . . the amount in controversy .

7    . . exceeds $75,000," finding such conclusory allegations to be insufficient.  *Id.* at 1117.  The Ninth

8    Circuit's decision in *Carolina Casualty* did not purport to overrule *Valdez* or similar cases.  Thus,

9    in order to adopt Amazon's interpretation of *Carolina Casualty*, this Court would not only have to

10   reject the subsequent district court decisions in *Washington v. Mercedes-Benz USA* and *Balandra*

11   *v. Kindred Healthcare Operating, Inc.*, which it should not do—it would also have to find that the

12   Ninth Circuit's ruling in *Carolina Casualty* was inconsistent with its own *Valdez* decision, which

13   is simply not reasonable.

14   Next, Amazon similarly misplaces its reliance on *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d

15   1223 (9th Cir. 2019).  There, the Ninth Circuit held, in the context of a class action lawsuit brought

16   under Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), in which the defendants'

17   jurisdictional allegations were unchallenged, that "[a] party's allegation of *minimal* diversity may

18   be based on information and belief." *Id.* at 1225 (emphasis added).  But once again, in that context,

19   there was no presumption against jurisdiction.  The Ninth Circuit expressly recognized that

20   removal under CAFA is not like ordinary removal, because the legislative intent of CAFA was to

21   make it *easier* to remove class actions to federal court.  *Id.*  Indeed, the Court specifically qualified

22   the scope of its holding when it noted that "*no antiremoval presumption* attends cases invoking

23   CAFA." *Id.* (emphasis added).  Thus, once again, Amazon's reliance on *Ehrman* is misplaced

24   because it is trying to leverage caselaw in which there was *no* presumption against jurisdiction,

25   while ignoring that there is such a presumption against jurisdiction in this case.  Further, Amazon

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 10

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

ignores that the holding in *Ehrman* was limited to the narrow context in which the plaintiff did not challenge the factual basis for the defendant's allegations, which is not the case here.

In sum, the conclusory allegations on "information and belief" in Amazon's Amended Notice are insufficient, and permitting the amendment would be futile for this additional reason. Moreover, it bears repeating that Amazon's Motion provides no factual basis whatsoever for its ostensible "information and belief" that Parler is not a citizen of Delaware. Even in a context where a pleading on information and belief is appropriate, the pleading party "must still have a Rule 11 good faith basis for making his allegations." *Collins v. County of Alameda*, 2021 WL 254262, at *8 (N.D. Cal. 2021). Parler has repeatedly asked Amazon to identify its factual basis for contending that Parler is not a citizen of Delaware, and Amazon has never provided one. *See* Email from A. Kumar to A. Calfo (Mar. 11, 2021), Dkt. 36-1, 6. Instead, Amazon has requested discovery in the hope that it may *find* a basis for this allegation. *See* Dkt. 28, 5-6. In its brief requesting such discovery, Amazon openly admitted that it does *not* have "the information needed to determine the citizenship of the [T]rust," and thus of Parler. *Id.* at 5. As a result, Amazon plainly lacks a good faith basis to justify its pleading "on information and belief" in the first place.

## C.   Amazon's Amended Notice Is Still Defective for the Same Reasons Previously Articulated in Plaintiff's Amended Motion for Remand.

Amazon's Amended Notice is also futile for all the reasons previously identified in Parler's Amended Motion to Remand (Dkt. 20) and Reply in support thereof (Dkt. 30). The Amended Notice does not cure *any* of the grounds for remand articulated in Parler's remand motion. For example, Amazon's new Notice continues to rely on the same "snap removal" theory as the original, which has been disfavored by the majority of courts. Indeed, after Parler filed its Reply (Dkt. 30), another judge in the Western District of Washington expressly rejected the "snap removal" theory, holding that it is "not consistent with the text, history and purpose of the Forum Defendant Rule." *Pratt v. Alaska Airlines, Inc.*, 2021 WL 1910885, at *5 (W.D. Wash. 2021).

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 11

Amazon's Motion once again illustrates the problems with its original snap removal. Amazon rushed to make false jurisdictional allegations to establish a beach head in federal court, less than 24 hours after it became aware of the State Complaint.  Amazon is now futilely trying to amend its way out of those false allegations by making its Notice of Removal more vague and ambiguous.  Had Amazon taken the time to conduct a reasonable investigation into Parler's citizenship at the outset, however, it would not only have realized that there was no diversity in this case—it also would have given Parler sufficient time to serve Amazon with the State Complaint before Amazon filed its Notice of Removal.  As it was, the gap between the filing of the Notice and service of the State Complaint was only 24 minutes.

Amazon should not be rewarded for failing to take the time to conduct a reasonable investigation in the first instance.  Allowing such litigation tactics would create a moral hazard, as litigants will rush to achieve "snap removal" at the expense of a reasonable investigation into subject matter jurisdiction, just as Amazon did in this case.

**D.** **Amazon's Motion to Amend is an Untimely Attempt to Resurrect its Improper Notice of Removal After it Rushed to Effectuate its "Snap Removal."**

As set forth above, the Court should deny Amazon's Motion as futile.  It is clear that Amazon is just attempting to amend its Notice of Removal by deleting specific allegations that it knew were erroneous, only to replace them with more ambiguous and conclusory allegations that do not satisfy this Court's pleading rules.

Moreover, Amazon's Amended Notice not only fails on the merits—it should also be denied as untimely.  After the deadline for removal has passed, a notice of removal may only be amended to *clarify* defective jurisdictional allegations.  *Barrow*, 418 F.2d at 317.  Amazon filed this Motion 79 days after filing its original Notice of Removal and after service of the state court Complaint, both of which occurred on the same day. Dkt. 33.  Thus, Amazon missed the standard 30-day removal deadline by 49 days.  *Farmers Ins. Co. of Washington v. Jacobsen*, 2006 WL

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 12

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1    8455000, at *1 (W.D. Wash. June 7, 2006).  Even more striking, Amazon does not dispute that it

2    would have been prohibited from removing this case after it was served with the state court

3    Complaint on March 3, 2021, under the Forum Defendant Rule.  28 U.S.C. § 1441(b); *see also,

4    e.g.*, *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004).  Amazon's

5    Motion to Amend missed that deadline by 79 days.

6          After the removal deadline has passed, "the notice may be amended *only* to set out *more*

7    *specifically* the grounds for removal that already have been stated, albeit imperfectly in the original

8    notice."  *Farmers Ins. Co.*, 2010 WL 3788956, at *1 (emphasis added).  Nevertheless, Amazon's

9    belated Motion to Amend does not seek to clarify anything.  Instead, it seeks to delete Amazon's

10   *specific* (erroneous) allegations about the State(s) of Parler's citizenship, and replace them solely

11   with *ambiguous* (yet still erroneous) allegations about where Parler ostensibly is *not* a citizen.  It

12   is clear that the sole purpose of the changes in the Amended Notice of Removal is to achieve a

13   higher level of ambiguity in order to try to avoid sanctions for specific false statements in the

14   original Notice.

15         None of the authority cited by Amazon supports its contention that a notice of removal may

16   be amended more than 30 days after the complaint is served to make jurisdictional allegations *less*

17   clear and *more* conclusory.  All the cases relied upon by Amazon are distinguishable because they

18   involved jurisdictional peccadillos that were *actually* clarified by the party seeking to amend their

19   notice of removal.  For example, in *McLeod v. AMICA Gen. Agency*, 2015 WL 13145350 (W.D.

20   Wash. 2015), the defendant simply failed to file a one-page cover sheet required by LCR 101(b),

21   which the Court was willing to overlook because "the alleged defect has no impact on the Court's

22   power or ability to adjudicate the case."  *Id.* at *4.  Similarly, in *Nicholson v. Thrifty Payless, Inc.*,

23   2012 WL 4320785 (W.D. Wash. 2012), the Court simply permitted a defendant to belatedly

24

25

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 13

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

comply with the requirement to file "copies of all records and proceedings" from State court.[1]  *Id.* at *1.  By contrast, none of the cases cited by Amazon permitted a party to wait until long after the deadline for removal had passed, then file an Amended Notice that simply deleted specific erroneous allegations and replaced them with ambiguous, conclusory statements.

The Court should not countenance Amazon's tactics and, at a minimum, it should deny Amazon's Motion as untimely.  Amazon made a snap decision to "snap remove" this case to federal court, 24 minutes before it was served with the state court Complaint.  It did so based on a premise that it later admitted was false.  Then, it waited until 79 days after it was served with the state court Complaint, at which point it moved for leave to file an Amended Notice of Removal in which it simply tried to make its allegations *more* ambiguous and *more* conclusory, in an explicit attempt to "moot" Parler's sanctions motion.  Amazon's Motion should be denied.

## V.   CONCLUSION

Amazon's Motion to Amend should be denied because it is both futile and untimely. Moreover, the allegations upon "information and belief" in Amazon's Amended Notice of Removal continue to lack a good faith basis.  Amazon's own Motion did not even purport to identify a good faith basis for these amended allegations.  Accordingly, Amazon's stated goal in bringing this motion, which was to "moot" Parler's Rule 11 motion, likewise fails.

---

[1] The Court noted in *dicta* that it "regularly allows parties to remedy defects in the Notice of Removal, such as a failure to identify the citizenship of an LLC," but nowhere did the Court consider the *timeframe* in which such an amendment must be made.  *Id.*  Further, Amazon's Amended Notice does not actually "identify the citizenship of an LLC," so it does not fall within the *dicta* in *Nicholson* in the first place.

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 14

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1    DATED this 11th day of June, 2021.

2

3                                    **CALFO EAKES LLP**

                                     By____*s/Angelo Calfo*_____
4                                        Angelo J. Calfo, WSBA# 27079
                                         1301 Second Avenue, Suite 2800
5                                        Seattle, WA  98101
                                         Phone:  (206) 407-2200
6                                        Fax:  (206) 407-2224
                                         Email: angeloc@calfoeakes.com
7

8

9                                    **DAVID J. GROESBECK, P.S.**

                                         David J. Groesbeck, WSBA # 24749
10                                       1333 E. Johns Prairie Rd.
                                         Shelton, WA 98584
11                                       Phone:  (509) 747-2800
                                         Email: david@groesbecklaw.com
12

13                                   **SCHAERR |JAFFE LLP**

14                                       Gene C. Schaerr (*pro hac vice to be submitted*)
                                         H. Christopher Bartolomucci (*pro hac vice to be
15                                       submitted*)
                                         1717 K Street NW, Suite 900
16                                       Washington, DC 20006

17                                       *Counsel for Plaintiff Parler LLC*

18

19

20

21

22

23

24

25

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL
(Case No. 2:21-cv-00270-BJR) - 15