The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER LLC, | |
| Plaintiff, | No. 2:21-cv-00270-BJR |
| v. | DEFENDANTS' OPPOSITION TO MOTION FOR RULE 11 SANCTIONS |
| AMAZON WEB SERVICES, INC., and AMAZON.COM, INC., | |
| Defendants. | |

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Parler claims that Amazon violated Rule 11 by mistakenly treating a limited liability corporation as a corporation, as opposed to as a partnership, for purposes of diversity jurisdiction. And yet Parler made the same mistake when it filed its first motion for remand; among Parler's many arguments for remanding this case to state court, none raised the issue that a limited liability corporation must not be treated as a regular corporation. Parler raised this issue a week later in an amended corporate disclosure statement—and then more than a week later in an amended motion to remand. A mutual legal mistake about an esoteric aspect of diversity jurisdiction is hardly the stuff that Rule 11 is intended to deter—especially when mistakes are corrected when identified.

And that occurred here. As soon as Parler raised the issue, Amazon asked Parler for the factual support for its claim that Parler, a Nevada LLC, is also a citizen of Delaware. But Parler refused, and continues to refuse—preferring to resolve this issue not through inexpensive and efficient cooperation, but through the costly and adversarial process of motion practice. Under the circumstances, Parler's pleas for reimbursement of self-imposed fees ring especially hollow.

Parler's remaining assertion that Amazon's amended notice of removal is independently abusive suffers from the same defect. Amazon was forced to allege that Parler is not actually a citizen of Delaware based on "information and belief" (which the Ninth Circuit expressly permits) precisely because Parler refuses to supply Amazon with the facts necessary to support or contradict that information, or confirm or disabuse Amazon of that belief. As a result, the Court is now required to resolve this unnecessary motion.

## II. BACKGROUND

On January 11, 2021, Parler sued defendant Amazon Web Services ("AWS") in this Court, alleging claims arising from AWS's suspension of Parler's account. No. 21-0031 ("*Parler I*"), Dkts. 1. Parler's own complaint alleged that Parler is "a Nevada limited liability corporation with its principal place of business in Henderson, Nevada." *See id.*, Dkt. 1 ¶ 10. Parler also filed a corporate disclosure statement, identifying as its members John Matze and NDM Ascendant LLC. *Id.*, Dkt. 3. The statement identified as NDM Ascendant LLC's members Rebekah Mercer and

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 1
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the Rebekah Mercer 2020 Irrevocable Trust. *Id.* The statement said nothing about Rebekah Mercer's citizenship or residence, and did not identify the trust's trustees, beneficiaries, or the state laws under which the trust was organized. *See id.* On January 21, the Court denied Parler's preliminary injunction request, finding that Parler "failed to demonstrate that it is likely to prevail on the merits" of its claims. *Id.* Dkt. 34 at 13.

On January 28, 2021, and again on February 15, 2021, the parties stipulated to extend Amazon's deadline to answer the complaint because Parler represented it "w[ould] file an Amended Complaint." *Id.*, Dkts. 37, 40. Instead, Parler filed this complaint in King County Superior Court and dismissed its federal case. *See* Dkt. 1-5; Dkt. 4 ¶ 5; *Parler I*, Dkt. 47. The new complaint concerns the same events, alleges the same operative facts, and asserts two of the same claims as the federal complaint. *Compare Parler I*, Dkt. 1 ¶¶ 4-5, 30-35, *with* No. 21-0270, Dkt. 1-5 ¶¶ 3, 8.

On March 3, Amazon filed a notice of removal. Dkt 1. The notice alleges that "Parler is a Nevada limited liability corporation with its principal place of business in Henderson, Nevada. *See* [*Parler I*, Dkt. 1] ¶ 10. Parler therefore is a citizen of Nevada." Dkt. 1 ¶ 9. The notice also alleges that Defendants are incorporated in Delaware with their principal pace of business in Washington, and "[b]ecause Defendants are not citizens of the same state as Parler, the parties are completely diverse." *Id.* ¶¶ 10-11.

On March 4, Parler filed a motion to remand. Dkt. 3. Notably, and especially pertinent for this motion, Parler did not mention, much less state as a ground for remand, that it believed diversity was lacking. *See generally id.* Parler did not challenge the standard to determine a limited liability company's citizenship, nor did it contest the factual allegations concerning Parler's place of business or the state in which it was formed. *Id.* Instead, Parler focused on unrelated arguments, including asking the Court to permit a (second) voluntary dismissal without prejudice so that Parler could refile in state court and continue to evade this Court's preliminary view of the merits of Parler's substantive claims. *Id.*

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 2
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

On March 11, 2021, Parler filed a revised (and sealed) corporate disclosure statement, which for the first time states that the Rebekah Mercer 2020 Irrevocable Trust has two trustees, including J.P. Morgan Trust Company of Delaware. *Compare* Dkt. 15; *Parler I*, Dkt. 3.[1] And also for the first time, on March 12, 2021, Parler's counsel asserted that the parties are not diverse because the J.P. Morgan Trust Company of Delaware and Amazon are both citizens of Delaware. Dkt. 29, Ex. B.

To assess Parler's claim that the parties are not diverse, Amazon's counsel on March 17, 2021, asked Parler to provide a copy of the trust instrument and citizenship of the beneficiaries. *See* Dkt. 29, Ex. B. Amazon's counsel explained that the information is relevant because, in some instances, the citizenship of the trust's beneficiaries determines the citizenship of a trust for diversity jurisdiction. *See id.* Parler's counsel refused. *See id.* Amazon's counsel requested the information again on March 18, 2021, offering to treat it as confidential and to limit distribution to attorneys only. *See id.* And again, Parler's counsel refused.

On March 22, 2021, Parler filed an amended motion to remand, adding for the first time an argument that the J.P. Morgan entity destroys diversity. Dkt. 20.

On March 30, 2021, Amazon's counsel sent a letter to Parler's counsel seeking:

(1) a copy of the trust instrument;

(2) the state where each beneficiary of the trust is domiciled; and

(3) documents reflecting the date the trust became a member of NDM Ascendant and the date J.P. Morgan Trust Company of Delaware became a trustee.

Dkt. 29, Ex. C. Importantly, Amazon offered to stipulate to a remand should the information show that the parties are not diverse. *Id.* Parler again refused, and continues to refuse to this date, preferring to resolve this issue through adversarial proceedings rather than cooperation.

Public representations by Parler and its former CEO raise questions about the citizenship of the trust. In a letter to a member of Congress, Parler represented that NDM Ascendant "is

---

[1] Although Parler filed the statement under seal, it has publicly filed the unredacted information contained in this brief. *See* Dkt. 20 at 5.

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 3
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

owned and controlled by Rebekah Mercer"—with no mention of any trust or trustee. Dkt. 29, Ex. D at 3 n.8. Parler's former CEO, John Matze, recently alleged in a lawsuit against Parler that NDM Ascendant "simply served as Mercer's alter ego to mask her role in Parler." Dkt. 29, Ex. E ¶ 20.

On April 12, 2021, Amazon responded to the motion for remand. Dkt. 28. Amazon did not argue that Parler is a citizen of Nevada based on its state of incorporation and principal place of business. *See id.* Rather, Amazon acknowledged that "[d]iversity jurisdiction hinges on whether the Rebekah Mercer 2020 Irrevocable Trust—a member of an LLC that is a member of Parler—is, as Parler claims, a citizen of Delaware because one of its two trustees is a Delaware corporation." *Id.* at 5. As it had explained to Parler, Amazon stated that "the trustee of a trust does not always determine the trust's citizenship." *Id.* Amazon asked for discovery because "[n]either Amazon nor the Court has the information needed to determine the citizenship of the trust, and Parler refused to provide that information informally[.]" *Id.*

On April 30, 2021, Parler served Amazon with a motion for sanctions under Rule 11. Dkt. 34 ¶ 2. That version of the sanctions motion was based on Amazon's allegation in its notice of removal that Parler is a citizen of Nevada, an allegation Parler claims that Amazon has "refused to correct" despite "opportunities to withdraw [its] flawed Notice of Removal and stipulate to a remand of this action to state court." *Id.* Parler's service of the motion initiated the 21-day safe harbor period under Rule 11, allowing Amazon until May 21, 2021, to withdraw or correct the challenged contention. *See* Fed. R. Civ. P. 11(c)(2).

On May 18, 2021, Amazon's counsel informed Parler's counsel that Amazon intended to file a motion for leave to amend Amazon's notice of removal. Dkt. 34 ¶ 3. Counsel exchanged emails regarding the proposed motion, and on the morning of May 21, 2021, Amazon's counsel informed Parler's counsel that "[w]e intend to withdraw the allegation that Parler is a citizen of Nevada" and any reliance on the standard for citizenship of a regular corporation as applied to Parler. Dkt. 34, Ex. 1 at 2. Amazon's counsel stated that Amazon would replace the withdrawn allegations with the following: "On information and belief, Parler is neither a citizen of Delaware

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 4
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

nor Washington." *Id.* Parler's counsel responded to Amazon's counsel at the close of business May 21, stating that Parler believed the proposed amendment would "exacerbate" the alleged Rule 11 violations. *Id.* at 1; Dkt. 34 ¶ 4. Amazon filed its motion for leave to amend its notice later that day, within the 21-day safe harbor. Dkt. 33.

On May 28, 2021, Parler filed the pending motion for sanctions, alleging that Amazon's proposed amendment to the removal notice "fails to appropriately correct Amazon's unfounded allegations that complete diversity of jurisdiction exists." Dkt. 35 at 2. Parler also asserts that Amazon's counsel violated Rule 11 by incorrectly stating the standard for determining citizenship of an LLC—even though Parler itself failed even to mention the issue in its initial motion for remand. *See id.* at 10. Parler did not serve this new version of the motion on Amazon's counsel or meet and confer before filing. *See* Declaration of Ambika Kumar ¶¶ 2-3 & Ex. A.

### III.   ARGUMENT

Rule 11 permits the Court to sanction an attorney who falsely certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," a paper the attorney files (1) "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; and (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b); *see also Danieli v. King County*, 2021 WL 1857093, at *1-2 (W.D. Wash. Apr. 30, 2021).

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Id.* at *2 (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). While the Court "is vested with discretion whether" to award sanctions, "the Court does not award Rule 11 sanctions every time an attorney makes a legal mistake." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)); *see also In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 5
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(9th Cir. 1996) (Rule 11 "must be read . . . 'in light of concerns that it will spawn satellite litigation and chill vigorous advocacy'") (quoting *Cooter & Gell*, 496 U.S. at 393)).

Parler asks for sanctions on the theories that Amazon's proposed amended notice of removal improperly alleges diversity on information and belief, and that Amazon failed to conduct a reasonable investigation before filing its original notice of removal. Neither theory is persuasive.

### A. Amazon May Allege Diversity on Information and Belief Because Parler Has Sole Access to and Refuses to Provide the Information Needed to Confirm Diversity.

Only Parler has the information necessary to confirm its citizenship, and Parler has repeatedly refused to provide it. Parler principally argues that "because Amazon lacked such information, it did not have a good faith basis for removal in the first place," claiming "[p]recedent is unambiguous on that point." Dkt. 35 at 6. Parler goes so far as to claim that, because Amazon was "on notice that Parler had several members . . . . [r]emand would have been appropriate on this basis *alone*." *Id.* at 7-8. Thus, according to Parler, a defendant may not remove unless it possesses information that conclusively establishes the plaintiff's citizenship. Parler is wrong and ignores Ninth Circuit precedent that directly contradicts its position.

As Amazon informed Parler, "when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014); *see also* Dkt. 33 at 5. In *Carolina Casualty*, the court reversed a district court's refusal to allow the plaintiff to amend jurisdictional allegations based on where the LLCs "were organized and where they had their principal place of business, as if the LLCs were corporations." 741 F.3d at 1085. The plaintiff told the district court "it was unable to determine the citizenship of the LLCs, because their organizational filings did not list their members," and proposed alleging "that the members of the LLCs were 'citizens of neither Iowa nor Florida.'" *Id.* The district court held this was insufficient, *id.* at 1086, but the Ninth Circuit reversed, explaining that "it should not be assumed at this stage

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 6
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that a proper basis for jurisdiction cannot be established," *id.* at 1088. The court found that "at least some of the information necessary to establish diversity of the parties' citizenship was within the defendants' control," and as result, "it was sufficient for [plaintiff] to allege simply that the defendants were diverse to it" on the "basis of information and belief." *Id.* at 1087. The court directed the district court to "evaluate the record created by the parties to determine its jurisdiction," noting that "[j]urisdicitonal discovery may be appropriate." *Id.* at 1088.

More recently, in *Ehrman*, the Ninth Circuit confirmed that *Carolina Casualty*'s reasoning applies with equal force in the removal context. 932 F.3d at 1226-27. The defendant removed and "asserted based on information and belief that [the named plaintiff] and all class members are citizens of California." *Id.* at 1226. The plaintiff argued that these allegations were insufficient because they were premised on only the named plaintiff's residency, which is insufficient to show citizenship. *Id.* The trial court granted the plaintiff's motion to remand, but the Ninth Circuit reversed. *See id.* Relying on *Carolina Casualty*, the court held that "a defendant's allegations of citizenship may be based ***solely on information and belief***," and the defendant "***did not have to explain why it believed*** [the named plaintiff] or the putative class members were citizens of California." *Id.* at 1227 (emphasis added).[2]

Thus, Ninth Circuit precedent unequivocally establishes that a removing defendant may allege diversity on information and belief where the information necessary to establish jurisdiction is within the plaintiff's control. That is the situation here. Amazon's proposed amended notice of removal alleges, on information and belief, that Parler is not a citizen of Delaware or Washington. Dkt. 33, Ex. A ¶¶ 8-11. Parler has sole control over (and refuses to provide) the information needed to confirm diversity. Parler claims that it "produced facts through its Corporate Disclosure Statement that establish that Amazon and Parler share common citizenship," (Dkt. 35 at 8), but that is

---

[2] *Ehrman* involved removal under the Class Action Fairness Act ("CAFA"), but trial courts have held that it is not limited to this context. *See Nat'l Payment Sys. LLC v. BSR Acquisition Co.*, 2020 WL 6693143, at *2 (D. Or. Oct. 14, 2020), (applying rule in single-plaintiff case), *report & recomm. adopted by* 2020 WL 6685523 (D. Or. Nov. 10, 2020); *Arteaga v. FCA US LLC*, 2020 WL 1330639, at *2 (C.D. Cal. Mar. 20, 2020) (same).

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 7
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

not true. Parler's disclosure states only that one of its members is NDM Ascendant LLC, one member of that LLC is a trust, and one of the two trustees of that trust is a Delaware corporation. *See* Dkt. 15. As Amazon has explained, the citizenship of a trust does not always depend on its trustee. *See* Dkt. 28 at 5-6. Whether a trustee's citizenship controls may depend on the nature of the trust and the "rights, powers, and responsibilities of the trustee, as described in the controlling agreement." *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1229-30 (9th Cir. 2019) (citations omitted), *cert. denied*, 140 S. Ct. 386 (2019).[3] The information Parler provided—the name of the trust and the identity of its trustees—does not permit this inquiry. Parler claims in its motion that the trust is a "traditional trust," Dkt. 35 at 8, but has not presented any evidence, by way of declaration or otherwise, to support that characterization. Moreover, Parler's characterization of the trust is not determinative. Only the trust instrument can provide an answer.

While Amazon "did not have to explain why it believed" Parler is a not a citizen of Delaware or Washington, *Ehrman*, 932 F.3d at 1227, Amazon's allegations are well grounded. In apparent contrast to its representations to the Court, Parler told Congress that NDM Ascendant LLC "is owned and controlled by Rebekah Mercer." Dkt. 29, Ex. D at 3 n.8. And Parler's CEO has alleged that NDM Ascendant LLC "simply served as Mercer's alter ego to mask her role in Parler." Dkt. 29, Ex. E ¶ 20. These representations raise questions as to whether J.P. Morgan Trust Company of Delaware has "real and substantial control" over trust assets such as NDM Ascendant LLC. *Demerest*, 920 F.3d at 1230. Again, only the trust instrument—which is exclusively in Parler's possession—can answer those questions.

The unavailability of information confirming jurisdiction precludes an award of sanctions where Amazon has alleged diversity on information and belief. For example, in *National Payment Systems*, the defendant removed on the basis of diversity and alleged on information and belief

---

[3] *See GE Oil & Gas, LLC v. Waguespack*, 2021 WL 797480, at *5 (W.D. La. Mar. 2, 2021) (trustee's citizenship did not control where complaint alleged beneficiaries and trust settlors used trusts as alter egos and had power to hold, manage, and dispose of assets); *N. Hills Vill. LLC v. LNR Partners, LLC*, 479 F. Supp. 3d 189, 199 (W.D. Pa. 2020) (beneficiaries' citizenship controlled where trust terms "convincingly demonstrate that the trust is intended for a bargained-for exchange rather than donative transfer purposes").

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 8
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that the plaintiff LLC was not a citizen of California. 2020 WL 6693143, at *1. The plaintiff moved to remand and sought costs and fees, alleging its sole member was an LLC with a California citizen as one of its members. *Id.* The defendant stipulated to remand after the plaintiff provided evidence on reply identifying each LLC member, each member's state of citizenship and duration of citizenship in the state, and the date each became a member. *Id.* The court remarked that this issue "could have been resolved with a short phone call between counsel," but declined to award the plaintiff fees and costs because the plaintiff "does not represent that the identity of [the LLC's] members or their state of citizenship was publicly available" at the time of removal. *Id.* at *2-3. The court found that, "in light of the Ninth Circuit's guidance in *Carolina* [*Casualty*] and *Ehrman*, the Court cannot conclude that Defendants' pleading of [plaintiff's] citizenship on information and belief was objectively unreasonable[.]" *Nat'l Payment*, 2020 WL 6693143, at *3. Here, Amazon offered to stipulate to remand if Parler provided information supporting its claims as to the trust's citizenship, and Parler repeatedly refused. *See* Dkt. 29, Ex. C. Alleging diversity on information and belief in this context is not "objectively unreasonable"—to the contrary, ***it is expressly permitted by controlling Ninth Circuit authority***—and it does not warrant an award of fees and costs, much less the "extraordinary remedy" of Rule 11 sanctions. *Operating Eng'rs.*, 859 F.2d at 1345.

Nothing Parler cites supports an award of sanctions. Parler points to Judge Robart's order to show cause in *Naxos, LLC v. American Family Insurance Co.*, 2018 WL 11152150, at *1 (W.D. Wash. Sept. 19, 2018), requiring the removing defendant to allege the domicile of the plaintiff LLC's members, but that case is inapposite. *Naxos* predates the Ninth Circuit's decision in *Erhman*, which held that a defendant may plead diversity on information and belief. *See Lopez v. Ford Motor Co.*, 2020 WL 1922588, at *3 (C.D. Cal. Apr. 21, 2020) ("[T]he reasoning of those cases [requiring defendant to show a plaintiff's citizenship even where information is not within defendant's control] cannot survive *Ehrman*[.]"). Moreover, in *Naxos*, the plaintiff LLC's three individual members and their addresses were listed on the Secretary of State's website. *See Naxos*, No. 18-1287, Dkt. 8. Defendant responded to the order to show cause by alleging diversity based on that information, which the plaintiff did not contest, so the Court exercised jurisdiction. *See id.*

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 9
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Dkt. 9. *Naxos* did not involve the situation here, where the plaintiff has sole control over—but refuses to disclose—the information necessary to confirm diversity jurisdiction.

*Orange Production Credit Association v. Frontline Ventures Ltd.*, 792 F.2d 797 (9th Cir. 1986), also predates *Ehrman* and likewise is inapposite. *See* Dkt. 35 at 7. In that case, the court affirmed a sanctions award where a California district court had dismissed the plaintiff's claims for lack of subject matter jurisdiction, and yet the plaintiff "refiled the same case on the same claims against the same defendants in the district court in Alaska." *Orange Prod.*, 792 F.2d at 800.

Parler's reliance on Local Rule 101(f) also is misplaced. The rule requires a defendant removing based on diversity to "identify the citizenship of the parties" "***to the extent possible***." LCR 101(f) (emphasis added). The rule therefore expressly anticipates that a defendant may remove where it is ***not*** possible to fully identify the parties' citizenship.

In short, Amazon's proposed amended notice of removal alleges diversity on information and belief, as the Ninth Circuit expressly permits when the plaintiff has sole control of the information necessary to confirm its citizenship. Parler's request for sanctions is baseless.

**B.    Sanctions Are Not Warranted On the Basis that Amazon Did Not "Conduct a Reasonable Inquiry" Before Removal.**

Parler also complains that Amazon failed to "conduct a reasonable inquiry" before removal as to both the facts and the law. Parler's argument fails in both respects.

First, sanctions are not warranted on the basis that Amazon recited the incorrect legal standard in its original notice of removal. *See* Dkt. 35 at 10. Amazon withdrew the allegation premised on the legal standard for a regular corporation within the 21-day safe harbor period allowed by Rule 11. *See* Dkt. 34, Ex. 1 at 2; *see also* Fed. R. Civ. P. 11 advisory committee's note, 1993 am. (Rule 11 "provide[s] a type of 'safe harbor' . . . in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position").

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 10
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Even if Amazon had not withdrawn the allegation, its statement of the incorrect legal standard for an LLC's citizenship still would not merit sanctions. In *Montrose Chemical Corp. of California v. American Motorists Insurance Co.*, 117 F.3d 1128 (9th Cir. 1997), for example, the Ninth Circuit held that a trial court abused its discretion by awarding sanctions where the plaintiff corporation failed to allege its own principal place of business in asserting diversity jurisdiction. *Id.* at 1136. The court found that the plaintiff's counsel "made the type of technical error that courts traditionally allow parties to correct, [and] it would be improper to impose sanctions solely on this basis." *Id.*; *see also Danieli*, 2021 WL 1857093, at *2 ("While it is true that removal was improper, the Court does not award Rule 11 sanctions every time an attorney makes a legal mistake."). As this Court has recognized, parties may remedy defects in a notice of removal, including a "failure to identify the citizenship of an LLC, even where those defects go to the very existence of federal jurisdiction." *Nicholson v. Thrifty Payless, Inc.*, 2012 WL 4320785, at *1 (W.D. Wash. Sept. 20, 2012); *see also Warren v. Bank of Am., N.A.*, 717 F. App'x 474, 475 n.4 (5th Cir. 2018) (reliance on state of incorporation and principal place of business for an LLC is "a common mistake in pleading diversity jurisdiction," allowing correction during appeal). Thus, Amazon's misstatement of the legal standard was "the type of technical error that courts traditionally allow parties to correct," *Montrose Chem.*, 117 F.3d at 1136, and Amazon has corrected it. In fact, even before formally withdrawing the allegation, Amazon effectively did so, acknowledging that diversity depends on the citizenship of Parler's members. *See* Dkt. 28 at 5. Rule 11 aims to subject "litigants to potential sanctions for insisting upon a position after it is no longer tenable," Fed. R. Civ. P. 11, advisory committee's note, 1993 am., but Amazon promptly acknowledged its error and identified the basis for its belief that diversity exists.

Nor should the Court sanction Amazon for allegedly failing to investigate the facts. Parler itself failed to discover the information it claims destroys diversity until ***after*** it filed its initial remand motion. And the information that Parler claims Amazon should have discovered has been deliberately concealed from the public. Former Parler CEO John Matze has alleged that "[Rebekah] Mercer's ownership in Parler was initially intended to be secret, and thus held in the name

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 11
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

of . . . NDM [Ascendant]." Dkt. 29, Ex. E ¶19. Parler's letter to Congress, which acknowledged Mercer's interest, failed to disclose the interest of the trust—much less the identity of the trustees or their citizenship. *See* Dkt 29, Ex. D. Indeed, Parler's ownership structure is so secret that Parler filed its corporate disclosure statement in this action under seal. *See* Dkt. 15. Its ownership structure remains painfully opaque even after its disclosure statement. Parler's operating agreement identifies multiple members who are not included in Parler's disclosure statement. *See* Kumar Decl. Ex. B. ███████████████████████████████████████████████

At the time of removal, Amazon had no information regarding Parler's members beyond limited public reports[4] and Parler's disclosure statement in *Parler I*, which identified its members as Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust, without identifying trustees. *See Parler I*, Dkt. 3.[5] Even after Parler's sealed disclosure statement in this action, the information needed to confirm Parler's citizenship remains exclusively in Parler's control, entitling Amazon to plead diversity on information and belief. Quite simply, Parler has identified no fact that Amazon could have discovered upon "reasonable inquiry" because the facts crucial to the diversity inquiry were hidden and Parler continues to refuse to provide them.[6]

---

[4] For example, media reports have identified individuals such as Dan Bongino as "investors" in Parler, but Amazon has not found a publicly available list of Parler's or NDM Ascendant's members, nor has Parler suggested that one exists. *See* Jason Murdock, *Parler's Dan Bongino Says People Moving to App Are Giving Middle Finger to 'Tech Tyrants at Twitter,'* Newsweek, (Nov. 10, 2020, available at https://www.newsweek.com/parler-dan-bongino-middle-finger-twitter-facebook-tech-tyrants-app-downloads-1546228.

[5] Parler claims that this disclosure statement "put Amazon on notice that Parler had members, one of which was a Delaware entity." Dkt. 35 at 3. Thus, Parler argues Amazon should have known NDM Ascendant LLC was a citizen of Delaware based solely on its state of "incorporation," while arguing that Amazon should be sanctioned for mistakenly asserting that Parler LLC is a citizen of Nevada based on its state of incorporation.

[6] Parler relies on *Hendrix v. Naphtal*, 971 F.2d 398, 399 (9th Cir. 1992), but the court in that case imposed sanctions based on counsel's failure to investigate its *own client*'s domicile.

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 12
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Finally, there is no merit to Parler's argument that Amazon "seeks to leverage" or "take advantage of" its use of the standard for a corporation's citizenship in its original notice. Dkt. 35 at 11-12. Had Amazon applied the standard for an LLC, it would have alleged precisely what it alleges in its proposed amended notice: that, on information and belief, Parler is not a citizen of Delaware or Washington. Amazon's recitation of the incorrect standard provided it no advantage and caused Parler no harm, as Ninth Circuit precedent clearly permitted Amazon to remove by alleging diversity "on information and belief" from the outset.

**C.     Parler Failed to Comply with Rule 11's "Safe Harbor" Provision.**

Rule 11 requires the party seeking sanctions to serve the motion on the opposing party at least 21 days prior to filing the motion with the court. Fed. R. Civ. P. 11(c)(2). "The safe harbor procedures set forth in Rule 11 are mandatory." *Rygg v. Hulbert*, 2012 WL 12847008, at *2 (W.D. Wash. Sept. 21, 2012) (citing *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001)), *aff'd*, 611 F. App'x 900 (9th Cir. 2015). "A party moving for Rule 11 sanctions must give formal notice to the opposing party by motion; informal notice by letter or warning does not suffice." *Id.*

"[T]he issue of whether the safe harbor provision requires the motion served and the motion filed to be identical is one that has yet to be explicitly addressed by the Ninth Circuit," *Slovak v. Golf Course Villas Homeowners' Ass'n*, 2020 WL 929515, at *7 (D. Nev. Feb. 26, 2020), but in one instance, this Court concluded that the filed motion may differ "so long as the filed motion does not raise any new arguments," *Rygg*, 2012 WL 12847008, at *3. Courts have recognized that the "purpose of the safe harbor provision . . . to define precisely the conduct claimed to violate the rule" is "most effectively achieve[d] . . . by providing a 'filing-ready motion.'" *MetLife Bank, N.A. v. Riley*, 2010 WL 4024898, at *3 (D. Nev. Oct. 13, 2010) (citation & internal quotation marks omitted).

Parler served its motion for sanctions on Amazon on April 30, 2021. Dkt. 34 ¶ 2. On May 21, 2021, Amazon notified Parler that Amazon would withdraw the primary allegation of which Parler complained—that Parler was a citizen of Nevada based on the standard for citizenship of a regular corporation. Dkt. 34, Ex. 1 at 2. Parler's counsel informally stated its view that Amazon's

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 13
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

withdrawal and proposed amendment of the removal notice was insufficient and would "exacerbate" the alleged Rule 11 violations. *Id.* at 1. A week later, Parler filed its motion for sanctions with this Court, but Parler had not served the filed motion on Amazon. Kumar Decl. ¶ 3. In contrast with the motion it served, Parler's filed motion focuses on the alleged insufficiency of Amazon's proposed amendment to its removal notice, which had not been filed when Parler served its motion on Amazon. *See* Kumar Decl. Ex. A. Parler's filing of a motion that differed substantially from the motion it served contravenes the purpose of the safe harbor provision to "define precisely the conduct claimed to violate the rule[,]" Fed. R. Civ. P. 11 advisory committee's note, 1993 am., and provides an independent basis for denying Parler's motion.

## IV.   CONCLUSION

For these reasons, the Court should deny Parler's motion for sanctions.

DATED this 18th day of June, 2021.

        Davis Wright Tremaine LLP
        Attorneys for Defendants Amazon Web Services, Inc. and Amazon.com, Inc.

        By *s/Ambika Kumar*
           Ambika Kumar, WSBA #38237
           Robert E. Miller, WSBA #46507
           Caesar Kalinowski, WSBA #52650
           920 Fifth Avenue, Suite 3300
           Seattle, WA  98104-1610
           Telephone: 206-622-3150
           E-mail:   AmbikaKumar@dwt.com
                      RobertMiller@dwt.com
                      CaesarKalinowski@dwt.com

           Alonzo Wickers IV (*pro hac vice*)
           865 S. Figueroa Street, Suite 2400
           Los Angeles, CA 90017
           Telephone: 213-633-6800
           E-mail:   AlonzoWickers@dwt.com

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 14
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that counsel of record have been served a true and correct copy of the foregoing *Defendants' Opposition to Plaintiff's Motion for Rule 11 Sanctions* by electronic mail through the Court's ECF Notifications to the following:

> Angelo J. Calfo, WSBA# 27079
> CALFO EAKES LLP
> 1301 Second Avenue, Suite 2800
> Seattle, WA 98101
> Email: angeloc@calfoeakes.com
>
> David J. Groesbeck, WSBA No. 24749
> DAVID J. GROESBECK, P.S.
> 1333 E. Johns Prairie Rd.
> Shelton, WA 98584
> Email: david@groesbecklaw.com

DATED this 18th day of June, 2021.

> Davis Wright Tremaine LLP
> Attorney for Defendants
>
> By *s/ Ambika Kumar*
>      Ambika Kumar, WSBA #38237

DEFS.' OPP'N TO MOT. FOR RULE 11 SANCTIONS - 15
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax