1

2

3

4

5

6

7

8

9

10

11

12

13

14

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARLER LLC,

               Plaintiff,

    v.

AMAZON WEB SERVICES, INC., and
AMAZON.COM, INC.,

              Defendants.

No. 2:21-cv-00270-BJR

AMAZON'S REPLY IN
SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND NOTICE OF
REMOVAL

## I.     INTRODUCTION

No one disputes that an LLC's citizenship depends on the citizenship of its members.  No one disputes that only Parler—not Amazon—has sole control over the information necessary to determine the citizenship of its members.  But rather than simply supply that information to Amazon and resolve jurisdiction through cooperation and civility, Parler persists in proceeding by multiple unnecessary motions.  While Parler complains that Amazon's amended allegations of diversity are based on information and belief, Ninth Circuit precedent demands nothing more.  The Court should grant Amazon's motion to amend its notice of removal.

## II.     ARGUMENT

Parler argues that Amazon's proposed amendment would be futile, insisting that Amazon may not plead Parler's citizenship on information and belief, and that Amazon must identify the actual citizenship of each of Parler's members.  Parler also argues that the proposed amendment is

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 1
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

untimely.  Parlor is wrong in each respect.

**A.  Amazon May Plead Diversity on Information and Belief.**

The Ninth Circuit twice has held that a party may allege diversity of citizenship "on infor-mation and belief."  *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019).  Parler asks the Court to reject this precedent and instead rely on outdated or outlier district court opinions.

In *Carolina Casualty*, the Ninth Circuit held that "it was sufficient for [plaintiff] to allege simply that the defendants were diverse to it" on the "***basis of information and belief***," because "at least some of the information necessary to establish diversity of the parties' citizenship was within the defendants' control."  741 F.3d at 1087 (emphasis added).  Parler tries to distinguish *Carolina Casualty* on the ground that "it did not arise in a removal setting," (Dkt. 38 at 9), but neither the holding nor the reasoning supports such a limitation.

Indeed, the Ninth Circuit subsequently applied the same rule in the removal setting in *Ehr-man.*  There, the defendant removed and "asserted based on information and belief that [the named plaintiff] and all class members are citizens of California."  *Id.* at 1226.  The plaintiff argued that these allegations were insufficient because they were premised on only the named plaintiff's resi-dency, which is insufficient to show citizenship.  *Id.*  The trial court granted the plaintiff's motion to remand, but the Ninth Circuit reversed.  *See id.*  Relying on *Carolina Casualty*, the court held that "a defendant's allegations of citizenship may be based ***solely on information and belief***," and the defendant "***did not have to explain why it believed*** [the named plaintiff] or the putative class members were citizens of California."  *Id.* at 1227 (emphasis added).

In an effort to circumvent *Ehrman*, Parler claims that the court "qualified the scope of its holding" by noting that there is no presumption against removal under the Class Action Fairness Act ("CAFA").  Dkt. 38 at 10.  Parler is wrong.  The court observed only that courts "should be especially reluctant to *sua sponte* challenge a defendant's allegations of citizenship" in the CAFA context.  *Ehrman*, 932 F.3d at 1228.  Importantly, the court reasoned that pleading jurisdiction on

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 2
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

information and belief was sufficient because 28 U.S.C. 1446(a)—the same removal statute applicable here—requires only a "short and plain statement of the grounds for removal." *Id.* at 1227; *see also id.* (Congress "intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Id.* (internal quotation marks and citation omitted)).

Not surprisingly, district courts routinely have applied *Ehrman* to non-CAFA cases. Consider, for example, *Nat'l Payment Sys. LLC v. BSR Acquisition Co.*, 2020 WL 6693143 (D. Or. Oct. 14, 2020), where the removing defendants alleged the plaintiff's citizenship on information and belief, and the court concluded that *Ehrman* and *Caralina Casualty* together establish that "parties may plead an opposing party's citizenship on information and belief where jurisdictional facts are in control of the opposing party and not otherwise readily available." *Id.* at *2, *report and recommendations adopted by* 2020 WL 6685523 (D. Or. Nov. 10, 2020)). *See also Petersen v. FCA US LLC*, 2021 WL 1516381, at *1 (C.D. Cal. Apr. 16, 2021) (same).

Parler relies on *Washington v. Mercedes-Benz USA, LLC*, 2020 WL 2991537 (C.D. Cal. Jun. 3, 2020), and *Bratschie v. Travelers Prop. Cas. Co. of Am.*, 2021 WL 1381234 (C.D. Cal. Mar. 12, 2021). But those cases (the latter of which is on appeal) fail even to acknowledge *Ehrman*, much less distinguish it. At least six other cases in the same district have held the opposite. *Arteaga v. FCA US LLC*, No. 20-461, 2020 WL 1330639, at *2 (C.D. Cal. Mar. 20, 2020) ("Since *Ehrman,* courts in this district have found… sufficient" allegations of citizenship on information and belief) (citing *Coronel v. Ford Motor Co.*, 19-09841, 2020 WL 550690 (C.D. Cal. Feb. 4, 2020) and *Lee v. BMW of N. Am.*, 19-01722, 2019 WL 6838911 (C.D. Cal. Dec. 16, 2019)); *see also Lopez v. Ford Motor Co.*, No. 20-00186, 2020 WL 1922588, at *3 (C.D. Cal. Apr. 21, 2020) ("[T]he reasoning of those cases cannot survive *Ehrman*."); *Holbrook v. Ford Motor Co.*, No. 20-840, 2020 WL 1809667, at *2 (C.D. Cal. Apr. 9, 2020) (allegations on information and belief

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 3
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

sufficient after *Ehrman*); *Peterson*, 2021 WL 1516381, at *1.[1]  Critically, Parler does not identify a single case that acknowledges *Ehrman* while rejecting a removing defendant's allegations of the plaintiff's citizenship on information and belief.[2]

Nor does the fact that Parler contests the jurisdictional allegations here—whereas the plaintiff in *Ehrman* did not—render *Ehrman* irrelevant.  Dkt. 38 at 11.  In fact, in *Ehrman*, "had [the plaintiff] challenged the truth of the jurisdictional allegations in [the defendant]'s notice of removal," the Ninth Circuit reasoned, "the district court ***should have permitted jurisdictional discovery had [the defendant] requested it***."  932 F.3d at 1228 n.1 (emphasis added); *see also Carolina Cas.*, 741 F.3d at 1088 ("Jurisdictional discovery may be appropriate.").  This approach is especially proper here because Parler has selectively revealed facts concerning the citizenship of one trustee.

Parler fares no better when it relies on *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004), which predates both *Carolina Casualty* and *Ehrman*.  In *Valdez,* the court held that a defendant may not allege the amount in controversy "on information and belief" where the complaint stated only that damages were "in excess of $50,000."  *Id.* at 1116-17.  The court merely affirmed the rule that "[c]onclusory allegations as to the amount in controversy are insufficient," *id.* at 1117 (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)), which in no way conflicts with the rule from *Carolina Casualty* and *Ehrman* that "parties may plead an ***opposing party's citizenship*** on information and belief where jurisdictional facts are in control of

---

[1] Outside the Central District of California, courts in this circuit repeatedly have relied on *Carolina Casualty* to allow a removing defendant to allege the plaintiff's citizenship on information and belief, even before *Ehrman* or without citing it.  *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 670608, at *5 (N.D. Cal. Feb. 19, 2019) (removing defendant's "allegations of Plaintiffs' citizenship on 'information and belief' is . . . not a shortcoming" because *Carolina Casualty* permits such allegations); *Salazar-Delgado v. Larson*, 2021 WL 734596, at *1 (D. Ariz. Feb. 25, 2021) ("Defendant may state the relevant jurisdictional facts as to Plaintiff's citizenship on information and belief if they are not reasonably ascertainable.") (citing *Carolina Casualty*).

[2] Parler also relies on *Balandra v. Kindred Healthcare Operating, Inc.*, 2016 WL 6953430 (C.D. Cal. Jan. 12, 2016), but that case predates *Ehrman* and ignores *Carolina Casualty*.

the opposing party and not otherwise readily available." *Nat'l Payment Sys.*, 2020 WL 6693143, at *2 (emphasis added).[3]  Moreover, the court in *Valdez* did not hold that the deficient allegations required remand to state court; instead, the court remanded to the district court "to conduct the proceedings and consider the evidence it deems appropriate . . . for a determination of whether the amount in controversy is sufficient." 372 F.3d at 1118 (internal quotation marks omitted).

**B.  Amazon Need Not Allege the Affirmative Citizenship of Each of Parler's Members.**

Parler also contends that the proposed amendment would be "futile" because it "does not allege the states of citizenship of Parler's members." Dkt. 38 at 6.  Again, Parler again overlooks *Carolina Casualty*, where the plaintiffs incorrectly alleged the defendant LLCs' citizenship "as if the LLCs were corporations," but proposed amending to allege "that the members of the LLCs were citizens of neither Iowa nor Florida." 741 F.3d at 1085.  After the district court refused leave to amend, the Ninth Circuit reversed because (as here) the information needed to confirm citizenship was solely within the defendants' control. *Id.* at 1087-88.

Parler's argument not only disregards Ninth Circuit precedent, it ignores the contradictory public statements by Parler and its purported members about its structure and governance.  Parler's sealed corporate disclosure statement purports to identify its members (and identifies far more than Parler's disclosure statement in the lawsuit that it filed in this Court just 60 days earlier, *see* No. 21-0031, Dkt. 3), but the list is hard to square with Parler's other representations and publicly available information.  For example, Parler recently told Congress that NDM Ascendant LLC (the member whose members Parler claims include a trust with a trustee that destroys diversity) "is owned and controlled by Rebekah Mercer"—full stop. Dkt. 29, Ex. D at 3 n.8.  Raising even more

---

[3] The Ninth Circuit is not alone in permitting allegations of the opposing party's citizenship on information and belief.  For example, the court in *Carolina Casualty* relied on *Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir.1985), where the Third Circuit "held that three of the four defendants were permitted to allege in a removal petition 'on information and belief' that the fourth defendant, who had not joined the removal petition, was 'not a citizen of Pennsylvania,' and that this was 'sufficient to establish diversity jurisdiction.'" *Carolina Cas.*, 741 F.2d at 1087-88 (quoting *Lewis*, 757 F.2d at 68-69).  *See also Medical Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (plaintiff may plead defendant's citizenship on information and belief)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

questions about NDM Ascendant's role, Parler's former CEO alleged earlier this year that NDM

Ascendant LLC "simply served as Mercer's alter ego to mask her role in Parler." Dkt. 29, Ex. E

¶ 20. Parler's operating agreement adds to the confusion, identifying multiple members not in-

cluded in Parler's disclosure statement. *See* Dkt. 42, Ex. B. ████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ These incon-

sistent representations underscore the need for limited jurisdictional discovery.[4]

       Even if Amazon were limited to alleging citizenship based on Parler's disclosure statement,

as Parler apparently contends, the difference would be a matter of form, not substance. Although

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Similarly, the disclo-

sure statement identifies NDM Ascendant LLC and states that its members are: ████████

████████████████████████ the Rebekah Mercer 2020 Irrevocable Trust, whose trustees are

████████████████████████, and the J.P. Morgan Trust Company of Delaware. But as Amazon

has explained, this information is insufficient to determine the citizenship of the trust. *See* Dkt. 28

at 5. Whether the trustee's citizenship controls depends on the nature of the trust and the "rights,

powers, and responsibilities of the trustee, as described in the controlling agreement." *Demarest*

---

[4] Parler accuses Amazon of acting deceptively by alleging Parler's citizenship based on the
standard for a regular corporation and then proposing an amendment alleging that Parler is not a
citizen of Washington or Delaware. *See, e.g.*, Dkt. 38 at 12 (alleging Amazon is "trying to amend
its way out of those false allegations by making its Notice of Removal more vague and ambigu-
ous"). As Amazon explained in opposing Parler's sanctions motions, Amazon made a "common
mistake" in alleging Parler's citizenship based on the standard for a regular corporation, as opposed
to a limited liability corporation. *Warren v. Bank of Am., N.A.*, 717 F. App'x 474, 475 n.4 (5th
Cir. 2018); *see* Dkt. 40 at 11. After acknowledging the error informally and effectively withdraw-
ing the allegation in its opposition to the remand motion, Amazon now seeks leave to amend its
notice of removal to formally correct that harmless mistake.

*v. HSBC Bank USA*, 920 F.3d 1223, 1229-30 (9th Cir. 2019) (citations omitted), *cert. denied*, 140 S. Ct. 386 (2019).[5]  As a result, any attempt to allege the citizenship of each of Parler's members hits a dead end: the Rebekah Mercer 2020 Irrevocable Trust.  Only Parler has the information needed to determine the trust's citizenship.  Without it, Amazon must allege diversity on information and belief.

The case law that Parler cites does not support its position that Amazon's notice is deficient.  Parler relies heavily on *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011), an unpublished case that predates both *Carolina Casualty* and *Ehrman* and involved the ***defendants'*** failure to identify ***their own*** members.  Parler's reliance on *Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001), similarly is misplaced because the removing party failed to allege the citizenship of his co-defendant.  *Id.* at 857.  The only case that Parler cites involving a removing defendant's failure to allege the *plaintiff's* citizenship is *Airtex Prod., L.P. v. Am. Home Assur. Co.*, No. 11-01198, 2011 WL 4527436 (C.D. Cal. Sept. 16, 2011), another older case that "cannot survive *Ehrman*."  *See*, *Lopez*, 2020 WL 1922588, at *3.

Even if Amazon's proposed amended notice were deficient (and it is not), that would not make it "futile."  *See* Dkt. 38 at 6.  Instead, the Court could, and should, permit amendment.  For example, in *Kanter*, where the Ninth Circuit faulted the removing defendant for alleging only that its co-defendant was *not* a citizen of a certain state, the court agreed that the defendant "could potentially have cured its defective allegations regarding citizenship by amending its notice of removal" and should have been allowed to do so.  265 F.3d at 858.  *See also Trelevate LLC v. Dumont Aviation Grp. Inc.*, 2019 WL 11707398, at *2 (D. Ariz. Sept. 17, 2019) (allowing amend-

---

[5] *See GE Oil & Gas, LLC v. Waguespack*, No. 19-00054, 2021 WL 797480, at *5 (W.D. La. Mar. 2, 2021) (trustee's citizenship did not control where complaint alleged beneficiaries and trust settlors used trusts as alter egos and had power to hold, manage, and dispose of assets); *N. Hills Vill. LLC v. LNR Partners, LLC*, 479 F. Supp. 3d 189, 199 (W.D. Pa. 2020) (beneficiaries' citizenship controlled where trust terms "convincingly demonstrate that the trust is intended for a bargained-for exchange rather than donative transfer purposes").

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 7
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  ment where removing defendant alleged residency of plaintiff LLC members rather than citizen-

2  ship; "Defendant may allege the LLC members' citizenship on information and belief if the infor-

3  mation is not reasonably ascertainable") (citing *Carolina Casualty*).[6]

4  **C. Amazon's Motion to Amend is Timely.**

5        A removing party may amend freely within 30 days of being served.  *See* 28 U.S.C. §

6  1446(c).  Under 28 U.S.C. § 1653, a defendant also may seek leave to amend its notice of removal

7  "after the thirty day window has closed to correct a 'defective allegation of jurisdic-

8  tion.'"  *See ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213

9  F.3d 1108, 1117 (9th Cir. 2000).  Section "1653 on its face does not put any time limits on amend-

10  ment," and its "'liberal amendment rule permits a party who has not alleged that diversity exists

11  to amend the pleadings ***even as late as on appeal***.'"  *Pool v. F. Hoffman-La Roche, Ltd*., 386 F.

12  Supp. 3d 1202, 1211 (N.D. Cal. 2019) (quoting 15A Moore's Fed. Prac. Civ. § 102.17[a]) (em-

13  phasis added by *Pool* court).  The only limitation is that the notice of removal "'cannot be amended

14  to add a separate basis for removal jurisdiction after the thirty day period.'"  *ARCO*, 213 F.3d at

15  1117 (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)).

16        Because Amazon seeks leave to amend under Section 1653, which has no time limit, the

17  relevant issue is whether Amazon's proposed amendment "correct[s] a defective allegation of ju-

18  risdiction, or improperly "add[s] a separate basis for removal jurisdiction."  *Id.* (internal quotations

19  omitted).  The answer is clear: both Amazon's original notice of removal and Amazon's proposed

20  amendment allege diversity jurisdiction.  Amazon's original notice inadvertently alleged Parler's

21  citizenship based on the standard for a regular corporation (rather than a limited liability corpora-

22  tion), and the proposed amendment seeks to correct that mistake by alleging diversity based on

23  information and belief.

---

24  [6] Parler cites district court cases denying motions to amend as futile (Dkt. 38 at 6), but each is

25  either out of circuit and inconsistent with Ninth Circuit precedent or not analogous.  Here, even if

26  Parler were correct that Amazon's proposed amended notice is insufficient because Amazon has

27  not attempted to allege the affirmative state of citizenship for each potential known member of Parler, that omission may be corrected.

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 8
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Consistent with Section 1653's liberal amendment rule, courts freely grant leave to correct notices of removal more than thirty days after service.  In *Mitchell v. Paws Up Ranch LLC*, 2008 WL 11417152 (D. Mont. Oct. 10, 2008), for example, where the "notice of removal was defective because it failed to state the citizenship of the owners/members of the two . . . LLCs, the court allowed amendment after thirty days because "[d]efective allegations regarding citizenship are not jurisdictional and may be cured by amendment." *Id.* at *2 (citing *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969)), *report and recommendation adopted,* 597 F. Supp. 2d 1132 (D. Mont. 2009).  Likewise, another court in this district recognized that courts "regularly allow[] parties to remedy defects in the Notice of Removal, such as a failure to identify the citizenship of an LLC." *Nicholson v. Thrifty Payless, Inc.*, 2012 WL 4320785, at *1 (W.D. Wash. Sept. 20, 2012); *see also Alatorre v. Wastequip Mfg. Co. LLC*, 2012 WL 6628955, at *3 (E.D. Cal. Dec. 19, 2012) (allowing amendments to allegations regarding LLC's citizenship be-cause "Defendant's purported basis for federal jurisdiction remains diversity . . . .  Defendant simply seeks to clarify its jurisdictional allegations.").[7]

Ignoring the language of Section 1653, its liberal amendment rule, and the case law, Parler proposes a new requirement that a removing party's proposed amendment must make its allega-tions more "specific." *See* Dkt. 38 at 13.  But the Ninth Circuit has recognized that a removing defendant can amend any "defective allegation" as long as the amendment does not "add a separate basis for removal jurisdiction." *ARCO*, 213 F.3d at 1117.  Nothing in the case law imposes a requirement of heightened specificity, which would be inconsistent with the statute's liberal amendment rule. *Pool*, 386 F. Supp. 3d at 1211.  Tellingly, in the case on which Parler relies for its novel theory, *Farmers Ins. Co. of Wash. v. Ferguson Enterprises, Inc.*, No. CV-10-215-RMP,

---

[7] Parler argues that *Nicholson* is irrelevant because it says nothing about the "*timeframe* in which such an amendment must be made." Dkt. 38 at 14 n.1 (emphasis in original).  But if the amendment had been proposed within 30 days of service, the defendant in *Nicholson* would not have needed court approval.  To the extent Parler suggests that an amendment under Section 1653 becomes untimely sometime after 30 days, that argument is completely without support. *See, e.g., Pool*, 386 F. Supp. 3d at 1211 (recognizing that amendment of diversity allegations may occur "as late as on appeal").

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 9
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2010 WL 3788956 (E.D. Wash. Sept. 21, 2010), the court *allowed* the amendment because it "did not add an additional basis for jurisdiction." *Id.* at *1.  Because Amazon's proposed amendment does not add an additional basis for jurisdiction, it, too, should be allowed.

### III.   CONCLUSION

Parler should not be permitted to withhold the information needed for Amazon and the Court to determine its citizenship while simultaneously arguing that Amazon may not allege citizenship on information and belief.  Where, as here, the information needed to determine citizenship is within the plaintiff's sole custody and control, the Ninth Circuit has instructed that the removing defendant may allege citizenship on information and belief.  And where, as here, an amended notice of removal merely corrects an earlier jurisdictional allegation, leave to amend should be liberally granted.  For these reasons, Amazon respectfully asks the Court to grant its motion.

DATED this 25th day of June, 2021.

Davis Wright Tremaine LLP
Attorneys for Defendants Amazon Web
Services, Inc. and Amazon.com, Inc.

By *s/ Ambika Kumar*

Ambika Kumar, WSBA #38237
Robert E. Miller, WSBA #46507
Caesar Kalinowski, WSBA #52650
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206-622-3150
E-mail:   AmbikaKumar@dwt.com
          RobertMiller@dwt.com
          CaesarKalinowski@dwt.com

Alonzo Wickers IV (*pro hac vice*)
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: 213-633-6800
E-mail:   AlonzoWickers@dwt.com

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 10
(2:21-cv-00270-BJR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that counsel of record have been served a true and correct copy of the

3   foregoing *Reply in Support of Motion for Leave to Amend Notice of Removal* by electronic mail

4   through the Court's ECF Notifications to the following:

5

6                    Angelo J. Calfo, WSBA# 27079
                     CALFO EAKES LLP
7                    1301 Second Avenue, Suite 2800
                     Seattle, WA 98101
8                    Email: angeloc@calfoeakes.com

9                    David J. Groesbeck, WSBA No. 24749
                     DAVID J. GROESBECK, P.S.
10                   1333 E. Johns Prairie Rd.
                     Shelton, WA 98584
11                   Email: david@groesbecklaw.com

12

13   DATED this 25th day of June, 2021.

14

15                                         Davis Wright Tremaine LLP
                                           Attorney for Defendants
16
                                           By *s/ Ambika Kumar*
17                                             Ambika Kumar, WSBA #38237

18

19

20

21

22

23

24

25

26

27

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
NOTICE OF REMOVAL - 11
(2:21-cv-00270-BJR)