The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER, LLC,<br>Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC., and<br>AMAZON.COM, INC., Defendants. | NO. 2:21-cv-270<br><br>**ORDER RE: JURISDICTIONAL DISCOVERY** |

On July 1, 2021 the Court held oral argument on issues raised by Plaintiff Parler LLC's Amended Motion for Remand. The Court had directed counsel to address, in particular, the questions of subject matter jurisdiction, diversity of the parties, and the propriety of limited jurisdictional discovery. Having taken the argument of counsel under advisement, the Court now rules as follows.

A "district court has 'broad discretion' to permit or deny jurisdictional discovery." *Gillespie v. Prestige Royal Liquors Corp.,* 183 F. Supp. 3d 996, 1001 (N.D. Cal. 2016), citing *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003)(reversing denial of

ORDER RE: JURISDICTIONAL DISCOVERY

- 1

request for jurisdictional discovery, as abuse of discretion, where "[f]urther discovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction").

Parler claims it is a citizen of Delaware, based on the Delaware citizenship of the J.P. Morgan Trust Company, which is a trustee of the Rebekah Mercer 2020 Irrevocable Trust (the "Trust"), which in turn is a member of NDM Ascendant LLC, which in turn is a member of Parler. Defendants respond that after the Supreme Court's decision in *Americold Realty Trust v. Conagra Foods, Inc.*, the citizenship of the trustee does not necessarily determine the citizenship of the Trust. 577 U.S. 378, 383 (2016). Instead, under *Americold* and its progeny, how to determine the citizenship of the Trust (and therefore, in this case, of Parler) essentially turns on whether it is a traditional trust or a commercial trust. *See Demarest v. HSBC Bank USA, N.A*, 920 F. 3d 1223, 1229 (9th Cir.), *cert. denied sub nom. Demarest v. HSBC Bank USA, N.A.,* 140 S. Ct. 386, 205 L. Ed. 2d 218 (2019), citing *Raymond Loubier Irrevocable Tr. v. Loubier, 8*58 F.3d 719, 722 (2d Cir. 2017)(drawing distinction between "(1) traditional trusts establishing only fiduciary relationships and having no legal identity distinct from their trustees, [and] (2) the variety of unincorporated artificial entities to which states have applied the 'trust' label, but which have little in common with traditional trusts."). Counsel for Parler has represented that the Trust instrument demonstrates it is a traditional donative trust, but this document, and others that might resolve this question, are in Parler's exclusive control.

The Court is mindful of the controversial circumstances under which Defendants have removed this case, and is wary of—and will not allow—protracted discovery motions practice on this issue. However, the Court concludes that extremely limited jurisdictional discovery is appropriate under these circumstances. Therefore, the Court hereby orders Parler to produce to Defendants, within seven days of issuance of this order: (1) a copy of the Rebekah Mercer 2020

ORDER RE: JURISDICTIONAL DISCOVERY

- 2

Irrevocable Trust instrument; (2) documents demonstrating the respective dates on which (a) the JP Morgan Trust Company, Inc. became a trustee of that Trust, and (b) the Trust became a member of NDM Ascendant LLC; and (3) any documents that Parler believes establish a lack of complete diversity between the parties to this case. These documents shall be designated Attorneys' Eyes Only.

Furthermore, within 14 days of production of these documents, Defendants shall either (1) stipulate to remand of this matter to King County Superior Court, whence it was removed; or (2) file with the Court a brief statement of reasons they will not so stipulate, not to exceed 10 pages; Plaintiff shall have seven days, and also 10 pages, to respond.

DATED this 1st day of July, 2021.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge