THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARLER, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON WEB SERVICES, INC., and AMAZON.COM, INC., <br><br> Defendants. | Case No. 21-cv-00270-BJR <br><br> PLAINTIFF PARLER LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RULE 11 SANCTIONS |

PLAINTIFF PARLER LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

# I. INTRODUCTION

Amazon concedes that it filed a notice of removal containing false jurisdictional allegations. Amazon did so to take advantage of a "snap removal" when it otherwise would have been barred from removing this case by the Forum Defendant Rule. To this day, Amazon's jurisdictional allegations lack any evidentiary support. Amazon still alleges in its proposed amended notice of removal that Parler is not a citizen of Delaware and that complete diversity exists—while admitting that it has no basis for those assertions. Amazon's vague jurisdictional allegations fail to satisfy Amazon's burden of establishing complete diversity of citizenship. Rather, Amazon lacked, and continues to lack, a good faith basis for removing this case.

As it candidly admits in its Response, Amazon conducted *no inquiry* into the citizenship of Parler LLC's members before filing its original notice of removal. Amazon attempts to distract the Court from that fact by erroneously casting Parler's Motion for Rule 11 Sanctions ("Motion") as one made of wholly new cloth, arguing under Rule 11(c) that minor differences in the filed Rule 11 Motion should have triggered a new 21-day "safe harbor" period. Yet, Parler's filed Motion contained the same core arguments as the original version it served on Amazon; namely, that Amazon has no factual or legal basis for its claim that "complete diversity of citizenship exists." Amazon does not get the benefit of two consecutive 21-day "safe harbor" periods when the subsequent motion does not raise any material new arguments. *See, e.g.*, *Rygg v. Hulbert*, 2012 WL 12847008, at *3 (W.D. Wash. 2012). Because Parler's Motion did not raise wholly new arguments, the "safe harbor" process did not restart. Similarly, Amazon's allegation that Parler did not meet and confer is simply wrong: Amazon actually agreed in an email that the parties had "sufficiently met and conferred" about Parler's request for Rule 11 sanctions.

The Court should remand this case and grant Parler's sanctions motion.

PLAINTIFF PARLER LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

## II. ARGUMENT

**A. Amazon's Allegations of Parler's Citizenship Are Frivolous Because Amazon Has No Legal or Factual Basis for Alleging the Citizenship of Parler's Members, and Its Proposed Amended Notice of Removal Does Not Correct Those Errors.**

Amazon had no good faith basis for alleging that Parler was not a citizen of Delaware in its original notice of removal. Fed. R. Civ. Proc. 11 requires an attorney to certify that, "to the best of the person's knowledge information and belief, *formed after an inquiry reasonable under the circumstances*: . . . (2) the . . . legal contentions are warranted by existing law . . . [and] (3) the factual contentions have evidentiary support[.]" (Emphasis added.) Amazon has admitted in its Opposition to Parler's Motion that its original jurisdictional allegations were erroneous because it used the wrong legal test for determining Parler's citizenship. Dkt. 40, 1:2-3. It further admitted that, "at the time of removal, Amazon had *no information regarding Parler's members* beyond limited public reports and Parler's disclosure statement in *Parler I*, which identified its members as Rebekah Mercer and the Rebekah Mercer 2020 Irrevocable Trust, without identifying trustees." *Id.* at 12:10-12. (emphasis added). Clearly, Amazon's notice of removal violated Rule 11 because it lacked evidentiary support and was not warranted by existing law.

Similarly, Amazon had no good faith basis for its ongoing jurisdictional allegations in its proposed amended notice of removal. While Amazon removed its erroneous allegation that Parler was solely a citizen of Nevada, Amazon still insists on making the erroneous allegations in its proposed amended notice of removal that Parler is not a citizen of Delaware and that complete diversity of jurisdiction therefore exists. *See* Dkt. 33, 11. Those allegations lack any good faith basis or evidentiary support, as Amazon admits that without discovery it does not have the "information needed to determine the citizenship of the trust. . . ." Dkt. 40, 4 (citing Dkt. 28, 5). In other words, Amazon did not and does not have a basis to support its "information and belief" that Parler's corporate disclosure statement was wrong; Amazon simply *hopes* that the statement will turn out to be wrong. Thus, Parler's amended notice of removal still violates Rule 11.

PLAINTIFF PARLER LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

In both instances, Amazon concedes that it conducted no investigation into its jurisdictional allegations, let alone an "inquiry reasonable under the circumstances" as required by Rule 11.  For instance, in its Opposition, Amazon's section titled "Sanctions are Not Warranted On the Basis that Amazon Did Not 'Conduct a Reasonable Inquiry' Before Removal" does not actually provide *any* indication that Amazon conducted an inquiry before removal.  *See* Dkt. 40, 10-13.  That omission speaks volumes.

Finally, Amazon suggests that, had it determined the correct test for citizenship of a limited liability company, it would have alleged in its original notice that, "on information and belief, Parler is not a citizen of Delaware or Washington," implying that such assertions do not require an "inquiry reasonable under the circumstances." *Id.* at 13.  But Amazon may not so cavalierly jettison its obligation to perform an "inquiry reasonable under the circumstances." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and "not interposed for any improper purpose.").  A self-imposed rush to the courthouse does not absolve a defendant of its obligations to conduct a reasonable inquiry before signing a notice of removal under Rule 11.

**B.    Amazon's Amended Jurisdictional Allegations "On Information and Belief" Still Do Not Satisfy Rule 11, Because They Lack a Good Faith Basis.**

Amazon asserts that "Ninth Circuit precedent" permitted it to seek removal by alleging diversity "on information and belief" from the outset. Dkt. 40:13:5-7. Parler has already explained why Amazon may not allege diversity of citizenship "on information and belief" without any evidentiary support. *See* Dkt. 38. Parler incorporates those arguments here.   But there is a much more fundamental issue on this motion, which implicates Rule 11:  Amazon admits it does not have a good faith basis for its allegations, irrespective of whether they are made "on information belief."

PLAINTIFF PARLER LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

Making allegations on "information and belief" simply does not dilute a party's Rule 11 obligations.  *See, e.g.*, *Sourceone Healthcare Techs., Inc. v. Bensonhurst Imaging Assocs. Mgmt. LLC*, 2008 WL 2697324, at *2 (E.D.N.Y. 2008) (denying request for jurisdictional discovery and noting that "Plaintiff's lack of knowledge does not excuse its obligations under Rule 11; if anything, the admission of a lack of knowledge exacerbates any potential violation."); *Flemming v. Port Auth. of New York & New Jersey*, 2021 WL 878558, at *2 (E.D.N.Y. 2021) (similar); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (holding that a lack of knowledge of jurisdictional predicate facts amounts to a confession of a violation of Fed. R. Civ. P. 11); *Collins v. Cty. of Alameda*, 2021 WL 254262, at *8 (N.D. Cal. 2021) (allegations made on information and belief must still have a Rule 11 good faith basis). Here, Amazon essentially confessed to violating Rule 11 by repeatedly stating that it lacks the necessary facts to determine the citizenship of all Parler's members.  In its most recent filing, Amazon candidly admits it lacks the necessary information to form a good faith "belief" regarding the citizenship of Parler's Delaware trust, stating that "any attempt to allege the citizenship of each of Parler's members hits a dead end: the Rebekah Mercer 2020 Irrevocable Trust. *Only Parler has the information needed to determine the trust's citizenship. Without it, Amazon must allege diversity on information and belief*." Dkt. 45, at 7 (emphasis added).  This amounts to a confession that Amazon does not have the factual support to make its jurisdictional claims in good faith.

Despite this confession, Amazon rejoins that it had no other option but to allege the diversity on information and belief.  *Id.*  But Amazon did have another option: to *not* make any frivolous and unsupported allegations just because they might help it get out of state court.

**C.     Parler Satisfied Rule 11's Safe Harbor Requirements Because Its Motion for Rule 11 Sanctions File Does Not Raise any New Substantive Arguments**

Amazon further argues that Parler failed to comply with Rule 11(c)'s "safe harbor" provision by not filing the exact same motion that Parler had served on Amazon's counsel on April

PLAINTIFF PARLER LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

30, 2021. *Id.* Yet Amazon relies on a case that unravels its argument—*Rygg v. Hulbert*, 2012 WL 12847008 (W.D. Wash. 2012). In *Rygg*, Judge Robart held that:

> Although the Ninth Circuit in *Edgerly* did not specifically discuss Rule 11's safe harbor provision, the fact that it affirmed the district court's ruling on sanctions indicates that parties comply with Rule 11 even where the motion served to satisfy the safe harbor requirements is different from the motion filed with the court, **so long as the filed motion does not raise any new arguments**.

*Id.* at *3 (emphasis added) (citing *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322 (N.D. Iowa 2007) (concluding that the plaintiff complied with the purpose of Rule 11's safe harbor requirement even though the motion was different than the one previously served on the defendant because the grounds for sanctions were the same, among other reasons); *Thompson v. United Transp. Union*, 167 F. Supp. 2d 1254, 1258 (D. Kan. 2001) (finding that Rule 11 motion was procedurally sufficient because it contained "the same allegations of sanctionable conduct" and "the same legal arguments (including the same case citations)" as the earlier-served motion)).

That is true here: Parler's Motion does not differ in material respect from the version it originally served on Amazon. In Parler's original, served-but-not-filed Rule 11 motion, Parler challenged more than just the allegation that Parler is solely a Nevada citizen. Rather, Parler argued specifically that "Amazon never had any factual or legal basis for alleging in its removal papers that there is complete diversity." *Draft Motion for Rule 11 Sanctions* (4/30/21), Kumar Decl., Dkt. 42, Ex. A, at 9. In addition, Parler affirmatively alleged that, "[s]ince Delaware is a common state of citizenship between Parler and the Defendants, complete diversity is absent, and the Court lacks jurisdiction." *Id.* at 9. So Amazon cannot now claim that Parler did not challenge those assertions in its original Rule 11 motion.

To be sure, Parler's filed Motion contained minor changes due to the fact that circumstances had evolved when Amazon filed its (meritless) Motion for Leave to File Amended Notice of Removal (Dkt. 33), but Parler did not raise any new theories that were not included in the original version served on Amazon. The thrust of the Motion still challenged Amazon's

PLAINTIFF PARLER LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1  jurisdictional allegations that complete diversity of citizenship existed. Dkt. 35, 10. Accordingly, Parler was not required to wait for a second 21-day "safe harbor" period.

Amazon also makes the demonstrably wrong argument that Parler failed to meet and confer prior to filing its Motion. *See* Decl. of Amazon's counsel, A. Kumar, Dkt. 42 at ¶ 3. In fact, on April 30, 2021, before Parler served the safe harbor Rule 11 motion, defense counsel wrote to counsel for Amazon, asking whether they felt a need "to conduct a further meet and confer on [Rule 11 issues] before we commence the formal Rule 11 process." *See* Email from Angelo J. Calfo to Ambika Kumar (April 30, 2021), Declaration of Angelo J. Calfo in support of Plaintiff Parler LLC's Reply in Support of Its Motion for Rule 11 Sanctions (the "Calfo Decl. ISO Reply"), Ex. A. In response, Ms. Kumar responded: "we agree we have sufficiently met and conferred on the [Rule 11] issue raised below." *Id.* As Parler's Motion for Rule 11 Sanctions was "substantially similar" to the prior version, Amazon's suggestion that Parler failed to meet and confer about the motion is false.

### III.   CONCLUSION

For the reasons stated herein, the Motion for Rule 11 Sanctions should be granted.

DATED this 2nd day of July, 2021.

**CALFO EAKES LLP**

By   s/*Angelo J. Calfo*
  Angelo J. Calfo, WSBA# 27079
  1301 Second Avenue, Suite 2800
  Seattle, WA 98101
  Phone: (206) 407-2200
  Fax: (206) 407-2224
  Email: angeloc@calfoeakes.com

PLAINTIFF PARLER LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

**DAVID J. GROESBECK, P.S.**

David J. Groesbeck, WSBA # 24749
1333 E. Johns Prairie Rd.
Shelton, WA 98584
Phone:  (509) 747-2800
Email: david@groesbecklaw.com

**SCHAERR |JAFFE LLP**

Gene C. Schaerr (*pro hac vice to be submitted*)
H. Christopher Bartolomucci (*pro hac vice to be submitted*)
1717 K Street NW, Suite 900
Washington, DC 20006

*Counsel for Plaintiff Parler LLC*

PLAINTIFF PARLER LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR RULE 11 SANCTIONS
(Case No. 2:21-cv-00270-BJR) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224