THE HONORABLE BARBARA J. ROTHSTEIN

1

2

3

4

5

6

7  IN THE UNITED STATES DISTRICT COURT
8  FOR THE WESTERN DISTRICT OF WASHINGTON
   AT SEATTLE
9

10  PARLER, LLC,                           Case No.  21-cv-00270-BJR

11                    Plaintiff,           PLAINTIFF PARLER LLC'S
                                           RESPONSE TO DEFENDANTS'
12        vs.                              SUPPLEMENTAL STATEMENT
                                           OPPOSING REMAND
13  AMAZON WEB SERVICES, INC., and
    AMAZON.COM, INC.,
14
15                    Defendants.
16

17

18

19

20

21

22

23

24

25

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR)

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

**INTRODUCTION**

The Court accurately stated the correct test for determining the citizenship of the ████ ████████████████ (the "Trust") in its Order dated July 1, 2021, when it stated:

> [U]nder *Americold* and its progeny, how to determine the citizenship of the Trust (and therefore, in this case, of Parler) essentially turns on whether it is a traditional trust or a commercial trust. *See Demarest v. HSBC Bank USA, N.A*, 920 F.3d 1223, 1229 (9th Cir.), *cert. denied sub nom. Demarest v. HSBC Bank USA, N.A.*, 140 S.Ct. 386, 205 L. Ed. 2d 218 (2019), citing *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017).

Dkt. 49, p. 2:8-13.  Amazon has admitted in its Supplemental Statement Opposing Remand (the "Supplemental Statement") that the Trust is "not an unincorporated business entity that sues in its own name (like the trust in *Americold*). . . ."  Supplemental Statement, Dkt. 60, 10:3.  That leaves only one conclusion.

If it is not a "business trust" under *Americold*'s analysis, then the Trust is a "traditional trust" as it involves fiduciary relationships between the trustees, including J.P. Morgan Trust Co. of Delaware, ███████████████████████.  As the Trust is a traditional trust, the long-standing rule in this Circuit is that the Trust's citizenship is determined by the citizenship of its trustees.  *Demarest*, 920 F.3d at 1230 (citing *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[a] trust has the citizenship of its trustee or trustees,")).  As its name indicates, J.P. Morgan Trust Company of Delaware is a Delaware citizen, ███████████ ████████████████████████████████████████████████████████████ ████████████████████████.

This is Amazon's third attempt to satisfy its burden on removal that subject matter jurisdiction exists.  First, Amazon filed its notice of removal using "snap removal" on the erroneous basis that Parler's citizenship was based on its place of business in Nevada; then Amazon sought discovery on the hope that the Trust might be a "business trust" with citizenship governed by the beneficiaries; and finally, Amazon has pivoted to a third theory that an

PLAINTIFF PARLER LLC'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL STATEMENT OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

administrative trustee's citizenship should be disregarded for the purposes of diversity. This speculative theory wholly lacks precedential support, and runs counter to Ninth Circuit authority holding that a traditional "trust has the citizenship of its trustee or trustees." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Other courts have frowned upon a similar strategies of "jurisdictional whack-a-mole." *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2021 WL 2805455, at *16 (E.D. Tex. July 6, 2021) ("The Court finds this attempt at jurisdictional 'whack-a-mole' unhelpful to TMC's position."). Amazon has failed to meet the heavy burden that removal imposes upon it and this case should be remanded.

## BACKGROUND

Parler's Corporate Disclosure statement dated March 11, 2021, disclosed that it was a limited liability company ███████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████ . *See* Dkt. 15, pp. 1-2. ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████ .

On ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1



2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18       On March 2, 2021, Parler LLC filed a complaint in the Superior Court of the State of

19 Washington for King County, bringing state-law based claims against Defendants Amazon and

20 Amazon Web Services (collectively, "Amazon").  Before Parler could serve Amazon, however,

21 Amazon filed a Notice of Removal, 24 minutes before Parler's state court Complaint was served.

22 Notice of Removal, Dkt. 1.  Amazon claimed that the court's subject matter jurisdiction was based

23 upon diversity of citizenship under 28 U.S.C. 1332.  *Id.* at p. 3:9-11.

24

25

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200    FAX (206) 407-2224

**ARGUMENT**

Until *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016), it had long been the rule in the Ninth Circuit and elsewhere that the citizenship of a trust is determined by the citizenship of its trustees. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a "[a] trust has the citizenship of its trustee *or trustees.*" (emphasis added)). In *Americold*, the United States Supreme Court noted that many states had "applied the 'trust'" label to a variety of unincorporated entities that have little in common with this traditional template. 577 U.S. at 383. The Supreme Court created an exception to this general rule for "trusts" that behaved more like unincorporated business associations, and held that for such trusts, citizenship should be determined by the trust's beneficiaries' citizenship, rather than the trustees' citizenship. *Id.* This Court has noted this dichotomy, when it observed that "under *Americold* and its progeny, how to determine the citizenship of the Trust (and therefore, in this case, of Parler) essentially turns on whether it is a traditional trust or a commercial trust." Order re: Jurisdictional Discovery dated July 1, 2021, Dkt. 49, at p. 2:8-16. (citations omitted).

In *Demarest*, the Ninth Circuit reaffirmed that "*Johnson* remains good law when applied to **what *Americold* labelled traditional trusts** . . . " (emphasis added). Thus, *Johnson*'s rule that "[a] trust has the citizenship of its trustee or trustees" is still the law of this circuit, so long as the trust is a "traditional trust" and not a "business trust." 437 F.3d at 899. So the question arises, what did *Americold* label a "traditional trust"? While Amazon attempts to argue that this is a narrow category of trusts, it is actually quite a broad arch to walk through. First, the Supreme Court in *Americold* placed great emphasis on the fact that a traditional trust was a fiduciary relationship, and not a distinct legal entity. 577 U.S. at 383. ("Traditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people."). The Supreme Court considered instructive section 2 of the Second Restatement of Trusts:

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 4

LAW OFFICES
CALFO EAKES LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

> A trust, . . . is a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it.

136 S.Ct. at 1016.  In *Demarest*, the Ninth Circuit cited the Second Circuit's decision in *Loubier* with approval, noting that it "has interpreted *Americold* as 'distinguish[ing] (1) traditional trusts establishing only fiduciary relationships and having no legal identity distinct from their trustees, from (2) the variety of unincorporated artificial entities to which states have applied the 'trust' label, but which have little in common with traditional trusts.'"  920 F.3d at 1229 (citing *Loubier*, 858 F.3d at 722). In *Demarest*, the Ninth Circuit noted other factors that should be used when determining whether a trust is a "traditional" trust or a commercial trust: (1) "the nature of the trust as defined by the applicable state law" (internal citations omitted); (2) "whether the trust has or lacks juridical person status," (3) "whether the trustee possesses real and substantial control over the trust's assets," and (4) "the rights, powers, and responsibilities of the trustee, as described in the controlling agreement." Other Circuit Courts that have considered whether a trust is a "traditional" or a "commercial" trust have considered similar elements.[1]

### A.    The Trust is a "Traditional Trust" and not a "Business Trust"

The Trust Agreement establishes a fiduciary relationship that is distinct from a "business trust," which operates as a distinct legal entity. ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

---

[1] *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 32 (3d Cir. 2018) (noting that "another general distinction between traditional and business trusts is that a traditional trust facilitates a donative transfer, whereas a business trust implements a bargained-for-exchange"); *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357 (5th Cir. 2017); *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 489–94 (D.C. Cir. 2016).

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 Overall, the Trust falls within

24 what *Americold* considered the "traditional template" rather than operating as an "unincorporated

25



PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 6

entity" which would mandate that it would possess "the citizenship of all its members." 577 U.S. at 383.

**B.      The Court Must Consider JPM Delaware's Citizenship when Determining Whether Complete Diversity of Citizenship Exists**

As the Trust falls within the "traditional template," the Ninth Circuit's rule stated in *Johnson* and reaffirmed in *Demarest*, is that "[a] trust has the citizenship of its trustee or trustees." *Demarest*, 920 F.3d at 1231.  Amazon, however, suggests that the Court should deviate from this rule because ███████████████████████████████████████████████████████████. The Court should not indulge this effort by Amazon to obfuscate and to make a simple and functional jurisdictional tool more opaque, lest every case involving a trust devolve into "whack-a-mole" jurisdictional litigation.   As the Supreme Court recently reiterated, "[c]omplex jurisdictional tests complicate a case, eating up time and money as the parties litigate. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94, 130 S.Ct. 1181, 1193 (2010).   "Courts benefit from straightforward rules under which they can readily assure themselves of their power to hear a case." *Id.* "Simple jurisdictional rules also promote greater predictability." *Id.*

The only case cited by Amazon that squarely deals with the citizenship of an "administrative trustee" held, contrary to Amazon's suggestion, that the citizenship of an administrative trustee *should* be considered for diversity purposes. *Quantlab Fin., LLC, Quantlab Techs. Ltd. (BVI) v. Tower Rsch. Cap., LLC*, 715 F. Supp. 2d 542, 549 (S.D.N.Y. 2010).   In *Quantlab*, as here, a party argued that the citizenship of an administrative trustee should be disregarded because it was a subject to the authority of an investment committee's decisions relating to "holding, managing and disposing of the trusts' assets."  *Id.* at 548.  The district court in *Quantlab* brushed this suggestion aside, noting that "While SDTC's powers as administrative trustee may be relevant for determining whether SDTC may be deemed a "real party to the controversy" under *Navarro*, and thus capable of suing or being sued on behalf of the trusts, *a*

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1  *trustee's powers have no bearing on the citizenship of the trust.*"  *Id.* at 549 (emphasis added).

2  As here, the court in *Quantlab* noted that "[p]laintiffs provide no legal authority to support their

3  contention that a court should ignore the citizenship of an administrative trustee. . . ." *Id.*

4      Other courts have similarly rejected suggestions to disregard the citizenship of one trustee

5  when there are multiple trustees in subordinate roles in the trust. *Logan v. Hit or Miss*, LLC, 2009

6  WL 1035018, at *4 (W.D. La. 2009).  In *Logan*, there was a "Trustee," who possessed "all the

7  rights, powers and authorities that may be conferred upon trustees under applicable law" and a

8  subordinate "Special Trustee," who had more limited powers.  *Id.* at *2.  The plaintiff suggested

9  the court should only look at the citizenship of the Trustee, and completely disregard the

10  citizenship of the "Special Trustee."  The court in *Logan* held that "***it would be a mistake to***

11  ***complicate the ascertainment of jurisdiction in this matter by making it turn on the precise***

12  ***division of responsibilities*** between the Trustee and the Special Trustee."  *Id.* (emphasis added).

13  As a result, the court found that diversity of citizenship was lacking and dismissed the case with

14  prejudice.  2009 WL 1035018, at *4.  The same conclusion is also warranted here.

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224



Delaware citizenship is a *sine qua non* of the Trust.

The cases relied upon by Amazon are inapposite.  For example, Amazon repeatedly relies upon and quotes *Navarro* to argue that courts "must disregard nominal or formal parties," but it also notes the Supreme Court's observation in *Americold* that "*Navarro* had nothing to do with the citizenship of a 'trust.'"  Dkt. 60:2-5.  *Navarro*'s holding related to the citizenship of a Trust in a lawsuit brought by the eight individual *trustees* of a trust.  *Navarro*, 446 U.S. at 459.  *Navarro* was more concerned with whether the Trustee were "real parties to the controversy," which is a related, but ultimately different inquiry.  The Supreme Court emphasized the separateness of *Navarro*'s holding when it stated "*Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 9

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

person." *Id.* at 382-383. Here, the Trust is ***not*** a party to this case, either as a plaintiff (such as in *Navarro*) or as a defendant (as in *Americold*). Thus, *Navarro's* commentary on the citizenship of a trust is dicta here.

### C. The Trust Was a Delaware Citizen at the Time the Notice of Removal Was Filed

Parler LLC was a Delaware citizen on March 3, 2021. Since its creation on March 19, 2019, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

JPM Delaware is citizen of Delaware because it is incorporated in Delaware with its principal place of business in Delaware. *See* Declaration of Angelo J. Calfo, ¶ 4, and Group Ex. 1, containing certified copies of JPM Delaware's Certificate of Incorporation dated February 18, 1911" and amendments (PARLER_000085 – PARLER_000097); and Ex. 2, JPM Delaware's Certificate of Good Standing dated December 3, 2020 (PARLER_000098). Therefore, JPM Delaware is a citizen of Delaware.

### CONCLUSION

For the reasons stated herein and in Parler's Amended Motion for Remand (Dkt. 20), and subsequent pleadings in support thereof (Dkt. Nos. 30 and 38), all of which are incorporated herein, there is a lack of complete diversity of citizenship, the Court lacks subject matter jurisdiction to hear this case, and therefore, the Court should remand this case to King County Superior Court.

PLAINTIFF PARLER LLC'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL STATEMENT
OPPOSING REMAND
(Case No. 2:21-cv-00270-BJR) - 10

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL (206) 407-2200   FAX (206) 407-2224

1    DATED this 29th day of July, 2021.

2

3                                    **CALFO EAKES LLP**

4                                    By    s/Angelo Calfo
                                         Angelo J. Calfo, WSBA# 27079
5                                        1301 Second Avenue, Suite 2800
                                         Seattle, WA  98101
6                                        Phone:  (206) 407-2200
                                         Fax:  (206) 407-2224
7                                        Email: angeloc@calfoeakes.com

8                                    **DAVID J. GROESBECK, P.S.**

9                                        David J. Groesbeck, WSBA # 24749
                                         1333 E. Johns Prairie Rd.
10                                       Shelton, WA 98584
                                         Phone:  (509) 747-2800
11                                       Email: david@groesbecklaw.com

12                                   **SCHAERR | JAFFE LLP**

13                                       Gene C. Schaerr (*pro hac vice to be submitted*)
                                         H. Christopher Bartolomucci (*pro hac vice to be
14                                       submitted*)
                                         1717 K Street NW, Suite 900
15                                       Washington, DC 20006

16                                       *Counsel for Plaintiff Parler LLC*

17

18

19

20

21

22

23

24

25